

October 30, 2019

Honorable Judge LaShann DeArcy Hall
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing

Re:   Letter Regarding Defendants' Motion to Appear *Pro Hac Vice*, Case No. 1:19-cv-02170-LDH-LB, *Rudler v. MLA Law Offices, LTD et al.*

Dear Judge DeArcy Hall:

My firm represents the Plaintiff and the putative class in the above-captioned matter. I write in order to indicate that Plaintiff intends to oppose Attorney Malevitis's motion to appear *pro hac vice*, request a briefing schedule,[1] and provide a brief summary of legal authority for the position we are taking. I write in this form drawing on instruction and reasoning in Individual Practice III.A.4, as it appears no Individual Practice is directly applicable, and no briefing schedule or return date has been proposed by Defendants.

In brief, there are two issues with Attorney Malevitis's application: (1) Attorney Malevitis appears to have intentionally failed to disclose discipline he has received and (2) Attorney Malevitis is the sole witness to much relevant conduct and will be a necessary witness at trial (or any hearing).

*First*, Attorney Malevitis' application discloses that "[i]n 2013 [he] was suspended from the practice of law for one (1) year by Order of the Illinois Supreme Court," but fails to disclose any of the "facts and circumstances" of that suspension as required by Local Rule 1.3(c). More troublingly, Attorney Malevitis fails entirely to disclose that he was also suspended from practice by the State of Michigan. A copy of the relevant suspension order is enclosed with this letter.

Courts addressing similar failures to disclose deny *pro hac vice* admission and even revoke *pro hac vice* admission after it has been granted. *See, for examples, In re Shalaby*, 775 F App'x 249, 250 (7th Cir 2019) (upholding District Court's decision to "revoke Shalaby's pro hac vice admission on the basis that Shalaby's application failed to disclose that he had been disciplined by the United States Bankruptcy Court for the Northern District of California"); *In re Riebschlager*, 303 Kan 373, 374, 361 P3d 499, 500 (2015) (prohibiting attorney from ever appearing *pro hac vice* in the state of Kansas for an indefinite period, after attorney was disqualified for misleadingly stating "I have been the subject of prior public discipline, but not suspension or disbarment, in any jurisdiction" where he had received a "partially probated suspension" in Texas); *Victor v Powell*, 2016 Conn. Super. LEXIS 944, at *40 (Super Ct Apr. 27, 2016, No. LLICV156012655S) (revoking *pro hac vice* status where attorney failed to

---

[1]   In the alternative, the Court might *sua sponte* "issu[e] a show-cause order demanding that [Attorney Malevitis] explain why his admission should not be [barred] on the basis of his misrepresentation" regarding his disciplinary history (e.g., that "application failed to disclose that he had been disciplined" in Michigan). *In re Shalaby*, 775 F App'x 249, 250 (7th Cir 2019).

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com


disclose a suspension and argued "he did not actually know that he was suspended and forgot when he filed the initial affidavit").

Additionally, Attorney Malevitis's application is deficient under the rules as it seemingly does not comply with Local Rule 1.3(c)'s requirement that the application "be accompanied by a certificate of the court for **each of the states** in which the applicant is a member of the bar," insofar as it states that he "presently practice[s] law in both state and federal court in Illinois **and other jurisdictions**." Local Rule 1.3(c) (emphasis added) and ECF No. 22 at 2 (emphasis added).

*Second*, Attorney Malevitis is unquestionably a necessary witness, and indeed, the sole witness as to much relevant conduct. While we believe that this matter will be ultimately resolved on default judgment, in various communications, Attorney Malevitis has expressed that he intends to challenge service. Thus, even if the matter never goes to trial, his testimony will be necessary in the "traverse" hearing challenging service. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 58 (2d Cir. 2001). In that hearing, Attorney Malevitis would testify about whether the process server's account of service was accurate,[2] and would also need to explain the discrepancies in how he has communicated about the matter.

New York Code of Professional Responsibility, Disciplinary Rule 5-102(B) provides:

"Neither a lawyer nor the lawyer's firm shall accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or another lawyer in the lawyer's firm may be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony would or might be prejudicial to the client."

This rule applies, "first and foremost, where the attorney representing the client before a jury seeks to serve as a fact witness in that very proceeding." *Ramey v Dist. 141 Intl. Assn. of Machinists & Aerospace Workers*, 378 F3d 269, 282 (2d Cir 2004). This is because "when one individual assumes the role of both advocate and witness it may so blur the line between argument and evidence that the jury's ability to find facts is undermined." *United States v. Arrington*, 867 F.2d 122, 126 (2d Cir. 1989) (cleaned up). Here, to the extent the case is not simply resolvable on default (without a traverse hearing) or on the pleadings,[3] Attorney Malevitis will inevitably seek to give testimony while simultaneously acting as the attorney for MLA Law Offices.

As a first example, Attorney Malevitis has now taken the position in correspondence that "there is no evidence that the law firm MLA is a debt collector." However, he has personally signed

---

[2]     "He saw me exiting my vehicle and approaching him. In a loud clear voice, I identified myself and announced that I was serving John Malevitis with court documents. He quickly entered his vehicle, through the driver's side door. He started the vehicle while looking very panicked. I announced service and left the pleadings on the premises as he drove off from the residence in an easterly direction." *See* ECF No. 12 at 5.

[3]     The FDCPA requires an initial communication from a debt collector to contain (or be supplemented within five days with) "the amount of the debt." 15 USC § 1692g(a)(1). The communication here, in ECF No. 1-1, simply and unambiguously does not contain **any** amount of a debt. Looking to the dockets in other cases (*Nape, supra*; *Boccasini, surpra*), Defendants have been sending the same form letter without any "amount of the debt" since at least October of 2017.



Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



numerous letters, as the sole attorney at MLA, that unambiguously state, "This communication is from a debt collector," and those letters plainly attempt to collect a consumer debt. *See e.g.,* ECF No. 1-1 ("**THIS IS AN ATTEMPT TO COLLECT A DEBT**") (bold and caps in original). *See also Boccasini v. MLA Law Offices et al.*, No. 19-cv-157 (EDNY Jan. 8, 2019), ECF No. 2 at 10 (both statements appear in substantively identical in January 2018 letter); *Nape v. MLA Law Offices*, No. 17-cv-08504 (NDIL Nov. 29, 2017), ECF No. 1-1 at 2 (same in October 2017 letter). Attorney Malevitis would obviously need to testify that these letters contained his signature and either (1) he and MLA Law Offices are debt collectors or (2) he intentionally included false information in numerous letters to consumers. Either testimony "would or might be prejudicial to the client." *Fuchs v Schick*, 2002 US Dist LEXIS 6212, at *7-8 (SDNY Apr. 10, 2002) (denying *pro hac vice* motion where attorney would be a witness as to underlying conduct).

Similarly, if Attorney Malevitis challenges service as he has suggested he will, his testimony will be necessary for that challenge: "no hearing is required" and the "presumption of proper service" that comes with a server's sworn affidavit holds "where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Old Republic Ins. Co.*, *supra*, at 58 (internal quotes omitted). Thus, he precisely "seeks to serve as a fact witness in th[e] very proceeding" where he will act as a lawyer. *Ramey*, *supra*, at 282. Attorney Malevitis has even stated "my home is equipped with several high grade cameras which captured your Barney Fife throwing your office's legal documents on my front steps and then walking away to discontinue his unlawful trespass," seemingly acknowledging he was aware of service. Thus, Attorney Malevitis' testimony that he was aware of service "would or might be prejudicial to the client" at a traverse hearing. Rule 5-102(B). *See Margouleff v Beck*, 2019 US Dist LEXIS 122620, at *20 (SDNY July 23, 2019) (ordering a traverse hearing to determine whether Beck was "**was aware** that Benedetto dropped the summons and complaint in his presence") (emphasis added); *Doe v Karadzic*, 1996 US Dist LEXIS 5291, at *7 (SDNY Apr. 22, 1996).

For these reasons, we believe that Attorney Malevitis's *pro hac vice* application must be denied. We ask the Court to provide a formal briefing schedule so that we may submit full briefing opposing the motion.

Respectfully submitted,

/s/
_____
J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosure.

cc:
Defendants by Electronic Filing.

COHEN&GREEN                                                                                   Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

MEMBERS
JAMES M. CAMERON, JR.
  *CHAIRPERSON*
CRAIG H. LUBBEN
  *VICE-CHAIRPERSON*
SYLVIA P. WHITMER, Ph.D.
  *SECRETARY*
ROSALIND E. GRIFFIN, M.D.
CARL E. VER BEEK
LAWRENCE G. CAMPBELL
DULCE M. FULLER
LOUANN VAN DER WIELE
MICHAEL MURRAY

# STATE OF MICHIGAN
# ATTORNEY DISCIPLINE BOARD

MARK A. ARMITAGE
  *EXECUTIVE DIRECTOR*
WENDY A. NEELEY
  *DEPUTY DIRECTOR*
JENNIFER M. PETTY
  *LEGAL ASSISTANT*

211 WEST FORT ST.
SUITE 1410
DETROIT, MICHIGAN 48226-3236
PHONE: 313-963-5553
FAX: 313-963-5571

WWW.ADBMICH.ORG



## NOTICE OF SUSPENSION WITH CONDITIONS

Case No. 13-90-RD

**Notice Issued:  October 30, 2013**

John L. Malevitis, P 62245, Chicago, Illinois, by the Attorney Discipline Board.

1.   Suspension - 179 Days

2.   Effective October 26, 2013

The Illinois Supreme Court suspended respondent, John L. Malevitis, from the practice of law in Illinois for one year, effective June 12, 2013.

On August 8, 2013, respondent was ordered to show cause pursuant to MCR 9.120(C) why he should not be subject to a reciprocal order of discipline in Michigan. No objections were filed by either party in response to that order and respondent was found to be in default. The Attorney Discipline Board ordered that respondent's license to practice law in Michigan be suspended for 179 days and that he be subject to conditions related to the underlying misconduct. Costs were assessed in the amount of $1,506.51.

_____
Mark A. Armitage

Dated: OCT 30 2013