UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITNEY RUDLER, *on behalf of herself and all others similarly situated,*<br>　　　　　　　　　　*Plaintiff,*<br>　　　　　　v.<br><br>MLA Law Offices, LTD., and John L. Malevitis,<br>　　　　　　　　　　*Defendants* | Docket Number:<br><br>19-CV-2170 (LDH) (LB) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTIONS TO RECONSIDER AND FOR COSTS AND ATTORNEYS FEES
RELATING TO SERVICE OF PROCESS**

J. Remy Green
COHEN&GREEN P.L.L.C.
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood (Queens), New York 11385
t : (929) 888-9480
f : (929) 888-9457
e : remy@femmelaw.com

December 3, 2019

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

STATEMENT ................................................................................................................................. 5

FACTUAL & PROCEDURAL HISTORY .................................................................................... 6

ARGUMENT .................................................................................................................................. 7

    I.    Rule 4(d) Expenses and Attorneys' Fees Should Be Awarded Immediately. .................... 7

    a.    The overwhelming weight of authority is that Rule 4 is a free-standing entitlement that accrues immediately. ............................................................................................................... 9

    b.    The policy goals of Rule 4 would be undercut by delay until the lawsuit's conclusion ... 11

    II.    Plaintiff Is Entitled to All Attorneys' Fees Associated with the Present Motion. ............ 13

CONCLUSION ............................................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Attar v. Rickert*,
  No. SACV 11-1426, 2012 U.S. Dist. LEXIS 198467, at *6 (C.D. Cal. July 30, 2012) ...................................................................................................................................10

*Buttars v. Creedside Home Health, Inc.*,
  2008 U.S. Dist. LEXIS 75700, 2008 WL 4411414 (D. Idaho Sept. 25, 2008) ...............6, 7, 11

*Costello v. Feaman*,
  No. 4:10CV425RWS, 2010 U.S. Dist. LEXIS 74745, 2010 WL 2985660 (E.D. Mo. July 26, 2010) ..............................................................................................................10

*Estate of Darulis v. Garate*,
  401 F.3d 1060 (9th Cir. 2005) ...................................................................................................8

*Double "S" Truck Line v. Frozen Food Express*,
  171 F.R.D. 251 (D. Minn. 1997).................................................................................................9

*Estrella v P.R. Painting Corp.*,
  2006 US Dist LEXIS 84180 (EDNY Nov. 20, 2006, No. CV 06-0717 (ADS) (AKT)) ...............................................................................................................................10, 13

*Maranto v. Dillard Nat'l Bank*,
  230 F.R.D. 478 (W.D. La. 2005) .............................................................................................10

*Morales v Si Diamond Tech., Inc.*,
  1999 US Dist LEXIS 2964 (SDNY Mar. 15, 1999, 98 Civ. 8309 (CSH)) ..................10, 11, 12

*Old Republic Ins. Co. v Pac. Fin. Servs. of Am., Inc.*,
  301 F3d 54 [2d Cir 2002]...........................................................................................................7

*Reints v City of Rapid City*,
  2015 US Dist LEXIS 119607 (DSD Sep. 9, 2015)..............................................................9, 10

*Rosado v. City of N.Y.*,
  2012 US Dist LEXIS 35249 (S.D.N.Y. 2012) (Scheindlin, J.)................................................13

*Royal Travel, Inc. v. Shell Management Hawaii, Inc.*,
  Civil No. 08-00314 JMS-LEK, 2010 U.S. Dist. LEXIS 3582, 2010 WL 167954 at *3 (D. Haw. Jan. 15, 2010) *amended*, Civil No. 08-00314-JMS-LEK, 2010 U.S. Dist. LEXIS 22210, 2010 WL 932007 (D. Haw. Mar. 8, 2010) ..............................................................................................................................10

*Thomas v City of NY*,
  2017 US Dist LEXIS 199235 (EDNY Dec. 1, 2017) ..........................................................13

*Troxell v Fedders of N. Am.*,
  160 F3d 381 (7th Cir 1998) ...................................................................................11, 12

*U.S. Engine Prod. v. AGCS Marine Ins. Co.*,
  769 F. Supp. 2d 626 (S.D.N.Y. 2011).........................................................................10

*United States v. Jones*,
  No. 11-cv-2869 (JFB), 2013 U.S. Dist. LEXIS 175753 (E.D.N.Y. Dec. 9,
  2013) ......................................................................................................................9, 10

**Statutes**

FDCPA.....................................................................................................................................8

**Other Authorities**

1993 Committee Note to Rule 4, 1 MOORE'S FEDERAL PRACTICE - Civil §
  4App.09 (2019) ....................................................................................................9, 11, 12

FRCP 4............................................................................................................................ *passim*

FRCP 54.......................................................................................................................7, 8, 11

Local Rule 6.3 ........................................................................................................................7

Rule 60 ...................................................................................................................................5

Plaintiff Britney Rudler, by her attorneys, Cohen&Green, P.L.L.C., submits this Memorandum of Law in support of her motion for the Court to reconsider denying attorneys' fees and costs of service pursuant to Rule 60 and for additionally incurred costs and attorneys' fees pursuant to Rule 4(d)(1).[1]

## STATEMENT

Defendants in this case have been deliberately difficult to serve. Even after service Defendants denied being served at all despite substantial proof to the contrary. An unambiguous directive from the Court, with the carrot of vacatur of a default, finally convinced the Mr. Malevitis to waive his strategic, dilatory objections to service.

Given that carrot, this case will now proceed for months if not longer. However, the accompanying "stick" provided by Rule 4(d)(2) is unambiguous:

> "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court **must impose on the defendant**:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."

FRCP 4(d)(2) (emphasis added). Moreover, as discussed below, all courts to consider the issue have held that Rule 4's costs and fee entitlement is free-standing, and need not await anything other than a defendant's non-compliance with the "duty to avoid unnecessary expenses of serving the summons" imposed by the Rule. FRCP 4(d)(1). Any other result would undercut the design and purpose of the Rule.

---

[1] Rule 4 provides that the "[C]ourt must impose on the defendant … the … attorney's fees[] of any motion required to collect those service expenses." FRCP 4(d)(2)(B). Because the Court denied the initial motion, fees relating to the present motion have been "required to collect those service expenses."

5

Therefore, Plaintiff moves the Court reconsider its decision denying her the costs and attorneys' fees relating to service of process, and award her the additional costs and attorneys' fees incurred in making this motion.

## FACTUAL & PROCEDURAL HISTORY

Plaintiff commenced this case by filing of a Complaint on April 12, 2019. On that same day, Plaintiff's counsel sent Defendants a first request to waive service pursuant to Federal Rule of Civil Procedure ("FRCP") 4(d)(1) ("An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons"). Green Ex. A at 1-2. Plaintiff's counsel made at least four other requests Defendants waive service, both in writing and in voicemails. Green Dec. ¶ 4.

Plaintiff employed an ordinary first process server, whose services totaled $80.00. That process server made numerous, unsuccessful attempts to serve process at the address listed on Defendants' collection letter (ECF No. 1-1).

Thereafter, Plaintiff's counsel again asked Defendants to waive process because the next step — using a high end, "boutique" process server[2] — would dramatically increase Plaintiff's costs (and the costs Defendants would ultimately be responsible for under Rule 4(d)). In a communication dated June 4, 2019, Plaintiff's counsel stated: "If you do not arrange for waiver of process or service of process, as I have provided, I will be going to my more expensive server (whose retainer is typically $750.00-1,000.00)," and noted that Rule 4 would provide for recovery of costs and attorneys' fees related to service. Green Dec. ¶ 3; Ex. A. Consistent with that estimate, Serving by Irving initially charged a $750.00 retainer, and ultimately billed

---

[2] The server Plaintiff used, Serving by Irving, specifically trades on their reputation for serving process in only the hardest cases, even using the slogan, "If they're alive, we'll serve them. If they're dead, we'll tell you where they're buried." See Home, SERVING BY IRVING, *available at* ServingByIrving.com ( "Our specialty is in difficult and high-stakes services").

6

$1,034.50 for all the process-serving related services they provided.  *See* Green Dec. ¶ 6; Ex. C.  Ultimately, using a high-end server proved necessary:  despite process being served, Defendants strategically denied — without ever submitting the requisite sworn statement of specific facts rebutting the process server's account (*Old Republic Ins. Co. v Pac. Fin. Servs. of Am., Inc.*, 301 F3d 54, 57 [2d Cir 2002]) — having been served with process, and Plaintiff's being able to rely on the quality of services provided in connection with service of process was essential.

Plaintiff has repeatedly asked Defendants to reimburse the "the expenses … incurred in making service; and … the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses," but Defendants have not.  Green Dec. ¶¶ 7-9.

The Court denied Plaintiff's initial motion for Rule 4(d) expenses and attorneys' fees, on the basis that the motion was premature and should wait for the conclusion of the case.  *See generally*, FRCP 54; *Buttars v Creekside Home Health, Inc*., 2008 US Dist LEXIS 75700, at *10 (D Idaho Sep. 25, 2008, No. 07-0204-E-BLW) ("Alpine argues that the motion is premature because Butters must wait until the end of the lawsuit pursuant to Rule 54.").  In the conference called by the Court on November 20, 2019, the Court suggested that if Plaintiff's counsel could provide authority that a Rule 4(d) motion need not and should not await the resolution of the case, they should file a motion to reconsider.[3]

## ARGUMENT

### I.     Rule 4(d) Expenses and Attorneys' Fees Should Be Awarded Immediately.

Rule 4(d) is not a common subject of litigation, likely because (1) its stakes are relatively low, (2) parties likely resolve relevant issues out of court, and — perhaps most importantly —

---

[3]     This motion has been filed within 14 days of that conference, consistent with Local Rule 6.3's 14-day period.  In the alternative, Plaintiff asks the Court to treat this entire motion as a new motion under Rule 4, consistent with the Court's initial denial being without prejudice.

7

(3) because it works. That is, the policy purpose of Rule 4 is to avoid *any* disputes and time wasted as to service of process by imposing a "duty to avoid unnecessary expenses of serving the summons" and a free-standing obligation to repay such expenses (including attorneys' fees) where a party refuses such waiver. As far as undersigned counsel was able to determine, all courts to consider it in any written opinion[4] have reached the conclusion that it is a "free-standing cost provision" that becomes actionable the moment a party breaches the duty it imposes. *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005). This result is the only result that squares with the plain policy goal of Rule 4: providing extremely strong incentives for parties **not** to incur "unnecessary expenses [in] serving the summons" where parties have actual notice of a case.

As discussed below, the facts of this case could hardly be a more perfect illustration of why Rule 4(d) is written the way it is. It is designed to prevent exactly this scenario and waste of the Court's time, and provide plaintiffs with a sufficient stick to ensure that defendants do not engage in exactly the kind of antics the Defendants here have. Moreover, because of Defendants' antics, Plaintiff has incurred very substantial expenses in serving the summons, as well as the substantial attorney time included in a frivolous fight with the Defendant over whether the summons was served in the first instance.[5]

As this issue sits in the heartland of Rule 4, the Court should follow Rule 4's direction and "impose on the [D]efendant[s]" the "expenses" they have forced Plaintiff to incur. FRCP

---

[4] Counsel could not actually find the lower court opinion that is overturned in *Estate of Darulis v. Garate*, *supra*, at 1063-4 ("We disagree with the district court's interpretation of the interplay between Rules 4(d)(2) and 54(d)(1). Rule 4(d)(2) is a free-standing cost provision … [and] we hold the district court abused its discretion in denying Darulis an award of costs for service of process"), but does note that — though it was found to be an abuse of discretion — it **is** an opinion going the other way that obviously must exist.

[5] Since this issue was ultimately resolved by waiver, rather than an unnecessary traverse hearing, etc., in the interest of simplifying this motion and avoiding satellite litigation, Plaintiff does not seek attorneys' fees relating to the fight over service itself, but will seek them along with other fees required by the FDCPA upon obtaining Judgment.

4(d)(2).  *See also,* FRCP 4, Advisory Committee Note of 1993, *reproduced in full at* 1 MOORE'S FEDERAL PRACTICE - Civil § 4App.09 (2019), and provided as Green Ex. E for the Court's convenience (hereinafter "1993 Committee Note," with page references to the exhibit) at 8 ("[t]he rule operates **to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed**.  This device is useful in dealing with defendants who are furtive.").

          a.   The overwhelming weight of authority is that Rule 4 is a free-standing entitlement that accrues immediately.

As one Court in this District recently put it, "there is no requirement that the award [of expenses under Rule 4] wait until the end of the litigation." *United States v. Jones*, No. 11-cv-2869 (JFB), 2013 U.S. Dist. LEXIS 175753, at *7 (E.D.N.Y. Dec. 9, 2013).  This rule is clear, and follows from the plain text of the statute.  The phrase "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses" in Rule 4 expressly contemplates a free-standing "motion required to collect those service expenses."  FRCP 4(d)(2)(B).

In addressing the notion that Rule 4 awards should await the conclusion of litigation, Courts in other Districts have been more colorful, observing that "is no cause to delay an award of costs even when, as the Defendant here alleges, the Plaintiff's claim is supposedly without merit," and that "Defendant's … contentions -- namely, that the Motion is premature, and that, in any event, Rule 4(d) does not contemplate an award of attorney's fees -- are wholly without merit." *Double "S" Truck Line v. Frozen Food Express*, 171 F.R.D. 251, 253 (D. Minn. 1997). *See also Reints v City of Rapid City*, 2015 US Dist LEXIS 119607, at *7 (DSD Sep. 9, 2015) (holding that the argument that "Rule 4(d) is … tied to [Rule] 54]" … is disingenuous and is without merit.").

In short, the weight of authority is overwhelming: "it is **simply a defendant's failure** to comply with a plaintiff's request for waiver **that triggers the plaintiff's entitlement** to reimbursement of costs and reasonable fees under Rule 4(d)." *Reints v City of Rapid City*, 2015 US Dist LEXIS 119607, at *7 (DSD Sep. 9, 2015) (collecting authority) (emphasis added), *quoting Butler v. Crosby*, No. 3:04CV917-J-32MMH, 2005 U.S. Dist. LEXIS 41835, 2005 WL 3970740, at *4 (M.D. Fla. June 24, 2005).

As has been repeatedly held in this District and elsewhere, there is no connection between the merits of a case and the entitlement to costs and fees relating to a defendant's failure to waive service, and therefore, Rule 4 expenses and fees should be awarded at the outset of the case, when the entitlement accrues. *United States v. Jones*, No. 11-cv-2869 (JFB), 2013 U.S. Dist. LEXIS 175753, at *7 (E.D.N.Y. Dec. 9, 2013); *Estrella v P.R. Painting Corp.*, 2006 US Dist LEXIS 84180, at *9 (EDNY Nov. 20, 2006, No. CV 06-0717 (ADS) (AKT)) ("refusing to waive service because of a belief that the complaint is unfounded [is] not good cause for failure to grant a waiver of service of process"); *U.S. Engine Prod. v. AGCS Marine Ins. Co.*, 769 F. Supp. 2d 626, 629 (S.D.N.Y. 2011) (granting pre-answer motion for expenses and attorneys' fees); *Morales v. SI Diamond Tech., Inc.*, No. 98-8309-CSH, 1999 U.S. Dist. LEXIS 2964, 1999 WL 144469, at *2 (S.D.N.Y. Mar. 17, 1999); *Royal Travel, Inc. v. Shell Management Hawaii, Inc.*, Civil No. 08-00314 JMS-LEK, 2010 U.S. Dist. LEXIS 3582, 2010 WL 167954 at *3 (D. Haw. Jan. 15, 2010) *amended*, Civil No. 08-00314-JMS-LEK, 2010 U.S. Dist. LEXIS 22210, 2010 WL 932007 (D. Haw. Mar. 8, 2010) (noting "[a] plaintiff may recover expenses pursuant to Rule 4(d)(2) even if he does not ultimately prevail in the action"); *Costello v. Feaman*, No. 4:10CV425RWS, 2010 U.S. Dist. LEXIS 74745, 2010 WL 2985660 at *3 (E.D. Mo. July 26, 2010) (same); *Maranto v. Dillard Nat'l Bank*, 230 F.R.D. 478, 478–479 (W.D. La. 2005); *Attar*

10

*v. Rickert*, No. SACV 11-1426, 2012 U.S. Dist. LEXIS 198467, at *6 (C.D. Cal. July 30, 2012) ("costs and fees under Rule 4(d) may be awarded before the end of a lawsuit"); *and Buttars v. Creedside Home Health, Inc.*, 2008 U.S. Dist. LEXIS 75700, 2008 WL 4411414, at *4 (D. Idaho Sept. 25, 2008) (rejecting argument that a Rule 4(d) motion was "premature because [plaintiff] must wait until the end of the lawsuit pursuant to Rule 54"). *Cf. Troxell v Fedders of N. Am.*, 160 F3d 381, 383 (7th Cir 1998) ("a defendant like Fedders that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege").

> b. <u>The policy goals of Rule 4 would be undercut by delay until the lawsuit's conclusion.</u>

As has been observed, immediate recovery of Rule 4 expenses and attorneys' fees directly serves the policy ends Rule 4(d) was enacted to achieve: causing any "inappropriate attempt to increase the costs to plaintiff [to] backfire[]," and "obligat[ing defendants] to pay … costs [of service] **and** attorney's fees connected with th[e] motion [for those costs]." *Morales v Si Diamond Tech., Inc.*, 1999 US Dist LEXIS 2964, at *5 (SDNY Mar. 15, 1999, 98 Civ. 8309 (CSH)). *See also, generally*, 1993 Committee Note.

As the Advisory Committee explained in amending the Rule in 1993, "[t]he aims of the provision are to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel." 1993 Committee Note at 6. Further, "[t]he rule operates **to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed**. This device is useful in dealing with defendants who are furtive." *Id* (emphasis added). The Committee is also unambiguous that "[i]t is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction. 1993 Committee Note at 8.

As the Committee explains at length, nearly every piece of the Rule is designed to act as either a carrot or a stick to encourage parties to act reasonably and not fight about service. For example, the Rule automatically "extends the time for answer if, before being served with process, the defendant waives formal service," and the "extension is intended to serve as an inducement to waive service and to assure that a defendant will not gain any delay by declining to waive service and thereby causing the additional time needed to effect service." 1993 Committee Note at 8. The Committee also explains that the inclusion of attorneys' fees is "explicit" and intentional because otherwise, "the purpose of the rule would be frustrated by the cost of its enforcement, which is likely to be high in relation to the small benefit secured by the plaintiff." *Id*. Similarly, the rule explicitly "permits the use of alternatives to the United States mails in sending the Notice and Request [for waiver]," including "electronic communications." *Id* at 8. This measure is designed to make the Rule adaptable and useful in circumstances where the request for waiver *actually* informs the defendant that a suit is moving forward and requests that the parties avoid the unnecessary costs of service.

Indeed, any other rule would allow unscrupulous parties to use the delay to tie settlement to waiver of this entitlement, taking the teeth out of Rule 4 entirely. That is, viewing things from the perspective a plaintiff attempting to negotiate a settlement, being unable to immediately obtain these costs and fees forces a plaintiff to spend some portion of their recovery on paying for the defendant's insisting on exercising "the privilege" of "stand[ing] on formalities, for whatever reason." *Cf. Troxell v Fedders of N. Am.*, 160 F3d 381, 383 (7th Cir 1998). As courts have consistently observed, allowing such benefits to accrue to parties that refuse to waive service undercuts the purpose of the Rule entirely.

12

**II.     Plaintiff Is Entitled to All Attorneys' Fees Associated with the Present Motion.**

The text of Rule 4 provides that the "[C]ourt **must** impose on the defendant …the expenses later incurred in making service … including attorney's fees[] of any motion **required to collect those service expenses**." FRCP 4(d) (emphasis added). Since the Court denied Plaintiff's motion and Defendants have refused to settle the amount of expenses, the present motion has become "required" to collect attorneys' fees. *See Estrella v P.R. Painting Corp.*, 2006 US Dist LEXIS 84180, at *8 (EDNY Nov. 20, 2006, No. CV 06-0717 (ADS) (AKT)) (granting attorneys' fees for time spent "offer[ing] Defendants the opportunity to voluntarily reimburse Plaintiffs" because such costs are "consistent with the purpose of Rule 4 to impose costs on the Defendants when they fail to fulfill their duty to save costs."). Indeed, [h]ad the Defendants voluntarily paid for the cost of service, the costs of this motion, as well as of the time and other resources of both parties and the Court would have been saved." *Id.* *Cf. also, Thomas v City of NY*, 2017 US Dist LEXIS 199235, at *25 (EDNY Dec. 1, 2017) (post-Rule 68 offer attorneys' fees under § 1988 include "attorneys' fees for the briefing of th[e] motion" because "it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee"); *Rosado v. City of N.Y.*, 2012 US Dist LEXIS 35249 at *22 (S.D.N.Y. 2012) (Scheindlin, J.) ("by not settling the attorneys' fees issue, the [defendant] was put on notice that time spent by counsel in seeking fees would become a component of 'reasonable attorney[s'] fees'").

Analogously to the policy issues discussed above, any result that provides Defendants with a *benefit* for being obstinate — either in waiving service in the first instance or in offering payment of costs — undercuts the policy goals of the Rule. Indeed, though the Court was interested in more authority regarding the timing of a Rule 4 motion, Plaintiff first provided that authority to Defendants (Green Dec. ¶ 8) and requested they settle the entitlement to expenses

13

and attorneys' fees without further litigation, in the interest of keeping the Court's docket clear of such matters.

Defendants declined to settle the issue without Court intervention, so now the Court "must impose on the defendant …the expenses later incurred in making service … including attorney's fees[] of [the present] motion required to collect those service expenses." FRCP 4(d).

## CONCLUSION

For all of the reasons discussed herein, Plaintiff respectfully requests that the Court grant Plaintiff's motion to reconsider/for attorneys' fees and costs associated with service and the present motion, and award her the expenses incurred in making service, including attorney's fees on the motions required to collect those service expenses as follows (see Green Ex. F), for a total of $5,989.50:

- $4,875.00 in attorneys' fees;
- $1,114.50 in process server costs; and
- Any additional attorneys' fees incurred in any reply, appearance, or oral argument necessary on this motion.

Dated:    December 3, 2019
          Queens, New York

                                    Respectfully Submitted,

                                         /s/
                                    _____
                                    J. REMY GREEN
                                    Cohen&Green P.L.L.C.
                                    1639 Centre Street, Suite 216
                                    Ridgewood, NY 11385
                                    (929) 888.9480 (telephone)
                                    (929) 888.9457 (facsimile)
                                    remy@femmelaw.com