UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRITNEY RUDLER,

              Plaintiff,                                **ORDER**
                                                                  **19 CV 2170 (LDH)(LB)**

  -against-

MLA LAW OFFICES, LTD and
JOHN L. MALEVITIS,

              Defendants.
-----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff Britney Rudler brings this action against defendants MLA Law Offices, LTD ("MLA") and John L. Malevitis alleging that defendants mailed her a collection letter without specifying the amount of the debt in violation of the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1, Complaint ("Compl."). Plaintiff's instant motion seeks reconsideration, or in the alternative, renews plaintiff's prior motion for the cost of service of process on defendants and attorney's fees pursuant to Rule 4(d) of the Federal Rules of Civil Procedure ("FRCP"). ECF No. 36. For the reasons set forth below, the Court grants in part plaintiff's motion and denies it in part. The Court awards plaintiff $2,614.50 in costs and fees against defendants.

## BACKGROUND

      Plaintiff is a resident of Queens County, New York. Compl. ¶ 5. Defendant MLA is an Illinois-based law firm which collects debts from consumers in New York. Id. ¶¶ 8–9. Defendant John Malevitis is MLA's president and registered agent. Id. Defendants attempted to collect a debt from plaintiff for "the lease of '[a] bunk bed and mattresses.'" ¶¶ Id. 19, 21. Defendants sent plaintiff a collection letter, signed by Malevitis, for an "unspecified amount of money" and requested plaintiff return the items. Id. ¶ 21.

      Plaintiff alleges that the letter failed to include the amount of the debt and contained "false, misleading, or materially untrue statements" in violation of the FDCPA. Id. ¶¶ 33–34. Plaintiff brings this case as a purported class action, with the class defined as "natural persons; who received a letter from MLA; which letter failed to state the amount of any alleged debt or debts; and who received that letter within three years of filing the instant Complaint." Id. ¶ 38.

## PROCEDURAL HISTORY

Plaintiff filed her complaint on April 12, 2019. ECF No. 1. According to plaintiff, she attempted to serve defendants on numerous occasions, and defendants' response to the complaint was due August 2, 2019. ECF No. 12. As defendants failed to timely respond, the Clerk of Court noted entry of defendants' default at plaintiff's request. ECF Nos. 14–15. Plaintiff moved for the costs of service of process on defendants and attorney's fees, as well as for discovery, prior to the entry of judgment. ECF Nos. 13, 16.

The Court held a conference on September 19, 2019 to address plaintiff's motions. At the time, defendants were in default and plaintiff intended to move for a default judgment. Accordingly, the Court denied plaintiff's motion for costs and fees without prejudice to avoid piecemeal applications. ECF No. 20; see also ECF No. 42, Tr. of Sept. 19, 2019 Conference at 6–8. The Court also denied plaintiff's motion for discovery without prejudice. Id.

On November 1, 2019, Mr. Malevitis filed a motion to appear *pro hac vice*, ECF No. 25, which the Court granted, ECF No. 26. The Court held a telephone conference on November 20, 2019 and vacated the Clerk's entry of default against defendants. Electronic Order dated Nov. 20, 2019. Defendants waived any challenge to service of process on the record and the Court ordered defendants to respond to plaintiff's complaint by December 2, 2019. Id. During the conference, plaintiff again requested costs and fees regarding service of process. ECF No. 43, Tr. of Nov. 20, 2019 Conference at 6. The Court denied the request without prejudice. Id. at 6–9.

Plaintiff filed the instant motion for reconsideration, again seeking the costs of service and attorney's fees. ECF No. 36-1 ("Memo"). Defendants oppose the motion. ECF No. 40 ("Opp."). Plaintiff has filed a reply. ECF No. 45.[1]

---

[1] I caution the parties to use more care regarding what they file with the Court. Aside from grammatical and typographical errors and cites to out-of-date and out-of-circuit cases, the Court finds the parties' conduct and manner towards each other highly unprofessional. Parties are required to "cooperate with each other . . . and to be courteous in their dealings with each other." L. Civ. R. 26.4.

## DISCUSSION[2]

### I.   Federal Rule of Civil Procedure 4(d)

A plaintiff may request that a defendant waive the formal requirements of service of process. The Rule provides in pertinent part that

> [a]n individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

Fed. R. Civ. P. 4(d)(1). Although defendants are not required to waive service, courts "must" impose the costs of service and reasonable expenses on defendants who refuse to waive service without good cause. Fed. R. Civ. P. 4(d)(2)

Plaintiff requested that defendants waive service on several occasions. Memo at 6; ECF Nos. 36-2–36-3. Defendants have not identified good cause for their refusal to waive service. Instead, defendants question several cases cited by plaintiff and claim that plaintiff did "not [cite to] one [case in this Circuit that] allowed recovery of attorney's fees and costs of service prior to judgment and/or conclusion of the case[.]" Opp. at 5, 7. Defendants are incorrect.

"[T]here is no requirement that the award [of the costs of service and attorney's fees] wait until the end of the litigation." United States v. Jones, No. 11-cv-2869 (JFB), 2013 WL 6408639, at *3 (E.D.N.Y. Dec. 9, 2013) (citation omitted); see also Dietz v. Bouldin, 136 S.Ct. 1885, 1892 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). As defendants have now appeared and have failed to show good cause for their refusal to waive service, the Court "must" impose "the expenses later incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

---

[2] Although plaintiff styled the instant motion as a motion for reconsideration, ECF No. 36, motions for reconsideration must "be served within fourteen (14) days after the entry of the Court's determination of the original motion[.]" L. Civ. R. 6.3. The Court denied plaintiff's original motion for the cost of service and attorney's fees by Order dated September 20, 2019, ECF No. 20; therefore, any motion for reconsideration of that Order should have been filed by October 4, 2019. Nevertheless, as plaintiff's prior motion was denied without prejudice and plaintiff has filed a new motion, the Court considers the request on the merits. See ECF No. 36-1 at 7 n.3.

## II. Award of the Costs of Service and Attorney's Fees

Plaintiff seeks $1,114.50 in costs for service of process on defendants and $9,891.18 in attorney's fees based on 27.45 hours of work in bringing this motion,[3] for a total of $11,005.68. ECF Nos. 36-8, 45-6.

The Court awards plaintiff $1,114.50 for the costs of service. Plaintiff's first process server, OneLegal, "made numerous, unsuccessful attempts to serve process [on defendant.]" Memo at 6; ECF No. 36-4. Specifically, OneLegal attempted to serve defendants on ten occasions[4] and charged plaintiff $80.00. ECF Nos. 36-4, 36-8. Plaintiff's counsel then employed a "high end, 'boutique' process server . . . Serving By Irving," at the price of $1,034.50.[5] Memo at 6; ECF No. 36-5. Although this amount is astronomical, in light of plaintiff's deadline to serve defendants, ECF No. 11, the Court awards plaintiff the full costs incurred for both process servers, Serving by Irving and OneLegal, for a total amount of $1,114.50.

Next, both plaintiff's counsel's $375.00 hourly rate and Attorney Jessica Massimi's $400.00 hourly rate are unreasonable in light of the instant record. ECF Nos. 36-8, 45-6. "[C]ourts in this district have found reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." Seeger v. Ross & Assocs., No. 18-CV-03969 (ADS)(AYS), 2019 WL 5695944, at *5 (E.D.N.Y. Aug. 6, 2019) (internal

---

[3] Although plaintiff's counsel's contemporaneous time records reflect 15.6 hours of work on this matter, the Court notes that the sum of the "Time (decimal)" column is actually 16 hours. ECF No. 36-8. Furthermore, the Court notes that after deducting the hours in the "Amended/Reduced Time" column, plaintiff's counsel seeks attorney's fees for **14.5 hours** of work. Id. However, the $4,875.00 requested (at the $375.00 hourly rate listed) only covers 13 hours of work. Plaintiff's counsel shall take more care regarding representations made to the Court.

[4] OneLegal attempted to serve defendants on May 15, 2019, May 18, 2019, May 22, 2019, May 30, 2019, May 31, 2019, June 6, 2019, June 7, 2019, June 8, 2019, June 12, 2019, and June 15, 2019. ECF No. 36-4. After OneLegal's ten attempts to serve defendants, plaintiff employed Serving by Irving. Courts have found that a plaintiff's "due diligence" to warrant alternative methods of service may be established after several attempts to serve defendants. See Jones, 2013 WL 6408639, at *1–3 (discussing that plaintiff established "due diligence" to justify "nail and mail" service after ten attempts); Allstate Ins. Co. v. Rozenberg, 771 F. Supp. 2d 254, 261–63 (E.D.N.Y. 2011) (discussing that plaintiff's four attempts to personally serve defendants constituted "due diligence under New York law" to warrant "nail and mail service."); see also N.Y. C.P.L.R. § 308(4).

[5] The Court does not condone plaintiff counsel's decision to hire a "high end, 'boutique'" process server and cautions against doing so in the future. See Gil v. Frantzis, No. 17-CV-1520 (ARR) (SJB), 2018 WL 4522094, at *15 n.8, (E.D.N.Y. Aug. 17, 2018), adopted as modified by, 2018 WL 4299987 (E.D.N.Y. Sept. 10, 2018) ("While courts have discretion to grant appropriate [private] process server fees, such fees must be within the range of costs that would have been incurred had the United States Marshal Service effected service . . . which is currently $65 per hour, 28 C.F.R. § 0.114(a)(3).). No case has been found that supports such a cost for service of process. Still, as defendants have not shown good cause for their refusal to accept service, and plaintiff has submitted the invoice reflecting payment for service of process, ECF No. 36-5, plaintiff's counsel should not have to absorb this cost.

quotation marks and citation omitted) (discussing attorney's billing rates in a recent FDCPA case). "[T]he range of 'reasonable' attorney fee rates in this district varies depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." Kindle v. Dejana, 308 F. Supp. 3d 698, 704 (E.D.N.Y. 2018) (citations omitted). "The burden rests with the prevailing party to justify the reasonableness of the requested rate[,]" and plaintiff's counsel "should establish his hourly rate with satisfactory evidence—in addition to the attorney's own affidavits." Hugee v. Kimso Apts., LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (internal quotation marks and citations omitted). Here, plaintiff's counsel states that they are a partner at the law firm Cohen&Green P.L.L.C., ECF No. 36-2 at 1, but fails to provide any information regarding their entitlement to a $375.00 hourly rate. Likewise, Attorney Massimi fails to make the requisite showing. This in and of itself could be the basis to deny the motion for fees. In the interest of conserving the Court's resources, I find an hourly rate of $300.00 to be reasonable for both attorneys. See Jones, 2013 WL 6408639, at *3 (reducing plaintiff's counsel's hourly rate from $375.00 to $300.00 in a similar context).

However, the 27.45 hours plaintiff's counsel and Attorney Massimi expended regarding this motion is patently unreasonable. ECF Nos. 36-8, 45-6. The party seeking attorney's fees "bears the burden of . . . documenting the appropriate hours expended[.]" Martinez v. City of N.Y., 330 F.R.D. 60, 66 (E.D.N.Y. 2019) (internal quotation marks and citations omitted). "Even if counsel provides some contemporaneous time records in support of an application for fees, a trial court may reduce the claimed hours and, accordingly, counsel's award, where proposed billing schedules are unsupported by evidence or objectively unreasonable." Id. at 71–72 (citing cases).

Considering this uncomplicated motion and the contemporaneous time records submitted, the Court cannot credit that plaintiff's counsel invested 27.45 hours of work on this motion. The Court finds five hours of work is reasonable given the circumstances of this case. See Jones, 2013 WL 6408639, at *3 ("Given the plain language of the Rule and the straightforward nature of the motion, the Court concludes that it should exclude any work beyond three hours [of the approximately ten hours requested] because, based upon the record before it, awarding fees for any expenditure of time beyond that amount would be unreasonable in this case."); U.S. Engine Prod., Inc. v. AGCS Marine Ins. Co., 769 F. Supp. 2d 626, 629 (S.D.N.Y. 2011) ("Plaintiffs are further allowed *reasonable* fees for the portion of counsel's time attributed to preparing the Rule 4(d)(2) Letter to recover the costs of effecting service.") (emphasis in original) (citations omitted).

## CONCLUSION

Accordingly, plaintiff's motion is granted in part and denied in part for the reasons discussed herein. The Court awards plaintiff $1,114.50 for the costs of service of process and $1,500.00 in attorney's fees, for a total of **$2,614.50**. See Jones, 2013 WL 6408639, at *4 (awarding $1,015.00 in expenses and fees); Hooda v. W.C.A. Servs. Corp., No. 11-CV-00504A (Sr.), 2011 WL 6019932, at *6 (W.D.N.Y. Nov. 4, 2011) (awarding a total of $1,432.42 in expenses and fees). Defendants' counsel shall pay plaintiff's counsel $2,614.50 and electronically file proof of payment on the docket by January 15, 2020.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 27, 2019
       Brooklyn, New York