IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITNEY RUDLER, *on behalf of herself and all others similarly situated,*<br><br>                Plaintiff,<br>v.<br><br>MLA LAW OFFICES, LTD., and JOHN L. MALEVITIS,<br><br>                Defendants. | Case No. 1:19-CV-02170 (LDH) (LB)<br><br>**FIRST AMENDED COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff, Britney Rudler, on behalf of herself and all others similarly situated, by and through counsel, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as New York General Business Law § 349 ("NYGBL"), for a finding that Defendants' debt collection actions violated the FDCPA and NYGBL, and to recover damages, attorneys' fees, and costs for the Defendants' violations of the FDCPA and the NYGBL, and for an injunction under the NYGBL, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and § 2202.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as Plaintiff lives in this district.

4. Venue is also proper in this district because Defendants conduct business in this district and the harm caused by Defendants' violations of the FDCPA accrued in this district.

5. The Court has pendent jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because they share a common nucleus of operative facts and are so related to the federal claim as to form part of the same case or controversy, and Federal questions necessarily predominate over any state law claims.

## PARTIES

6. Named Plaintiff Britney Rudler ("Plaintiff") has at all relevant times been a resident of Queens County, New York, and is on disability leave from a job in Long Island, New York.

7. Defendants attempted to collect an alleged delinquent consumer debt from Plaintiff.

8. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

9. Defendant, MLA Law Offices, Ltd. ("MLA"), is an Illinois based law firm with its principal place of business located at 3450 S. Halsted St., Suite 209, Chicago, IL 60608. Its President and Registered agent are John L. Malevitis, who can be found at that same address.

10. MLA does business in the State of New York in that it seeks to collect debts from consumers in the State of New York, including in this district.

11. Upon information and belief, MLA Law Offices, LTD. is engaged in high-volume debt collection and collects or attempts to collect upon hundreds, if not thousands of consumer debts every year.

12. MLA acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

13. MLA also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. John L. Malevitis ("Malevitis") is an attorney licensed in the state of Illinois.

15. Malevitis is the president, registered agent, founder, and upon information and belief, sole attorney working at MLA.

16. To the extent this fact is different from the fact alleged in ¶ 15, Defendant Malevitis has admitted in a sworn document that he is "a solo practitioner and the sole member of the Defendant law firm MLA Law Offices, Ltd."

17. Malevitis has final, supervisory authority over MLA's collections practice.

18. Malevitis acts as a debt collector as defined by § 1692a(6) of the FDCPA because he uses the instrumentalities of interstate commerce including the mails in his business, the principal purpose of which is the collection of defaulted consumer debts.

19. Malevitis also acts as a debt collector as defined by § 1692a(6) of the FDCPA as he regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Upon information and belief, both MLA and Malevitis' principal business endeavor is the collection of debts, and they both regularly attempt to collect debts alleged to be due to another person or entity.

## NAMED PLAINTIFF'S EXPERIENCE

21. According to Defendants, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("Alleged Debt") to AcceptanceNow, for the lease of "[a] bunk bed and mattresses."

22. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

23. On or about March 29, 2019, Defendants created and mailed Plaintiff a letter attempting to collect an unspecified amount of money allegedly owed to AcceptanceNow, along with the physical return of the mattress.

24. A true and correct copy of the March 29, 2019 letter is attached hereto as Exhibit A (the "Collection Letter").

25. The Collection Letter was received shortly thereafter by Plaintiff.

26. The Collection Letter was the first communication from either MLA or Malevitis to Plaintiff.

27. Neither Defendant sent a subsequent communication within five days of the Collection Letter.

28. The Collection Letter contained an account number, an unspecified but alleged balance of indebtedness, and a claimed creditor.

29. The letter was a communication as defined by § 1692a(2) of the FDCPA.

30. The letter demanded, *inter alia*, that Plaintiff return the property and "pay any past due monthly payments that have accrued since 11/15/2018. For further information, write the undersigned, or call the AcceptanceNow number below."

31. The Collection Letter was drafted and reviewed by Malevitis, as part of his attempt to collect alleged consumer debt.

32. The Collection Letter was signed by Malevitis.

***Alternative 1: Defendant Malevitis Meaningfully Participated In Drafting the Letter.*** [1]

---

[1] The following "Alternatives" are presented as one of the two possible states of affairs given Defendant Malevitis' signature on the Collection Letter: either Defendant Malevitis meaningfully

4

33. Defendant Malevitis formed an opinion about how to manage the case concerning collection of debts alleged to be owed by Plaintiff to AcceptanceNow.

34. Defendant Malevitis directly controlled the process through which the 2019 Letter was sent.

35. Defendant Malevitis directly supervised the process through which the 2019 Letter was sent.

36. Defendant Malevitis signed the 2019 Letter after reviewing it.

37. Defendant Malevitis's signature on the 2019 Letter reflects his meaningful involvement as an attorney in its creation and dissemination.

38. Any use of Defendant Malevitis' law license by Defendant MLA was supervised by Defendant Malevitis.

***Alternative 2: Defendant Malevitis Failed to Meaningfully Participate In Drafting the Letter.***

39. Defendant Malevitis <u>did not</u> form an opinion about how to manage the case concerning collection of debts alleged to be owed by Plaintiff to AcceptanceNow.

40. Defendant Malevitis <u>did not</u> directly control the process through which the 2019 Letter was sent.

41. Defendant Malevitis <u>did not</u> directly supervise the process through which the 2019 Letter was sent.

42. Defendant Malevitis signed the 2019 Letter <u>without</u> reviewing it.

43. Defendant Malevitis's signature on the 2019 Letter <u>does not</u> reflect his meaningful involvement as an attorney in its creation and dissemination.

---

participated in the drafting of the Collection Letter or he did not. Alternative 2 simply consists of the negation of the facts set out in Alternative 1.

44. Defendant Malevitis allowed Defendant MLA to use his law license <u>without</u> supervising that use.

45. 15 U.S.C. § 1692g of the FDCPA states in relevant part:

> (a) Notice of debt;
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing … (1) the amount of the debt.

46. The Collection Letter failed to provide Plaintiff with the amount of the alleged debt.

47. Plaintiff was left to wonder what specific amount the alleged debt was, since the letter referred to past due monthly payments but did not specify the amount of those payments, along with what, if any, additional charges might be included.

48. Defendants MLA and Malevitis violated 15 U.S.C. § 1692g(1) by failing to disclose the amount of the alleged debt in its initial communication with Plaintiff.

49. The Collection Letter also violated the FDCPA in a number of other ways because it contained false, misleading, or materially untrue statements as to various facts and law, such as:

   a. The Collection Letter asked consumers to call MLA "if you do not dispute the that the debt is owed," which misleads the least sophisticated consumer to believe they are not permitted to call Defendants if they dispute the debt.

   b. The Collection Letter made it so that the least sophisticated consumer would have no idea whether they were supposed to contact MLA or AcceptanceNow to dispute the alleged debt, and implicitly suggested that the consumer could contact neither to dispute the alleged debt.

6

    c.  The Collection Letter indicates to the least sophisticated consumer that Defendant Malevitis was licensed to practice law in New York, or that MLA employed other attorneys who were licensed to practice law in New York, when upon information and belief neither of these things is true.

## CLASS ALLEGATIONS

50.    The plaintiff, Britney Rudler, brings this action on behalf of herself and also on behalf of a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. Rule 23.

51.    Defendants have continuously sent letters virtually identical to Exhibit A to consumers since at least October of 2017.

52.    Upon information and belief, Defendants have been sending such letters for a significantly longer period.

53.    Plaintiff seeks to represent the Class (hereafter, "the Class") defined as follows:

1. natural persons;
2. who received a letter from MLA and/or Malevitis;
3. which letter failed to state the amount of any alleged debt or debts;

54.    The Class consists of two Subclasses, defined as follows:

1. The FDCPA Subclass: all those who meet the class definition set forth above and who received the letter referenced in ¶ 53(2) withing a year before the date of filing of the instant Complaint; and

2. The NYGBL Subclass: all those who meet the class definition set forth above and received the letter referenced in ¶ 53(2) withing three years before the date of filing of the instant Complaint.

55. Excluded from the Class and subclasses are:

1. anyone employed by counsel for Defendants in this action; and

2. any Judge to whom this case is assigned, as well as their immediate family and staff.

*Numerosity*

56. The Class and subclasses potentially include hundreds of members and are sufficiently numerous that joinder of all members is impractical.

57. Although the exact number of Class members are unknown to Plaintiff, they are readily ascendable from Defendants' records.

*Existence and Predominance of Common Questions*

58. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class members.

59. These common questions include, *inter alia*:

1. whether Defendants violated the FDCPA;

2. whether Plaintiff and other class members are entitled to statutory damages, costs, and attorney's fees under the FDCPA;

3. whether Defendants violated the NYGBL

*Typicality*

60. Plaintiff Rudler's claims are typical of the claims of the Class because, among other things, Plaintiff is:

      1. a natural person;

      2. who received a letter from MLA;

      3. and which letter failed to state the amount of any alleged debt or debts.

61. Thus, Plaintiff's claims—based on the same acts and/or omissions as the claims of all other Class members—are typical of the claims of the Class.

62. In other words, all of the claims are based on the same factual and legal theories and the Plaintiff, together with each Class member, has been subjected the violations of the FDCPA by Defendants.

*Adequacy*

63. Plaintiff will fairly and adequately represent the interests of the class members. Her interests do not conflict with the interests of the members of the Class she seeks to represent.

64. Plaintiff has retained counsel with experience in prosecuting individual-against-large-entity litigation and with class actions. There is no reason why this Plaintiff and her counsel will not vigorously pursue this matter.

*Superiority*

65. The class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

66. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.

67. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not.

68. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

69. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

70. In the alternative, the Class may be certified because:

1. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

2. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

3. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

4. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT—ALL DEFENDANTS

71. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

72. Defendants MLA and Malevitis violated 15 U.S.C. § 1692g(a)(1) by failing to disclose the amount of the debt in its initial communication with Plaintiff and the Class.

73. Under the FDCPA, "[t]he use of an attorney's signature on a collection letter implies that the letter is 'from' the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent … [and] that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent." *Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir. 1993). *See also Vincent v Money Store,* 736 F3d 88, 97, n 6 (2d Cir 2013); *Miller v Wolpoff & Abramson*, L.L.P., 321 F3d 292, 306 (2d Cir 2003); *and Moukengeschaie v Eltman, Eltman & Cooper, P.C.*, 2016 US Dist LEXIS 43725, at *56-57 (EDNY Mar. 31, 2016, No. 14-CV-7539 (MKB)) ("To avoid violating section 1692e(3), a debt collection letter that appears with an attorney's signature must reflect 'meaningful attorney involvement'").

74. In the alternative to personal liability for the failure to state the amount of the debt, and should Defendant Malevitis deny ¶¶ 18,19, and 33-38, *supra*, Defendant Malevitis violated 15 U.S.C. § 1692e by falsely implying, by way of his signature without any personal involvement, that he was involved in sending communications to Plaintiff and the Class.

75. In that case, Defendant Malevitis and Defendant MLA, acting by agreement and together, further violated 15 U.S.C. § 1692e by allowing Defendant MLA to make unsupervised use of Defendant Malevitis' law license without his meaningful, personal supervision.

11

76. Plaintiff and Class members suffered confusion, harm, and were otherwise misled by Defendants' failure to provide the amount of the alleged debt in its initial letter and their false and misleading statements and representations in the initial letter.

77. As a result of the Defendants' violations of the FDCPA, Plaintiff and the Class are entitled to an award of statutory damages, costs, and reasonable attorney fees.

## COUNT II

*NEW YORK GENERAL BUSINESS LAW § 349 – ALL DEFENDANTS*

78. Plaintiff hereby repeats, re-alleges, and incorporates by reference all foregoing paragraphs.

79. Each of the deceptive acts and practices set forth above, constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

80. These deceptive acts and practices were committed in conduct of business, trade, commerce, or the furnishing of a service in this state.

81. Defendants' deceptive acts and practices were consumer-orientated.

82. Defendants' conduct was not a unique, one-time occurrence without possibility of replication or recurrence and without implication for the broader consuming public, but rather involve misleading and deceptive representations, and involved communications sent by a high-volume debt collector to a consumer.

83. Defendants' willfully and knowingly engaged in the deceptive practices, set forth herein — and in particular, those set out in Alternative 2 above — in bad faith and, on information and belief, do so on a regular and recurring basis.

84. Defendants' statements and conduct, as set forth herein and in the attached Exhibit, were materially misleading and intentionally false.

85. As a result of these violations of NYGBL § 349, Plaintiff and the Class suffered damages.

86. For these and all the reasons set forth herein, Plaintiff is entitled to actual damages, declaratory judgment, an injunction of the deceptive practices set forth herein, three times actual damages up to $1000, punitive damages, costs and reasonable attorneys' fees.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendants MLA Law Offices, Ltd. and John L. Malevitis, for the Counts alleged above for:

A. All statutory, punitive, and actual damages available under 15 U.S.C. § 1692k(a)(2) and NYGBL §349;
B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and the NYGBL § 349(h);
C. Injunctive relief pursuant to NYGBL § 349(h);
D. Such other or further relief as the Court deems proper.

Dated: January 29, 2020.

Respectfully Submitted,

/s/
_____
J. REMY GREEN
Cohen&Green P.L.L.C.
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888.9480 (telephone)
(929) 888.9457 (facsimile)
remy@femmelaw.com