

February 28, 2020

Honorable Judge Lois Bloom
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing

    Re:    Motion Regarding Rule 68 Offer in Case No. 1:19-cv-02170-LDH-LB, *Rudler v. MLA Law Offices, LTD et al.*

Dear Judge Bloom:

    Our firm represents the Plaintiff and the putative class in this case. We submit this letter motion seeking to have the Court, in the alternative, (1) strike Defendants' Rule 68 Offer, (2) confirm that the Offer has no legal force, or (3) otherwise clarify that Defendants' purported withdrawal of the Offer was effective and that, therefore, the Offer has no legal effect.

    Pursuant to Your Honor and Judge DeArcy Hall's Individual Practices and Local Rule 72.2, we submit this non-dispositive motion to Your Honor's attention and — because "delaying the filing of a motion … [risks] depriv[ing Plaintiff] of a substantive right" (namely, all the costs that Rule 68 shifts) — we file this motion within the 14 days provided by Rule 68.

    As discussed below, we have tried to resolve this issue with Defendants without the need to involve the Court, to no avail. Though Defendants appear to substantively agree with the relief sought, they have declined to resolve these issues by agreement. Because of the dramatic consequences of a Rule 68 Offer's expiration, Plaintiff also asks the Court to toll time to respond to the Offer while this motion is pending. Should the Court wish for more detailed briefing, we ask, in the alternative, for the Court to treat this as a pre-motion conference letter.

    **I.    Background and Procedural History.**

    This is an FDCPA class action, in which Defendants have admitted substantive, class-wide liability. *See* ECF No. 60 ¶ 69 (Defendants' amended answer), *admitting* ECF No. 51 ¶ 72 ("Defendants MLA and Malevitis violated 15 U.S.C. § 1692g(a)(1) by failing to disclose the amount of the debt in [their] initial communication with Plaintiff and the Class"). The sole remaining issue is whether Plaintiff and her counsel are adequate to represent the tens of thousands of consumers who have received identical letters to the one Plaintiff received (*see* ECF No. 51-1). *See generally*, ECF No. 59 (Defendants' letter, stating, "[i]f the Plaintiff succeeds on any class certification motion, then she can seek class damages and other class relief" and otherwise "all that remains is the issue of the amount of reasonable attorneys fees['] and costs").

    In December 2019, Plaintiff served a set of discovery responses on Defendants, seeking information relating to the size and scope of the proposed class, to which Defendants responded,



asserting that they did not keep any records at all relating to letters they send to consumers, and describing an elaborate process in which *Rent-A-Center* (the entity on whose behalf Defendants sent a letter to Plaintiff, "RAC") would have solely retained all relevant records.  Plaintiff, through a third-party subpoena, is still obtaining information from RAC.  RAC has also made preliminary indications that — as one would expect — it is Defendants who keep records of the letters sent on Defendants' letterhead and to whom those letters are sent.

At the end of an extended meet and confer process,[1] on the day of a deadline (2/20/2020) set by Plaintiff, Defendants asked for more time to respond to Plaintiff's discovery requests, stating that they had retained a new attorney (Mr. Arleo).  Mr. Arleo immediately served the Rule 68 Offer directed solely to Plaintiff Britney Rudler, individually, simultaneously promising to address class-wide issues.[2]

When response to the class-wide issues was not forthcoming, Plaintiff provided authority regarding pre-class certification, "pick-off" offers (e.g., *McDowall* and others), asking Defendants' counsel to discuss.  Defendants responded simply, "In regard to the Rule 68 offer of judgment[, i]f not accepted, same expires within 14 days of yesterday.  Notwithstanding, there is no need to file any motion to strike the offer of judgment pursuant to Judge Ross's decision in *McDowall v. Cogan*." This communication is attached as **Exhibit 1** (as it has substantive significance).

Mr. Arleo then sent a letter stating, "I advise that my client <u>*withdraws*</u> the Rule 68 offer of judgment" (formatting in original).[3]  Since then, Plaintiff asked several times if Defendants would join a motion to deem the offer a nullity (as in *McDowall*) or otherwise achieve the result both parties apparently want.  Plaintiff summarized, "given that we both seem to want the same result (Offer deemed a nullity), I propose we make a joint application seeking **that** relief" (emphasis in original).  After several requests for a response, this morning, Defendants simply stated, "In regard to the request to stipulate regarding the Defendant's offer of judgment. Same is denied."

## II.  Legal Analysis.

As Defendants have acknowledged, one possible answer is that any Rule 68 offer to a named plaintiff made before a class certification motion has no legal effect, so "there is no point in striking defendants' offer, as it has no legal significance." *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003).  However, the approach taken by other courts suggests that pre-class motion Offers may just be void**able** rather than void.  *See e.g. Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 403

---

[1]  As requested by the Court previously, except as strictly required by the motion, correspondence between the parties is not attached hereto.  If the Court believes it must review such correspondence, counsel is happy to provide it.

[2]  Since then, rather than discuss class-wide issues (including the months-outstanding discovery), Defendants' attorney has taken the position that he "I cannot advise my client to [discuss class-wide relief] in good conscious [sic] when I am confident that I can refute the class claims by demonstrating Rule 23(a)(4) inadequacy." ECF No. 58 at 2.

[3]  *But see, e.g., Labarca v. GRJH, Inc.*, No. 6:16-cv-826 (MAD/TWD), 2018 U.S. Dist. LEXIS 33336, at *28 (N.D.N.Y. Mar. 1, 2018) ("the majority of courts to have addressed the issue have held that revocation of a Rule 68 offer … is either inappropriate or entirely unavailable").

 Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



(E.D. Pa. 2006) (striking a pre-class certification Offer).  The Second Circuit has not answered this question, but Defendants have seemingly conceded the basic point.  Ex. 1 at 2 ("here is no need to file any motion to strike the offer of judgment pursuant to Judge Ross's decision in *McDowall v. Cogan.* Therefore, there is no "tight clock" in regard thereto").

The consequences of a Rule 68 offer are dramatic in the class-action context.  While the Supreme Court recently held that an individual Rule 68 offer cannot *moot* a class action (*Campbell-Ewald Co. v. Gomez*, 577 U.S. ___ (2016)), one district court has since then held that having rejected an offer can make a plaintiff an inadequate representative of a class.  *See e.g., Franco v. Allied Interstate LLC*, No. 13-cv-4053 (KBF), 2018 U.S. Dist. LEXIS 117208, at *12 (S.D.N.Y. July 13, 2018).  Thus, the maneuver attempted here seems to be an end-run around the Supreme Court's decision in *Gomez*.  Indeed, Defendants have conveyed that they intend to challenge vigorously the Plaintiff's ability to represent the absent Class, making arguments that sound very much in the key of mootness.  *See generally,* ECF No. 59.  Defendants argument seems to be that because Plaintiff has been offered personal relief, she should not be treated as an adequate class representative.  This is exactly the kind of approach rejected in *McDowall:* "If required to make offers to all putative class members and not just to the named plaintiff, defendants will resort to this tactic only when they wish to take good faith steps to resolve cases speedily and equitably." 216 F.R.D. at 52.

Thus, as Courts have suggested is appropriate (and Defendants have conceded is the law), Plaintiff asks that the Court either (1) strike the offer;[4] (2) make clear it is a legal nullity (and therefore cannot be used to defeat class certification);[5] or (3) allow Defendants to withdraw it as they have already sought to do.[6]

---

[4] *Grant v. Martinez*, 973 F.2d 96, 98 (2d Cir. 1992) (noting the court below initially denied a motion to strike an offer without prejudice, but later granted it); *Namdar v. Jas Collection Agency, Inc.*, 97-CV-6857 (JM), 1999 U.S. Dist. LEXIS 22634, at *2 (E.D.N.Y. July 6, 1999) (striking offer, though on reasoning that is likely no longer valid).  *See also, e.g., Epps v. Wal-Mart Stores, Inc.*, 307 F.R.D. 487, 495 (E.D. Ark. 2015) (collecting 8th Cir. cases, showing that "Courts in this circuit [—] finding that a Rule 68 offer of judgment creates a conflict of interest between the named plaintiff and the unnamed class members [—] have routinely granted the plaintiff's motion to strike"); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 403 (E.D. Pa. 2006).

[5] *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003) ("Having reached the above conclusions … even assuming that it is possible to strike a document not yet filed with the court, there is no point in striking defendants' offer, as it has no legal significance"); *Parker v. Risk Mgmt. Alts., Inc.*, 204 F.R.D. 113, 115-16 (N.D. Ill. 2001) (same).

[6] This option seems largely unsupported.  *See Richardson v. Nat'l R.R. Passenger Corp.*, 311 U.S. App. D.C. 26, 49 F.3d 760, 765 (1995) ("a Rule 68 offer is simply not revocable during the 10-day period"); *Penn-Star Ins. Co. v. Maint. Asset Mgmt.*, No. 17-CV-5047 (NGG) (ST), 2019 U.S. Dist. LEXIS 168437, at *27 (E.D.N.Y. Sep. 24, 2019) (offers may only be revoked in extraordinary circumstances), *app'l pending.*  However, in this regard, since Defendants *have* purported to withdraw the Offer, at a minimum, Plaintiff should be able to find repose knowing that she cannot be held responsible for Defendants' costs on an Offer that was not available for the full 14 days required by the Rules.

COHEN&GREEN     Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



                                                                      Respectfully submitted,

                                                                            /s/
                                                                 _____
                                                            J. Remy Green
                                                                  *Honorific/Pronouns: Mx., they/their/them*
                                                            **COHEN&GREEN P.L.L.C.**
                                                            *Attorneys for Plaintiff*
                                                           1639 Centre St., Suite 216
                                                           Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com