UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRITNEY RUDLER,

                Plaintiff,                                **ORDER**
                                                            19 CV 2170 (LDH)(LB)

  -against-

MLA LAW OFFICES, LTD and
JOHN L. MALEVITIS,

                Defendants.
----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Defendants served plaintiff with a "Rule 68 Offer directed solely to Plaintiff Britney Rudler, individually, simultaneously promising to address class-wide issues."[1] ECF No. 63 at 2. Plaintiff now moves the Court to "strike Defendants' Rule 68 Offer" or in the alternative, "confirm that the Offer has no legal force, or . . . otherwise clarify that Defendants' purported withdrawal of the Offer was effective and that, therefore, the Offer has no legal effect."[2] Id. at 1. Defendants oppose the motion. ECF No. 64.

        The "plain purpose of Rule 68 is to encourage settlement and avoid litigation." Radha Geismann, M.D., P.C. v. ZocDoc, Inc., 850 F.3d 507, 512 (2d Cir. 2017) (citing Marek v. Chesny, 473 U.S. 1, 5 (1985)). Under the Rule, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

---

[1] The Rule 68 Offer was not filed with the Court. However, defendants indicate that the Offer included costs and reasonable attorney's fees. ECF No. 64 at 3.

[2] Apparently, defendants attempted to "withdraw[] the Rule 68 offer of judgment" within the fourteen-day period. ECF No. 63 at 2; ECF No. 64 at 2. Courts have held that Rule 68 offers are irrevocable within the fourteen-day period absent good cause. Cesar v. Rubie's Costume Co., Inc., 219 F.R.D. 257, 259–62 (E.D.N.Y. 2004) (discussing limited circumstances in which courts have found Rule 68 offers to be revocable).

Plaintiff's instant motion is denied as there is no Rule 68 Offer on the docket for the Court to strike. See McDowall v. Cogan, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) ("[T]he court nonetheless denies [plaintiff's] motion to strike [defendant's unfiled Rule 68 Offer] . . . there is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a deferred party to prove costs.").[3]

As previously ordered, the parties shall file a letter certifying that they have completed discovery in this case by May 1, 2020. Electronic Order dated Feb. 7, 2020.

SO ORDERED.

                                                                                              /S/
                                                             LOIS BLOOM
                                                             United States Magistrate Judge

Dated: March 10, 2020
       Brooklyn, New York

---

[3] The Court in McDowall also discussed that "if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, *it must do so to the putative class and not to the named plaintiff alone*." 216 F.R.D. at 51 (emphasis added).