**ROBERT L. ARLEO, ESQ. P.C.**
380 Lexington Avenue, 17th Floor
New York, N.Y. 10168

Telephone: (212) 551-1115                                        Fax: (518) 751-1801
Email: robertarleo@gmail.com

July 23, 2020

Honorable Eric T. Komitee
U.S. District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        RE: Britney Rudler v. MLA Law Offices, Ltd. and
            John L. Malevitis
            19-cv-02170 (LDH)(LB)

Dear Judge Komitee:

   I am counsel for the Defendants named in the above-entitled action. I write in conjunction with the order of disposition in regard to liability and class certification. In regard thereto, I will attempt to be brief as this issue as not as complicated as made by Plaintiff's attorneys (Dkt. No. 70). Please consider this correspondence as a replacement for my correspondence filed late yesterday (Dkt. No. 71), which I filed in haste to meet Your Honor's deadline.

   The Defendants propose that Your Honor "so order" a stipulated judgment against the Defendants. As Defendants have admitted liability solely upon the allegation that they violated the FDCPA for failing to set forth the amount of a debt as required by 15 U.S.C. § 1692g(a)(1), the second FDCPA allegation, based upon alleged lack of meaningful attorney review, which Defendants do not admit, becomes moot as the Defendants agree to award the Plaintiff the full $1,000 in FDCPA statutory damages. As the Plaintiff has not suffered any actual damages as a result of receiving the letter which is the subject of the above-entitled action, and as the FDCPA does not provide for injunctive relief absent an agreement to enter into an injunction by a debt collector, there is nothing left for the Plaintiff to recover under the FDCPA. The Defendants do not admit to liability pursuant to the claim of violation of New York General Business Law § 349.

   Having Your Honor "so order" a judgment stipulated by the parties will negate the need to devote valuable judicial resources to issuing a formal opinion based upon the Plaintiff's motion for judgment on the pleadings. In regard to the New York General Business Law § 349 claim, the Defendants propose that any motion in regard thereto be delayed until a decision is issued concerning Plaintiff's alleged class claims. As a pre-motion conference is not necessary, the Defendants plan on filing a motion to deny class certification pursuant to Fed. R. Civ. P. 23(c)(1)(A), which requires a court to decide whether to certify an action as a class action "at an early practicable time after a person sues…..as a class representative." A defendant may make a preemptive motion to deny class certification. Even though the issue of class certification comes

before a district court on a motion brought by a defendant, the burden remains on the plaintiff to prove that each of the required elements for class certification under Rule 23 has been satisfied. *Fedetov v. Peter T. Roach & Assocs., P.C.,* 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005); *see also* 5-23 MOORE'S FEDERAL PRACTICE 3d § 23.82 ("The defendant need not wait for the plaintiff to act, however. The defendant may move for an order denying class certification.").

 The Defendants will base their Rule 23(c)(1)(A) motion upon Fed. R. Civ. P. 23(a)(4). Pursuant thereto, both a proposed class representative and her attorneys must demonstrate "adequacy" to serve in those capacities.  In determining whether a proposed class counsel is adequate, "the Court may consider the honesty and integrity of the putative class counsels, as they will stand in a fiduciary relationship with the class." *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. 2010); *Kingsepp v. Wesleyan University*, 142 F.R.D. 597, 599 (S.D.N.Y. 1992 ("In assessing the adequacy of counsel, a court may examine class counsel's conduct in . . . the putative class action before the court."). As will be demonstrated in the Defendants' forthcoming motion to deny class certification, the conduct of the Plaintiff's attorney in this action, Mx. Remy Green, provides evidence that Mx. Green, and by extension Mx. Green's co-counsel and the Plaintiff, are all patently inadequate pursuant to Fed. R. Civ. P. 23(a)(4).

                Respectfully submitted,

                */ s / Robert L. Arleo*

                Robert L. Arleo

RLA:gra
Cc: All attorneys of record via email
 John Malevitis, Esq.