UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

BRITNEY RUDLER, *on behalf of herself and all others similarly situated*,

                  Plaintiff,

-against-

MLA LAW OFFICES, LTD, and JOHN L. MALEVITIS,

                  Defendants.

-------------------------------------x

**MEMORANDUM & ORDER**
19-CV-2170(EK)(LB)

ERIC KOMITEE, United States District Judge:

      Plaintiff Britney Rudler brings this putative class action against Defendants MLA Law Offices, Ltd. and its sole practitioner[1] John L. Malevitis, claiming that they sent her (and others) debt-collection letters that violated the Fair Debt Collection Practices Act (FDCPA) and New York General Business Law § 349 (NYGBL).  *See generally* Amended Complaint, ECF No. 51.

      The case is in the midst of discovery into class-certification issues.  At this point, neither party has moved to certify (or deny) the putative class, but Defendants have stated that they intend to oppose class certification on the ground that Plaintiff's lawyers are inadequate class counsel.  *See*

---

[1] Defendant Malevitis is the "sole lawyer" at MLA Law Offices, Ltd.  *See* Amended Answer at 15, ECF No. 53.

1

Defendants' Supp. Br. at 2, ECF No. 72 (Defendants "will base their Rule 23(c)(1)(A) motion upon Fed. R. Civ. P. 23(a)(4)").

Meanwhile, Plaintiff's letter motion from February 14, 2020 also remains pending. *See generally* Letter Motion, ECF No. 54. In that motion, Plaintiff requested: (1) a briefing schedule for summary judgment; (2) to strike portions of Defendants' existing answer; and (3) judgment on the pleadings. *Id*. Defendants subsequently filed an amended answer conceding the FDCPA violation, but indicating (in a separate letter) their intent to admit liability to Plaintiff only.[2] According to Plaintiff, this concession and other developments obviate the need for decision on the first and second of her February 14 requests. Plaintiff's Letter at 1, ECF No. 61 (acknowledging that "the proposed motions for summary judgment and to strike appear to be moot" but "maintain[ing] her request for judgment on the pleadings").

On July 1, 2020, the Court held a status conference and ordered the parties to submit briefing regarding the "proper order of disposition as between liability and class certification in this case." Minute Entry, ECF No. 69. In response, Plaintiff proposed that the Court (1) grant judgment

---

[2] *Compare* Amended Answer at ¶ 69, ECF No. 60, *admitting* Amended Complaint at ¶ 72, ECF No. 51 ("Defendants MLA and Malevitis violated 15 U.S.C. § 1692g(a)(1) by failing to disclose the amount of the debt in [their] initial communication with Plaintiff and the Class.") *with* Defendants' Letter, ECF No. 59 (admitting liability as to Plaintiff only).

2

on the pleadings now to "lock in" Defendants' admission as to FDCPA liability; or (2) decide the motion simultaneously with class certification.  Plaintiff's Supp. Br. at 1-3, ECF No. 70. Defendants proposed that the Court so-order a stipulation between the parties conceding liability on a basis not raised in Plaintiff's letter motion.  *See* Defendants' Supp. Br. at 1, ECF No. 72.

The Court finds that notwithstanding Defendants' admission, liability should still be resolved after class certification in this case.  As Plaintiff acknowledges, courts "regularly ask parties to re-file motions after class certification is resolved, finding judgment motions premature." Plaintiff's Supp. Br. at 3, ECF No. 70.  Here, questions remain as to which theory of FDCPA liability Plaintiff will pursue class-wide (or individually).  *See id.* at 2 (Plaintiff arguing that there "is no dispute" as to the "liability result"); *but compare* Letter Motion at 3, ECF No. 54 (Plaintiff basing motion for judgment on the pleadings on violation of Section 1692e and stating that it is "unnecessary to address" liability under Section 1692g(a)(1)) *with* Defendants' Supp. Br. at 1-2, ECF No. 72 (Defendants admitting liability under Section 1692g(a)(1) but not Section 1692e).  Moreover, there are open questions as to the adequacy of Plaintiff's counsel, and it remains possible they could be replaced.  Defendants' Supp. Br. at 2, ECF No. 72.

3

In that event, incoming counsel should have an opportunity to choose which FDCPA theory to pursue.

Accordingly, Plaintiff's motion for judgment on the pleadings is denied with leave to renew after class certification is resolved. Plaintiff may move to certify the class by September 30, 2020. If Plaintiff does not move by that time, Defendants may move to deny class certification by October 30, 2020. The opposing party shall file their opposition within thirty days after receipt of the moving brief, and the moving party shall file their reply ten days later. Any motions to grant or deny class certification are respectfully referred to Magistrate Judge Lois Bloom for a Report and Recommendation.

SO ORDERED.

s/ Eric R. Komitee
ERIC KOMITEE
United States District Judge

Dated:   August 24, 2020
         Brooklyn, New York