**MLA LAW OFFICES, LTD.**
**109 SYMONDS DRIVE**
**P. O. BOX 156**
**HINSDALE, ILLINOIS 60522**
**312/933-1100**
jhnymal@comcast.net

August 31, 2020

Honorable Magistrate Lois Bloom
United States District Court
225 Cadman Plaza East
Courtroom 4H North
Brooklyn, New York 11201

Re:    Rudler v. MLA, et. al.
Court No.: 19-cv-2170

## DEFENDANTS' LETTER MOTION OBJECTION

Dear Magistrate Judge Bloom:

I feel compelled to respond to attorney Robert L. Arleo's erroneous statements advanced to this Court in his letter motion of August 31, 2020. First, and foremost, I have not waived the attorney-client privilege, or have I authorized attorney Arleo to waive the privilege. Secondly, attorney Arleo attempts to shift his legal and contractual obligations to me in rather bizarre and illogical fashion.

Mr. Arleo signed a legally binding contract with me and my law firm MLA Law Offices, Ltd. for which he was paid a legal fee on or about February 14, 2020. The contract requires, in pertinent part, "Said legal services include engaging in all facets of discovery (including depositions), all motion practice and legal representation to the conclusion of the lawsuit, including trial if necessary." Attorney Arleo wrongfully and improperly suggests to this Court that I have not cooperated in discovery, despite complying with previously propounded written discovery, prompt and written responses to all of attorney Arleo's written communication to me since his representation commenced, as well as sitting for a deposition that lasted several hours in August of 2020. Most egregiously, however, is attorney Arleo's claim that he requested certain compliance from me in March of 2020 regarding assistance from my CPA for which I refused and/or failed to comply. This suggestion and corresponding statement is patently false.

When attorney Arleo advised me that he was going to file a motion to withdraw, I objected and referred him to the legal contract he executed. When he persisted in his attempt to withdraw as my attorney, I referred him again to the executed contract and requested a full refund of the legal fees paid. His response to my request for a refund of legal fees paid was,

1

"Rejected." I stated that I would file a lawsuit, if necessary, to remedy among other matters, the legal fees paid for which he presently refuses to refund.

Attorney Arleo now seeks to avoid his legal obligations of representation under the contract and avoid having to do that of which he was hired and paid to do: defend me and my law firm. For the foregoing reasons, we object to attorney Arleo's request as set forth in his letter motion of August 31, 2020.

Thank you for your attention to this matter.

Very truly yours,

s/ John L. Malevitis, Esq.

JLM/pg