**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

Britney Rudler,
*individually, and on behalf of all others similarly situated,*

                Plaintiffs,

v.

MLA Law Offices, LTD, et al.

                Defendants.

Docket No. 19-cv-2170-EK-LB

**STIPULATION OF SETTLEMENT AND ORDER**

    **WHEREAS**, Plaintiff brought this suit alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law § 349 ("GBL");

    **WHEREAS**, for the purposes of this Settlement and proposed Order, and without further admission of liability, Defendants concede a violation under the FDCPA for its failure to include a dollar amount in the letter to the Plaintiff, and in accordance thereof, agree that Plaintiff may seek attorney's fees by way of motion to the Court;

    **WHEREAS**, the parties desire to resolve this matter with the minimum need for further litigation and the associated costs and burdens;

    **NOW, THEREFORE**, Plaintiff Britney Rudler, by and through her counsel, Cohen&Green P.L.L.C., and Defendant John Malevitis for himself, and Defendant MLA Law Offices, LTD ("MLA"), by and through its counsel, John Malevitis, in order to fully and finally resolve this case, stipulate and agree that:

    1.    All amounts owing in this Settlement shall be paid as set out in a separate agreement (the "Rider," not to be filed) between the parties.

    2.    Defendants, together, shall pay $1,552.00 in damages under the FDCPA and GBL, as follows:

1

    a. Two hundred fifty dollars ($250.00) representing actual damages under the FDCPA, 15 U.S.C. § 1692k(a)(1);

    b. One Thousand Dollars One Dollars ($1,001.00) representing statutory damages under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

    c. Fifty one dollars ($51.00) representing statutory damages under New York General Business Law § 349(h);

    d. Two hundred fifty dollars ($250.00) representing actual damages under New York General Business Law § 349(h);

3. For purposes of this Settlement and proposed Order, and without any further admission by Defendants as to liability, Plaintiff is a prevailing party by definition under the FDCPA and the GBL.

4. As a prevailing party, Plaintiff is entitled to her attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3) and GBL § 349(h), to be either: (1) agreed to by counsel for the parties; or (2) in the event counsel cannot agree, as determined by the Court upon application by Plaintiff's counsel.[1]

5. Defendants stipulate and agree, as relates to Plaintiff's attorneys' fee application, that:

    a. Plaintiff shall be entitled to recover attorneys' fees for all time reasonably involved in this case, inclusive of time all spent on class-related discovery and class certification, as well as all other motions involved in litigating this case;

---

[1] Defendants have already paid the costs of service and related attorneys' fees under Fed. R. Civ. P. 4, and Plaintiff agrees she will not seek double payment of related costs and fees.

b. Defendants shall not at any point assert that spending attorney time and costs on class-related discovery was unreasonable or unnecessary to litigate this case;

c. Defendants shall not assert Plaintiff only achieved partial success, and for the purposes of Plaintiff's attorneys' fee application, Plaintiff's success shall be treated as complete; and

d. Notwithstanding the above, Defendants do not waive objection to itemization of attorney's fees sought by the Plaintiff regarding class-related discovery in this case, and on Plaintiff's attorneys' fee application, Defendants may raise the ordinary objections to whether the time spent was reasonable in relation to the task.

   i. By way of illustration, Defendants will **not** assert that Plaintiff's counsel should not have spent time drafting a class certification motion, preparing for meet and confer calls, or taking Defendants' deposition, etc.

   ii. However, Defendants may object that the hours Plaintiff's counsel spent drafting a memorandum in support of her class certification motion were excessive, or make other similar objections.

   iii. Similarly, Defendants may object that the rate sought is not the appropriate rate for an attorney similarly situated in experience and handling of cases of this specific type in the U.S. District Court for the Eastern District of New York.

6. If the parties cannot agree, in any event, Plaintiff shall make such an attorneys' fees application within 21 days of this Settlement being So Ordered.

7. Defendants are, under GBL § 349(h), hereby enjoined from sending any letter, seeking to collect any alleged debt, to any person in New York, unless:

   i. The letter contains a specified amount of debt, with a prominent disclaimer, in substantially the following form:[2]

   > As of the date of this letter, you owe $__[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1- [phone number].

   ii. The letter contains a prominent and **bolded** disclaimer regarding attorney involvement, in substantially the following form:[3]

   > Although we are a law firm, at this time, no attorney has personally evaluated your case or account, made any recommendations or conducted any research regarding the validity of the creditor's claims, or personally reviewed the circumstances of your account.

8. Defendants shall make good faith efforts to implement the relief in paragraph 7. Notwithstanding that, to give Defendants time to implement the required changes, Defendants shall not deemed be in violation of this Settlement and Order if, despite good faith efforts, a letter is mailed without the required language within the first 60 days after this Settlement has been So Ordered.

---

[2] *See Avila v. Riexinger & Assocs., Ltd. Liab. Co.*, 817 F.3d 72, 77 (2d Cir. 2016); *McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000).
[3] *See, e.g., Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365 (2d Cir. 2005).

9. Upon being fully executed, this Settlement may be submitted to the Court to be "so ordered" by any party without further notice.

10. This Settlement may be executed in any number of counterparts, each of which shall be deemed an original and which, taken together shall constitute one and the same instrument, and may be executed by facsimile or electronically scanned signature.

11. This Settlement fully and finally resolves all claims that were or could have been raised in this action, on their merits.

12. Notwithstanding the above, this Settlement is not to be construed either as an admission that the Defendants are liable under the GBL in this action, or that Plaintiff has suffered any damage.[4]

13. The motion at ECF No. 81 is terminated.

**[SIGNATURES ON FOLLOWING PAGE]**

---

[4] As noted above, Defendants have admitted FDCPA liability.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement and accept and agree to the provisions contained herein, and have each executed this Settlement to be effective on the day and date indicated below.

Dated: Brooklyn, New York
October 27, 2020

COHEN&GREEN P.L.L.C.
*Counsel for Plaintiff*

By: _J. Remy Green_
1639 Centre Street, Suite 216
Ridgewood, NY 11385

Dated: Hinsdale, Illinois
October 27, 2020

MLA Law Offices, Ltd.
*Pro Se and Counsel for Defendant MLA*

By: _[signature] Individually and as President of MCA LAW Offices, Ltd._
John L. Malevitis
109 Symonds Drive
P.O. Box 156
Hinsdale, Illinois 60522

SO ORDERED, this 5 day of November 2020.

s/Eric Komitee
_____
THE HONORABLE ERIC KOMITEE
UNITED STATES DISTRICT JUDGE