

December 16, 2020

Honorable Judge Lois Bloom
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

  Re: Pending Motion in Case No. 1:19-cv-02170-EK-LB,
     Rudler v. MLA Law Offices, LTD et al.

Dear Judge Bloom:

  My firm represents the Plaintiff in this case.  On November 26, 2020, we moved – under the So Ordered Settlement – for attorneys' fees and costs, and also moved that we be permitted to pierce the corporate veil as to Defendants' wholly owned corporate alter egos.  ECF No. 84.  The notice of motion set the standard Fed. R. Civ. P. 27(a)(3) time to respond (10 days).  On November 30, in a minute order, Judge Komitee referred the motion to Your Honor.

  Defendants' time to oppose the motion expired on Monday, December 6, 2020.  They have not indicated any intention to oppose the motion.  Thus, they have defaulted on the motion.

  On both parts of the motion, authority suggests the Court should essentially apply the summary judgment default standard:  the Court should confirm that the requests are supported by the record, rather than simply entering all relief requested by default.  *See, e.g., Rates Tech., Inc. v. Broadvox Holding Co., LLC*, 56 F. Supp. 3d 515, 525 (S.D.N.Y. 2014); *Miller v. Midpoint Resolution Grp., LLC*, 608 F. Supp. 2d 389, 394 n.2 (W.D.N.Y. 2009) ("Although Plaintiff's motion for attorney fees is unopposed, the Court is not relieved of its duty of making sure that the amount requested by Plaintiff is reasonable.")  *Cf. Sooroojballie v. Port Auth. of N.Y. & N.J.*, 816 F. App'x 536, 551 (2d Cir. 2020) (reversing premature grant of attorneys' fees, in part for the court to "provide the grounds for its discretionary decision in connection with the fees motion").  Similarly, as to veil piercing, while Defendants have waived their opportunity to refute the facts asserted, the Court should still confirm that the record supports the argument made.

  In other words, for all matters on the motion, if the evidence offered supports the fact asserted (whether that fact is the amount of time spent on a particular task, or the financial alter ego relationship between Defendants and their other corporations), the Court should grant the relevant portion of the motion.  If a fact is unsupported – or the time requested is unreasonable – the Court should deny that portion of the motion.  In order to make that consideration easier and avoid over cluttering the Court with paper, Plaintiff waives any entitlement to further fees on this motion.  And, unless the Court has specific questions it would like to me, I withdraw the request for oral argument.



      I thank the Court for its time and consideration, and am available to discuss if necessary, at the Court's convenience.

                Respectfully submitted,

                      /s/
                _____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All parties by ECF.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com