MLA LAW OFFICES, LTD.
109 SYMONDS DRIVE
P. O. BOX 156
HINSDALE, ILLINOIS 60522
312/933-1100
jhnymal@comcast.net

December 16, 2020

Honorable Magistrate Lois Bloom
United States District Court
225 Cadman Plaza East
Courtroom 4H North
Brooklyn, New York 11201

Re:   Rudler v. MLA, et. al.
Court No.: 19-cv-2170

**DEFENDANTS' LETTER MOTION RESPONSE TO PLAINTIFF'S COUNSEL'S LETER OF DECEMBER 16, 2020**

Dear Magistrate Judge Bloom:

On today's date, December 16, 2020, I received a copy of the Plaintiff's attorney's letter motion addressed to this Court. The following will serve as Defendants' response which disputes the erroneous assertions made by Plaintiff's attorney.

First, I was not aware of a filing deadline of December 6, 2020 for a response to the Plaintiff's motion which was referred to your honor by Judge Komitee. Based upon the language contained the Order referring the matter to this Court, I was unaware of a filing deadline.

Additionally, the plaintiff's motion is specious in the first instance, as the attorney filing the motion is well aware that defendant MLA Law Offices, Ltd. is the only professional legal entity having any connection whatsoever to the claims made in the plaintiff's complaint. This same attorney is also well aware, based upon taking attorney John L. Malevitis' deposition over several hours, that attorney Malevitis' law practice engages in the practice of law in several other areas of law, wholly unrelated to the plaintiff's complaint.

Equally egregious is that this same attorney is well aware that the other areas of Mr. Malevitis' law practices are designated as different professional corporations that are separate and apart from defendant MLA Law Offices, Ltd. and are in good standing with the Secretary of State of Illinois and the Illinois Supreme Court as properly registered law firms.

These other law firms for which plaintiff's attorney believes a right exists to pierce the corporate veil have absolutely nothing to do with the allegations made in the plaintiff's

1

2

complaint against attorney John L. Malevitis and his law firm, MLA Law Office Ltd., the only named defendants in the case before this Court. Accordingly, there exists no good faith basis by the plaintiff's attorney to make this claim and instead is made in violation of Rule 11.

Defendants herein request that this Court enter an Order denying the plaintiff's motion, or in the alternative, granting the defendants time to file a written response to the plaintiff's motion. I appreciate the courtesy and consideration given by your honor to the matters before the Court.

Very truly yours,

/s/ John L. Malevitis, Esq.

JLM/pg

cc: all parties by ECF