

July 16, 2021

Honorable Eric R. Komitee, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

Re: <u>Rudler v. MLA Law Offices, LTD et al.</u>, No. 1:19-cv-02170-ERK-LB

Dear Judge Komitee:

My firm represents the Plaintiff in the matter above. I ask that, given the simplicity of the issues, the Court accept this less formal briefing on Defendants' Objections to Report and Recommendation (ECF No. 90).

While there is no merit to any of the issues raised, the Court need not — and should not — even reach those issues. Moore's Federal Practice explains that the arguments Defendants make are waived:

> A party's failure to present timely arguments, case law, or evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order.

James Wm. Moore et al., *Moore's Federal Practice* § 72.11[1][a] (3d ed. 2000). *See also*, *Grand River Enters. Six Nations, Ltd. v. King*, 2009 U.S. Dist. LEXIS 50527, at *18-19 (S.D.N.Y. May 15, 2009); *Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").

Defendants never raised any of the (meritless) arguments they make in their briefing to Magistrate Judge Bloom. *See* ECF No. 86. They barely raised arguments at all, in an untimely filing: all they did was seemingly ask for Rule 11 sanctions (*id.* at 2) and complain the Notice of Motion was not sufficiently clear in making Defendants "[]aware of a filing deadline (*id.* at 1) when it stated "under Fed. R. Civ. P. 27(a)(3), unless otherwise ordered by this Court, response must be filed within 10 days after service of the motion." ECF No. 84 at 2. But the rule against raising new arguments in objecting to a Report "applies with even greater force to a party who has failed to raise any timely argument before the magistrate judge." *Pro-Choice Network v. Project Rescue*, 848 F. Supp. 400, 403 (W.D.N.Y. 1994). And the thin arguments Defendants raised were not timely. Thus, "because defendants … have waived the right to file objections, the Court [should] adopt[] Magistrate Judge [Bloom']s recommendation." *Id.* (footnote omitted).



Judge Bloom's Report is thorough, thoughtful, and does exactly what a fee decision is supposed to: accomplish "rough justice" (rather becoming a "green-eyeshade accountant" seeking "auditing perfection") in the case. *Fox v. Vice*, 563 U.S. 826, 838 (2011). As Your Honor observed at a conference some time ago, Judge Bloom has been involved in this case from the outset, and has the best sense of what it has required. Touching on the merits briefly, though, Defendants' arguments largely ignore that the "whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011).

And as the Court can see from the timesheets, the only thing that drove up the fees in this case was Defendants' behavior. The straightforward complaint — that led, as soon as Defendants retained counsel, to an admission of liability[1] — only involved 3.8 hours of work. *See* ECF 84-4 at 7. Everything that followed was Plaintiff "meeting the demands required by the [Defendants'] aggressive litigation decisions." *HomeAway.com, Inc. v. City of New York*, _ F. Supp. 3d _, 2021 U.S. Dist. LEXIS 37643, at *32 (S.D.N.Y. Mar. 1, 2021) (S.D.N.Y. Mar. 1, 2021). For that, the Court should "not penalize" Plaintiff. *Id.* Put differently, Defendants litigated everything they could think to[2] — to say nothing of sending constant sanctions threats (which are met by a reasonable attorney with a higher degree of care to the work that follows). "It is well recognized that a party 'cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.'" *Hack v. Stang*, No. 13-cv-5713 (AJN), 2015 U.S. Dist. LEXIS 116341, at *24 (S.D.N.Y. Sep. 1, 2015) (*quoting City of Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (1986)). *See also, Johnson v City of NY*, 2016 US Dist LEXIS 17088, at *10 (EDNY Jan. 30, 2016). And, even then, what Defendants' arguments had in vigor they lacked in clarity. So, often, that "lack of clarity left Plaintiffs with no option but to research and prepare [all] possible theories." *Barbour v. City of White Plains*, 2013 U.S. Dist. LEXIS 144924 at *13-15 (SDNY 2013). Thus, Defendants' proportionality argument — even if it were not foreclosed by binding Second Circuit and Supreme Court decisions — would fail on its own terms.[3]

Past there, the Settlement Agreement bars the arguments as well. It provides that Plaintiff would be entitled to recover "all time reasonably involved in this case, inclusive of time all spent on class-related discovery and class certification as well as all other motions involved in litigating this

---

[1] Defendants violated basically the first command of the FDCPA: including the amount of a debt in the tens of thousands of collection letters they send out in a year. *See* 15 U.S.C. § 1692g(a)(1). But, in their *pro se* answer, Defendants denied this without explanation. *See* ECF No. 35 ¶ 57. Once counsel appeared, this basic misunderstanding was corrected. *See* Order, ECF No. 75 at 2 n. 2 (*citing* Amended Answer at ¶ 69, ECF No. 60, admitting Amended Complaint at ¶ 72, ECF No. 51).

[2] For a more thorough discussion of this case's history, see Plaintiff's Memorandum (ECF No. 84-1 at 3-6 (as paginated)), as well as the Green Declaration (ECF No. 84-2 ¶¶ 27-38), both submitted with the original motion.

[3] As to Defendants' arguments about credentials, to the extent they are not barred by the So-Ordered Settlement Agreement (I hope a short review of Ms. Massimi and my CVs deal with those.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



case." ECF No. 83 ¶ 5(a). Defendants now seem to regret that agreement. But that regret is neither here nor there.

Two brief final notes: *First,* if there is anything in Judge Bloom's decision worth revisiting, it might be that it arguably sets fees too low. True, the hourly rates she set are in line with a lot of decision in the Eastern District of New York — and Plaintiff conceded as much. *See* ECF 84-1 at 8 n. 7 (noting the "Court would be within the range of ordinary discretion to award fees at $300/hr" for both myself and Ms. Massimi). But "Courts have previously questioned the wisdom and fairness of utilizing a prevailing rate that differs on average by more than $100.00 per hour depending on which side of the Brooklyn Bridge the court sits." *United States v. Am. Univ. of Beirut*, 2017 U.S. Dist. LEXIS 132269 at *3 (S.D.N.Y. 2017); *see also* ECF No. 84-2 ¶ 17 n. 3 (noting the differences between SDNY and EDNY rates). This is perhaps what is driving the handful of cases where EDNY District Judges award rates well outside of the range Judge Bloom's Report describes. *Compare, e.g,* ECF 88 at 6 (collecting cases with depressed hourly rates); *with Avail Holding LLC v Ramos*, 2020 US Dist LEXIS 229411, at *4 (EDNY Dec. 7, 2020) (Judge Cogan stating he "would have awarded" a sixth-year associate $400/hr, had he asked).[4]

*Second*, and much more in the way of housekeeping, because Defendants have once again forced counsel to incur fees, the Court should add an appropriate amount to the fee award for the time spent drafting this letter. I have, in fact, spent about two hours on it. But the arguments raised probably did not actually merit that. So I would ask for .5 hours, at $300/hr (or, $150).

Should the Court have any questions, or want to dig into any of the issues raised, I would be more than happy to address them at oral argument. Otherwise, I would ask that the Court reject Defendants' objections summarily — as Judge Bloom suggested, "it is time to put this simple case to bed." ECF No. 88 at 11 n. 10 (cleaned up).

Respectfully submitted,

/s/
_____
J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

---

[4] While in a different area of law, in considering fee awards, "Congress made clear that it intended that the amount of fees awarded under [fee statutes] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases.'" *Rivera*, 477 U.S. at 575 (cleaned up). FDCPA cases are simple, relatively speaking, but still should command rates that reflect what the actual market pays. *See also,* Victor Marrero, *The Cost of Rules, the Rule of Costs*, 37 Cardozo L. Rev. 1599, 1612-13 (2016) (observing the striking rise in billing rates in more recent years).

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com