```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 BRITNEY RUDLER,

                   Plaintiff,              **MEMORANDUM & ORDER**
                                           19-CV-2170(EK)(LB)

         -against-

 MLA LAW OFFICES, LTD, and JOHN L.
 MALEVITIS,

                   Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

      Plaintiff Britney Rudler sued John Malevitis and his law firm, MLA Law Offices, under the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law ("NY GBL"). The parties agreed in October 2020 to settle the case, following which Plaintiff moved for attorneys' fees and costs. I referred that motion to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"). The R&R recommends awarding Plaintiff $52,822.00 in attorneys' fees and $1,612.00 in costs; Defendants object on the grounds that both awards are too high. For the reasons set out below, I adopt the R&R with modest adjustments to the attorneys' fees award.

## I. Plaintiff's Motion

Following settlement, Plaintiff moved for attorneys' fees and costs under the fee-shifting statutes governing FDCPA and NY GBL claims. 15 U.S.C. § 1692k(a)(3); NY GBL § 349(h). Plaintiff sought $79,792.00 in fees and costs. Plaintiff arrived at this figure by applying a rate of $375 per hour for 144.2 hours billed by attorney J. Remy Green; $400 per hour for 58.8 hours billed by attorney Jessica Massimi; and $70 per hour for 8.35 hours billed by an unnamed paralegal. Plaintiff also sought $1,612.80 in costs, comprised of the $400 filing fee and the $1,212.80 cost of retaining a court reporter for Malevitis's deposition. Lastly, Plaintiff requested that the Court "pierce the corporate veil" of "Paladin Law, LTD., or any other wholly-owned entity" that Malevitis controls, in the event he moves assets needed to satisfy the award requested in Plaintiff's motion. Pl.'s Notice of Mot. at 1, ECF No. 84.

In their (untimely) opposition to Plaintiff's fee request, Defendants disputed the veil-piercing aspect of the motion. *See* Defs.' Letter Mot. Response to Pl.'s Counsel's Letter of Dec. 16, 2020 at 1-2, ECF No. 86. They also acknowledged they were "unaware of the filing deadline" in question. *Id.* at 1.

2

## II. The R&R

The R&R recommends awarding attorneys' fees of $52,822.00 — somewhat less than Plaintiff had requested — and the full amount of requested costs ($1,612.00). In reaching this determination, Judge Bloom concluded that the reasonable hourly rate for both attorneys was $300, rather than the requested $375 and $400 for attorneys Green and Massimi, respectively. She also applied a fifteen-percent reduction to the bulk of their hours, because she deemed them excessive. Judge Bloom also rejected Plaintiff's request to pierce the corporate veil.

Defendants objected to the R&R. They argued, for the first time, that (1) the reasonable hourly rate for attorney Green should be $200; (2) the reasonable hourly rate for Massimi should be $215; (3) the hours billed by the unnamed paralegal should be disregarded entirely; (4) the number of hours billed by Green and Massimi should be further reduced because they were excessive; and (5) Defendants should not be liable for costs associated with the deposition of defendant Malevitis.

## III. Legal Standard

District "courts generally should not consider new arguments raised in R&R objections." *Oxford Techs., Inc. v. E./W. Indus., Inc.*, No. 18-CV-1992, 2019 WL 4291584, at *2 (E.D.N.Y. Sept. 11, 2019). Where an objection does raise

3

arguments that were not presented to the magistrate judge, courts review the R&R for clear error. *E.g.*, *Isaac v. City of New York*, No. 16-CV-4729, 2018 WL 4583481, at *4 (E.D.N.Y. Sept. 24, 2018).

Nevertheless, a district judge retains authority to "accept, reject, or modify" recommended conclusions. 28 U.S.C. § 636(b)(1). Section 636 gives R&Rs no "presumptive weight," *Mathews v. Weber*, 423 U.S. 261, 271 (1976); instead, district courts are free to review the case "in whole or in part anew." *Id*. In the end, "the responsibility to make an informed, final determination . . . remains with the [district] judge." *Id*.

## IV. Discussion

In determining an attorney's reasonable hourly rate, courts consider the in-district rates awarded to lawyers of similar experience, among other things. Report and Recommendation ("R&R") at 5, ECF No. 88; *Favors v. Cuomo*, 39 F. Supp. 3d 276, 300 (E.D.N.Y. 2014). In this district, hourly rates for law partners with over ten years' worth of experience in FDCPA cases generally range from $300 to $350. *See* R&R at 6 (citing cases).

As the R&R notes, however, Mx. Green graduated from law school approximately five years ago, in 2016, and the record does not reflect the year of their admission to the practice of

4

law.  *See id.* at 6 n.6.[1]  Attorney Green is well credentialed for an attorney of this seniority, having worked at a prominent national law firm and founded their own firm thereafter.  Given this relatively short tenure practicing law, however, another court in this district recently reduced Green's hourly rate to $200 in an FDCPA case.  *See Rudler v. Houslanger*, No. 18-CV-7068, 2020 WL 473619, at *6 (E.D.N.Y. Jan. 29, 2020).  I do not go that far, given the passage of time and the accumulation of additional experience post-*Houslanger*; instead, I conclude that a rate modestly below the one recommended by the R&R here is appropriate.  I therefore reduce the hourly rate for attorney Green to $275 (approximately 8% below the R&R recommendation).

It should go without saying that none of the foregoing reflects in any way on the quality of Mx. Green's experience or handling of the instant case.  Instead, this modest reduction is simply a function of the *Johnson* factors, *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and the rate ranges prevailing in the case law of this district.  *Cf. Lilly v. City of New York*, 934 F.3d 222, 232-33 (2d Cir. 2019) (the "twelve *Johnson* factors remain important tools for helping district courts calculate the lodestar").

---

[1] Plaintiff's July 16, 2021 filing in opposition to Defendants' Objections identifies they / them / their as Mx. Green's preferred pronouns.

5

I adjust attorney Massimi's rate to the same level. Though she was closer to, if not located within, the ten-year-plus range of experience when the fee request was submitted, she was "of counsel" at Plaintiff's law firm, and the case law typically applies a meaningfully higher rate to partners' time than that of other lawyers. *See, e.g.*, *Cleanup N. Brooklyn v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 404 (E.D.N.Y. 2019) ("[P]revailing rates for attorneys in the E.D.N.Y. . . . are approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates.").[2]

Applying this change, the attorneys' fees award is $48,606.38 with $1,612.00 in costs.[3]

---

[2] Titles do not always control. *See Houslanger*, 2020 WL 473619, at *5 (the "mantle" of partner does not control absent commensurate experience). But the mantle is not, presumably, a matter of pure semantics. Partners typically play the senior role in directing case strategy. Moreover, they take on the equity risk of the law firm, going on the hook for lease payments and the like; this too supports a higher rate, all else equal.

Separately, the R&R notes that Massimi's experience was (according to her webpage) primarily in other subject-matter areas. But these areas (police misconduct and employment discrimination) involve federal court practice and statutory schemes of similar (if not greater) complexity. In my view the divergence in subject matter, such as it is, is not a basis for any further reduction of the hourly rate.

[3] This fee calculation includes the thirty minutes for which Green seeks reimbursement in connection with the preparation of Plaintiff's response to Defendants' Objections to the R&R. *See* Pl.'s Mem. in Opp. Regarding Obj. to Report and Recommendations at 3, ECF No. 91.

The fee award is comprised of: 10.5 hours for Green (for fee application) x $275 = $2,887.50; 0.5 additional hours for Green (for the Opposition here) = $137.50; 133.7 hours for Green (pre-fee application) x .85

## V. Conclusion

For the reasons set out above, I adopt the Report and Recommendation but reduce the hourly rate calculation for attorneys Green and Massimi to $275 from $300. I grant Plaintiff's motion for attorneys' fees and costs with that modification. Defendants shall pay $48,606.38 in attorneys' fees and $1,612.00 in costs. Plaintiff's request to apply a "veil-piercing" theory to Malevitis's wholly-owned entities is denied. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 27, 2021
       Brooklyn, New York

---

(15% reduction) x $275 = $31,252.38; 58.8 hours for Massimi (all pre-fee application) x .85 x $275 = $13,744.50; and 8.35 paralegal hours x $70 = $584.50.

7