

November 2, 2021

Honorable Eric R. Komitee, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

      Re:      <u>Rudler v. MLA Law Offices, LTD et al.</u>, No. 1:19-cv-02170-ERK-LB

Dear Judge Komitee:

      My firm represents the Plaintiff in the matter above. I write to confirm that Defendants have defaulted in opposing Plaintiff's motion for contempt (ECF No. 94). Plaintiff's motion was filed on October 21. Under Fed. R. Civ. P. 27(a)(3)(A), a response to a motion must be filed within 10 days. That 10 days ran on Sunday, October 31, rolling the deadline over to Monday, November 1 under Fed. R. Civ. P. 6(a)(1)(C). Defendants have still not filed any response. Thus, because the burden on a contempt motion of this kind is the contemptor's (*see generally, Huber v Mar. Midland Bank*, 51 F3d 5 (2d Cir 1995)), the Court should grant Plaintiff's motion.[1]

      Additionally, there is little question this default is intentional — and so the Court should not provide a further opportunity for Defendants to respond. As the Court noted in its order on Defendants' objections to Magistrate Judge Bloom's attorneys' fee R&R, Defendants have previously claimed they were "unaware of the filing deadline" set by the Federal Rules, leading to an "(untimely) opposition to Plaintiff's fee request." ECF No. 92 at 2; *see also* ECF 85. Given that the Court specifically noted this in its most recent order, Defendants' failure to respond or seek an extension here appears intentional. And given that the fee application was fully submitted in December of last year (*id.*), Plaintiff should be allowed to finally collect her fees without further delay.

      As ever, I thank the Court for its time and consideration — and hope that the book can finally be closed on this case soon.

---

[1] Had Plaintiff asked for something other than the lowest level contempt sanction (an order declaring contempt), the remedy might not be automatic in the same way, as the sanction imposed always falls to the sound discretion of the Court. However, since the sanction requested is the minimum, nothing remains to the Court's discretion (unless the Court believes some *more* severe sanction is warranted).
      That said, if the Court is not inclined to grant this application on default (contempt is, after all, a dramatic remedy), there is no reason for the Court to hold off in issuing a full order to show cause (*see* ECF No. 94 at 1), which would allow Defendants a clear, last chance to meet their burden to avoid contempt



                                  Respectfully submitted,

                                      /s/
                                _____

                                J. Remy Green
                                    *Honorific/Pronouns: Mx., they/their/them*
                                **COHEN&GREEN P.L.L.C.**
                                *Attorneys for Plaintiff*
                                1639 Centre St., Suite 216
                                Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com