**MLA LAW OFFICES, LTD.**
**109 SYMONDS DRIVE**
**UNIT 156**
**HINSDALE, ILLINOIS 60522**
**312/933-1100**
**jhnymal@comcast.net**

December 22, 2021

Honorable Eric Komitee
United States District Court
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, New York 11201

Re: Rudler v. MLA Law Offices, Ltd., et. al.
Court No.: 19-cv-2170

Dear Judge Komitee:

## DEFENDANTS' LETTER RESPONSE TO ORDER TO SHOW CAUSE FOR CONTEMPT

This Court entered an Order granting Plaintiff's Motion for Order to Show Cause for contempt based upon a judgment order entered on September 28, 2021 granting attorney's fees in the amount of $48,606.38 and costs in the amount of $1,612.00. Because the defendants did not file a response to plaintiff's motion letter of October 21, 2021, this Court entered the aforesaid Order against the defendants. The plaintiff's attorney thereafter and improperly moved for contempt against the defendants for failure to pay the attorney's fees awarded in this Court's Order of September 17, 2021 and September 18, 2021.

The award of attorney's fees and failure to pay by defendants does not authorize and/or merit a civil contempt proceeding against the defendants because the plaintiff's attorney labeled the motion as a motion for contempt. The judgment of attorney's fees awarded in the present case by this Court was just that…a money judgment and not a sanction against the defendants. **SD Protection v. Del Rio,** 587 F. Supp. 2d, 429 (E.D.N.Y. 2008).

The award of attorney's fees against Defendant MLA and attorney John L. Malevitis is a money judgment and as a result, the contempt power authorized by Rule 70(e) which apparently the plaintiff's attorney seeks herein cannot be used to coerce the defendants' compliance with the money judgment. Rule 69 of the Federal Rules govern the process to enforce a judgment for the payment of money. Rule 69 provides in pertinent part that a "money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. Rule 69(a)(1). Rule 69(a) further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

1

Equally significant to the facts at bar, Rule 69 further provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person-including the judgment debtor-as provided in the federal rules or by the procedure of the state where the court is located." Fed. R. Civ. P. Rule 69(a)(2). In the case at bar, the plaintiff's attorney failed to follow Rule 69 in even the most dimininus manner, and instead decided to file a motion for contempt for a money judgment which is improperly labeled and wrongfully brought against the defendants in the first instance. For those reasons alone the motion for contempt should be stricken and dismissed.

It is clear that Rule 69(a)(1) provides that a "money judgment is enforced by writ of execution unless the court otherwise directs." The correct means for a party to enforce compliance with a money judgment is to seek a writ of execution from the Court pursuant to Rule 69, not to obtain a fine of contempt for the period of non-payment. See **El-Tabech v. Clarke,** 616 F. 3d 834, 839(8th Cir. 2010).

Moreover, as a federal practice treatise unequivocally explained: "Rule 69(a)(1) provides that a "money judgment is enforced by writ or execution, unless the court otherwise directs." This language seems to contemplate a means to enforce money judgments other than by writ of execution. However, such other means are confined to cases in which established principles warrant equitable relief, such as when execution would be an inadequate remedy. For example, enforcement through the imposition of a contempt sanction would not be authorized absent exceptional circumstances." **13 James W. Moore, et. al., Moore's Federal Practice, Section 60.03 [1] (3d ed. 2013).**

In the case at bar the plaintiff's attorney did not even attempt to seek a writ of execution at any time so that there may arguably be evidence that the writ would be an inadequate remedy. There is no evidence before this Court that the proscribed remedy for collection of a money judgment is inadequate in the present case.

Equally significant, prior to filing the present motion for contempt, the plaintiff's attorney did not engage in any post-judgment discovery to at least be entitled to make an argument to this Court that a writ of execution would be an inadequate remedy in the case at bar. See **13 James W. Moore, et. al., Moore's Federal Practice, Section 60.03 [1] (3d ed. 2013); and Gabovitch v. Lundy,** 584 F.2d 559, 560-61 (1st Cir. 1978). ("[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule... [T]he purpose of the first sentence of Rule 69(a) is to restrict remedies on money judgments to legal process and to avoid broad invocation of in personam relief, except where established principles warrant relief."). The "otherwise" clause should be read narrowly and limited to situations where well-established principles warrant such use. Fed R. Civ. P. 69(a); and **Aetna Cas. & Sur. Co. v. Markarian,** 114 F. 3d 346, 349 (1st Cir. 1997).

In **Ecopetrol S.A. v. Offshore Exploration and Prod.,** 172 F. Supp. 3d 691 (S.D.N.Y. 2016), the plaintiff moved the Court by order to show cause for an unsatisfied judgment against defendant for an order of contempt against defendant company and defendant's principal and representative. In denying the motion for contempt against defendants, the Court stated the judgment in the case, enforcing an arbitral award assessing damages for a breach of contract claim

2

between private parties was no more than an ordinary money judgment under Rule 69, and since the judgment was an ordinary money judgment and because contempt power should not be used to enforce a money judgment, the Court denied the plaintiff's motion for contempt against the defendant company and against the personal representative of the defendant company.

Cases from other circuits have similarly held that a party may not enforce a money judgment, including a consent judgment calling for installment payments or payment of a sum certain, by means of a contempt citation. **Combs v. Ryan's Coal Co., Inc.,** 785 F. 2d 970, 980-81 (11th Cir. 1986) (consent decree calling for installment payments by particular dates was properly characterized as a money judgment; entry of an order of contempt for failure to comply with consent decree would have been reversible error, as the appropriate remedy is a writ of execution, not a finding of contempt; **Shuffler v. Heritage Bank,** 720 F. 2d 1141-48 (9th Cir. 1983).

In the case at bar, the plaintiff's attorney cites **Yimby, Inc. v. Fedak,** 2017 U.S. Dist. LEXIS 96700 at 9 (S.D.N.Y. June 22, 2017) in support of the motion for contempt against defendants. This case and argument based upon it by the plaintiff's attorney is inapposite to the issues before the Court and is clearly distinguished from the facts at bar.

In **Yimby, supra,** the plaintiff brought suit against defendant seeking to recover property defendants allegedly took and also sought money damages via a temporary restraining order (TRO). The Court granted the plaintiff a TRO and ordered the plaintiff to post a bond which he failed to do. Subsequently, after the plaintiff's counsel advised the Court that he could no longer rely on material previously used to support the TRO, the plaintiff moved to dismiss the TRO on its own motion.

The employment agreement at issue before the Court in **Yimby, supra,** was allegedly forged by the plaintiff's CEO and that agreement was central in the Court's initially granting the TRO. Defendant's attorney agreed to the dismissal with the stipulation that he could move the court later for sanctions against the plaintiff. The Court in **Yimby, supra,** thereafter ordered "sanctions" against the plaintiff for ostensibly the forgery of the employment agreement and the improperly filed TRO. The Court awarded the defendant $30,000.00 as "sanctions" against the plaintiff for its misconduct. In the case at bar there have been no sanctions assessed against either defendant for misconduct or otherwise in the money judgment of attorney's awarded and this Court has never ordered that this award of attorney's fees is a sanction against the defendants.

Likewise, the plaintiff mistakenly relies on the facts in **Ramgoolie v. Rangoolie,** 16-cv-3345, 2020 U.S. Dist. LEXIS33145 at 7, (S.D.N.Y. Feb. 25, 2020) which is likewise inapposite and distinguished from the facts before this Court. In **Ramgoolie, supra,** the pro se plaintiff sued defendant for breach of contract. All named defendants, with the exception of defendant Andy Ramgoolie, were dismissed from the case. Each side filed respective motions for summary judgment and then plaintiff filed a motion seeking sanctions against defendant pursuant to Rule 37 for failure to produce documents during discovery. The plaintiff's motion to compel requested the imposition of attorney's fees as sanctions against the defendant for legal costs incurred in bringing the motion to compel. Hence, unlike the facts in the case before this Court, in **Ramgoolie, supra,** there was an alleged discovery violation under Rule 37 which allowed the plaintiff to request the imposition of attorney's fees as a sanction for noncompliance with discovery. In the case at bar

the award of attorney's fees was not an award of "sanctions" against either defendant at any time. It was then and is presently a money judgment against the defendants.

This plaintiff's attorney improperly and wholly disregarded Rule 69 in filing and bringing a motion for contempt against the defendants. This same attorney's disingenuous motion for contempt stated as fact to this Court, "Defendants flew to New York to appear in person on a pre-motion conference on a motion to dismiss that had little basis in law." (Doc. 94). In reading this attorney's declaration in the context it was written, it was clearly intended to imply that defendants have funds to pay a money judgment to the plaintiff as evidenced by an expenditure of unnecessary funds in traveling to Court in New York for a motion and hearing which had no legal basis.

In fact, and at all times known by this same plaintiff's attorney who also appeared in person, the defendants filed a motion and requested to appear telephonically (Doc. 39) based upon the distance and expenses that would be incurred. However, the defendants' motion to appear telephonically was denied and the attendant Order was entered on December 18, 2019 by Judge LaShann DeArcy Hall. Accordingly, the defendants appeared in person before Judge Hall pursuant to the Order as aforesaid. For this same attorney to attempt what has become its common smoke and mirror practice utilized throughout this case is in fact deplorable and sanctionable.

It is clear that the plaintiff's attorney labeled and created the present motion for contempt without any basis in fact or law, and as such this Court should strike and dismiss the motion for contempt against the defendants.

Thank you for your courtesy and consideration.

Respectfully submitted,

s/ John L. Malevitis, Esq.

JLM/pg
cc: Parties of record via ECF