

March 16, 2022

Honorable Judge Lois Bloom
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Hand Delivery.

    Re:    <u>Rudler v. MLA Law Offices, LTD et al.</u>, No. 1:19-cv-02170-ERK-LB

Dear Judge Bloom:

    My firm represents the Plaintiff in the above-captioned matter. We write pursuant to the Court's Individual Practice 5(A), requesting an order compelling post-judgment discovery from Defendants. *See, e.g.,* F*errara v Metro D Excavation & Found., Inc.,* 2012 US Dist LEXIS 22443, at *3- 4 (EDNY Feb. 22, 2012) (this Court enforcing post-judgment document requests under CPLR 5223 and 5224 through the Federal Rules incorporating them).

    By way of background, this case was an FDCPA and New York General Business Law case, regarding Defendants' form-letter attempts to collect debts on behalf of a third party. The case ultimately settled in a So-Ordered settlement with an injunction, some other bells and whistles, and an attorneys' fee provision. Despite the Court's order, Defendants have failed to comply with the settlement — and a motion is pending for contempt related to that. *See* Dkt. Nos. 94-97.

    In parallel to that contempt motion, Plaintiff sought post-judgment discovery. First, she served an information subpoena (**Exhibit 1**) — in response to which (**Exhibit 2**) Defendants claimed that ***neither*** Defendant had any "record of any account in which either [of them] ***may*** have an interest." Ex. 2 ¶ 1. In meeting and conferring on this, Defendants made clear that they interpreted the request to be limited strictly to accounts bearing their own names.[1] As a way of resolving that, and inquiring into the other strange assertions in Defendants' response, Plaintiff served a new information subpoena on March 4 (**Exhibit 3**). The new subpoena made clear that Plaintiff sought information related to the accounts of "every wholly owned corporation and law firm [Defendants] control" — at least to the extent those accounts are ones Mr. Malevitis has used to pay personal expenses.

    The seven-day timeframe under CPLR 5224(a)(3) has run for the second subpoena, and Defendants have not responded in any way since that discussion — and have not requested more time. Given Defendants' unduly narrow reading of the first information subpoena, Plaintiff is moving on both: Defendants should be directed to provide real answers that actually disclose the assets they control. And Defendants — having failed to respond to the second subpoena or ask for more time — should be found to waive all objections aside from privilege. *See generally Cohalan v. Genie Indus., Inc.*,

---

[1] As explained below, even this is not really credible — but is beside the point.



276 F.R.D. 161, 163 (S.D.N.Y. 2011) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.") (citing cases).

Given the posture, a few notes on why Defendants' answers are not believable are in order. Defendants have had issues with truth telling — even under oath — in this case. *See, for example,* Dkt. 22 at 2 (falsely stating Mr. Malevitis had only face discipline in Illinois, when he had also been suspended in Michigan); *see also,* Dkt. 76-3 at 3 (Defendants' **own accountant** stating "Mr. Malevitis has elected to omit substantially all of the disclosures and the statement of cash flows required by generally accepted accounting principles"). But the issues do not end there.

In another case, Judge Bernstein in Illinois entered a detailed, 14-page order (**Exhibit 4**) that begins with a statement that a motion filed by Mr. Malevitis "contains multiple misrepresentations of the facts, which encouraged the Court to be specific in its denial" before proceeding to detail many examples of dishonesty (sometimes, as here, relating to finances).[2] Ex. 4 at 1. The decision then catalogues many things Mr. Malevitis "misstates." *Id.* In short, taking a facially difficult to swallow statement — that Mr. Malevitis has **no** interest in any bank account anywhere in the world — at face value is even harder given Judge Bernstein's thorough rejection of Mr. Malevitis' credibility.

The divorce docket also shows facts that undermine the claims in Mr. Malevitis' claim he has no interest in any bank account. The short version is: Mr. Malevitis has used **some** bank account to pay hundreds of thousands of dollars in personal obligations to his ex-wife. A recent filing[3] shows that Mr. Malevitis has consistently paid around $6,000.00 a month to his ex-wife since November of 2018. In the meet and confer conducted, Mr. Malevitis readily admitted those payments "are made by one or more law firms not including MLA Law Offices, Ltd., and payments commenced sometime in 2013." Or, put differently, that Mr. Malevitis has sufficient control, interest, and ownership in **some** bank accounts to make purely personal payments using them — there is no reason he could not (if he desired) do the same for the money he owes in this case. Yet, confronted with this, he claimed "I never said that anybody or entity pays my expenses personally (which they don[']t), so you are not entitled to this information" — in direct contradiction to his prior statement.[4]

So, Plaintiff asks the Court to order Mr. Malevitis to respond within a reasonable time to the second information subpoena — with all objections waived — and to provide the documents sought in the second subpoena. The Court should also caution — as Your Honor did in *Ferrara* — that "[t]his is a Court Order and defendant[s] must comply" and sanctions will follow if Defendants withhold documents.

---

[2] Another note applicable to this and the pending contempt application: apparently civil contempt at least worked in part in getting Mr. Malevitis to pay his large, outstanding obligations under his divorce.

[3] Omitted here, but if formal motion practice is required, Plaintiff will fill out the record.

[4] Mr. Malevitis also made a comment about piercing the veil — but this point has nothing to do with veil-piercing. Rather, the issue (as highlighted in the second information subpoena) is that Mr. Malevitis wholly owns various companies — and those companies have a value. Yet he is refusing to disclose the value of those companies in response to Plaintiff's attempts to discovery his assets. It would be no more sound to refuse to disclose real estate held through a wholly owned corporation (as most real estate is held).

COHEN&GREEN                                                                                           Page 2 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



   Similarly, the Court should order Mr. Malevitis to amend his answers to the first subpoena where appropriate.  And finally, Plaintiff asks once again that the Court hold a brief conference (*see*, Dkt. 97 at 3), given that this case will likely become ***un***settled if Plaintiff is unable to collect her fees.[5]  A frank discussion of next steps seems like it would be in all parties interests.

                   Respectfully submitted,

                   /s/
                 _____

                J. Remy Green
                  *Honorific/Pronouns: Mx., they/their/them*
                **COHEN&GREEN P.L.L.C.**
                *Attorneys for Plaintiff*
                1639 Centre St., Suite 216
                Ridgewood, New York 11385

Enclosures.

cc:
All parties by ECF.

---

[5] Those fees, of course, constitute a substantial share of the consideration for the settlement of the case.  *See generally,* Dkt. 97.

Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com