**MLA LAW OFFICES, LTD.**
**109 SYMONDS DRIVE**
**UNIT 156**
**HINSDALE, ILLINOIS 60522**
312/933-1100
jhnymal@comcast.net

March 22, 2022

Honorable Magistrate Lois Bloom
United States District Court
225 Cadman Plaza East
Suite 1210
Brooklyn, New York 11201

Re: Rudler v. MLA, et. al.
Court No.: 19-cv-2170

Dear Magistrate Bloom:

    The following will serve as the defendants' letter response to plaintiff's attorney's letter to the Court dated March 16, 2022. For the foregoing reasons, this Court should deny the plaintiff's letter motion and request, and grant defendants' motion for sanctions against plaintiff and plaintiff's attorney.

    Defendants urge this Court to take notice of the plaintiff's attorney's blatant and fragrant violation of this Court's previous Orders and continued exhibition of incivility to counsel Malevitis, and also take note of the shameful and unwarranted display of unethical, harassing, and prejudicial conduct which has even exceeded the plaintiff's attorney's previous lows, by now committing defamation and false light invasion of privacy against attorney John L. Malevitis and the law of MLA Law Offices, Ltd. It is uncontradicted that this Court previously denied this same attorney's request to pierce the corporate veil and hold the law firm of Paladin Law, Ltd., a law firm having no relation or connection to the subject matter and/or parties before this Court, liable for the alleged conduct of the defendants herein. (Document #88).

    Moreover, on September 27, 2021 Judge Komitee also entered an Order denying these same requests by the plaintiff's attorney and held that "Plaintiff's request to apply a 'veil-piercing' theory to Malevitis's wholly-owned entities id denied." (Document #92). The plaintiff's attorney did not file a motion to reconsider and/or an appeal with regard to either your Honor Magistrate Bloom's Order or Judge Komitee's Order.

    Yet, in spite of those Court Orders entered by your Honor Magistrate Bloom and Judge Komitee, respectively, this same attorney believes an unequivocal right exists to flaunt and disregard the Court's specific denial of totally unrelated and irrelevant information to the case at bar by filing and again seeking this same information of Paladin Law, Ltd. in a thinly veiled attempt to revisit the piercing the corporate veil argument which was denied by this Court. This

1

entire ruse and smoke and mirrors charade of the plaintiff's attorney gets even more misguided, bizarre and further adrift from the case at bar by the plaintiff's unethical reference to a nine-year old (2013) disciplinary matter in Illinois and a thirteen (13) year old (2009) personal divorce proceeding involving attorney Malevitis and his family. This Court should note that although the plaintiff's complaint at bar was filed in 2019, plaintiff's attorney inexplicably believes that snippets taken out of context by the plaintiff's attorney relating to matters in 2009 and 2013 are relevant and germane to the case at bar.

      Counsel for the defendants advised the plaintiff's attorney that the continued attempt to seek information which was denied by the Court was harassing, labor and time intensive and taxing on his law firm and disruptive to the legal representation offered to other clients by Paladin Law, Ltd., and that any further attempts would be met with a request for sanctions and attorney's fees to compensate the attorney and law firm for the many hours expended responding to the plaintiff's attorney's frivolous games.

      In light of the flagrant disregard of this Court's Orders, the defendants request the imposition of sanctions against the plaintiff and plaintiff's attorney for the outrageous and continuous violation of Rule 11, and allow the defendants to submit a fee petition to the Court, instanter. Thank you for your courtesy and consideration.

Very truly yours,

s/ John L. Malevitis, Esq.

JLM/pg