UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRITNEY RUDLER, *on behalf of herself and all others similarly situated,*
                *Plaintiff,*
      v.

MLA Law Offices, LTD., and John L. Malevitis,
                *Defendants*

**Docket No. 19-CV-2170 (EK) (LB)**

# PLAINTIFF'S MEMORANDUM OF LAW AND OBJECTIONS TO THE APRIL 14 ORDER DENYING CONTEMPT AND SANCTIONS

J. Remy Green
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood (Queens), New York 11385
t : (929) 888-9480
f : (929) 888-9457
e : remy@femmelaw.com

April 26, 2022

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................ 1

RELEVANT FACTUAL & PROCEDURAL HISTORY ............................................... 2

ARGUMENT ....................................................................................................................... 5

    I.    The Order Erred as a Matter of Law in Finding Contempt Unavailable. ........................... 5

        a. A consent-decree-like So Ordered Settlement is, by design, enforced through the Court's contempt powers. ....................................................................................... 5

        b. The Order erred in its apparent refusal to consider Defendants' violations of the equitable terms in the Rider. ................................................................................. 8

    II.    The Order Failed to Address Sanctions at All. ................................................. 10

    III.    In the Alternative, the Court Below Should Have Entered an Order Enforcing the Settlement Using Lesser Inherent Powers. ............................................... 11

CONCLUSION................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aronov v Napolitano*,
　562 F3d 84 (1st Cir. 2009) ................................................................................................7

*Baker v Dorfman*,
　2005 US Dist LEXIS 796 (SDNY Jan. 3, 2005) ........................................................7, 8, 12

*Bldg. Serv. 32B-J Pension Fund v. Vanderveer Estates Holding, LLC*,
　127 F. Supp. 2d 490 (S.D.N.Y. 2001) ...............................................................................9

*Buckhannon Bd. & Care Home v W. Virginia Dept. of Health & Human Resources*,
　532 US 598 (2001) ........................................................................................................6, 7

*CBS Broad. Inc. v FilmOn.com, Inc.*,
　814 F3d 91 (2d Cir. 2016) .................................................................................................7

*Close-Up Intl., Inc. v Berov*,
　474 F App'x 790 (2d Cir. 2012) ........................................................................................9

*EEOC v Local 580, Intl. Assn. of Bridge, Structural & Ornamental Ironworkers, etc.*,
　925 F2d 588 (2d Cir 1991) ................................................................................................7

*First Cap. Asset Mgmt., Inc. v. Brickellbush, Inc.*,
　218 F. Supp. 2d 369 (S.D.N.Y.2002) ...............................................................................10

*Grand v Schwarz*,
　2018 US Dist LEXIS 17541 (SDNY Feb. 2, 2018) ....................................................6, 7, 8

*Hester Indus. v Tyson Foods*,
　1994 US Dist LEXIS 21388 (NDNY Sep. 7, 1994) ..........................................................8

*Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*,
　No. 16-CV-1318 (GBD) (BCM), 2017 U.S. Dist. LEXIS 221970 (S.D.N.Y. Sep. 27, 2017) .....................................................................................................................1, 6

*Juanes v Lyzwinski*,
　2013 US Dist LEXIS 97417 (NDNY July 12, 2013) ........................................................7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
　511 U.S. 375 (1994) ...........................................................................................................6

*Kokkonen v Guardian Life Ins. Co. of Am.*,
　511 US 375 (1994).................................................................................................................12

*Perez v Westchester Cnty. Dept. of Corr.*,
　587 F3d 143 (2d Cir. 2009)......................................................................................................6

*Powell v Ward*,
　643 F2d 924 (2d Cir. 1981).................................................................................................3, 7

*Roberson v Giuliani*,
　346 F3d 75 (2d Cir. 2003)...............................................................................................4, 6, 7

*Scholes v. Lehmann*,
　56 F.3d 750 (7th Cir. 1995) .....................................................................................................5

*Scot. Air Intl. v Br. Caledonian Grp., PLC*,
　867 F Supp 262 (SDNY 1994).................................................................................................6

*SD Protection, Inc. v. Del Rio*,
　587 F. Supp. 2d 429 (E.D.N.Y. 2008) .....................................................................................3

*StreetEasy, Inc. v Chertok*,
　752 F3d 298 (2d Cir. 2014)......................................................................................................1

*Tyree Bros. Environmental Services, Inc. v. Ferguson Propeller, Inc.*,
　247 A.D.2d 376, 669 N.Y.S.2d 221 (2d Dep't 1998).......................................................10, 11

*U.S. SEC v Citigroup Glob. Mkts*,
　752 F3d 285 (2d Cir. 2014)......................................................................................................7

*In re UBS AG Sec. Litig.*,
　No. 07 Civ. 11225, 2012 U.S. Dist. LEXIS 141449, 2012 WL 4471265
　(S.D.N.Y. Sept. 28, 2012).......................................................................................................10

*United States v. Waterbury*,
　No. 5:18-cv-440, 2021 U.S. Dist. LEXIS 180652 (N.D.N.Y. Sep. 22, 2021)..........................4

**Statutes**

28 U.S.C. § 1927................................................................................................................10, 11

**Other Authorities**

Fed. R. Civ. P. Rule 11(b)(1)...................................................................................................10

Fed. R. Civ. P. 69..........................................................................................................2, 5, 11

Fed. R. Civ. P. 72......................................................................................................................5, 11

Fed. R. Civ. P. 72(a) ................................................................................................................2

**PRELIMINARY STATEMENT**

The Court So-Ordered a Settlement nearly two years ago, in November 2020. Dkt. No. 83. Plaintiff is trying her best to put it to bed. Consistent with the Court's very broad powers to "manage its proceedings, vindicate its authority, and effectuate its decrees," Plaintiff sought to compel enforcement of the Settlement's terms through contempt. *StreetEasy, Inc. v Chertok*, 752 F3d 298, 305 (2d Cir. 2014) (vacating contempt because the settlement did not retain jurisdiction).

There is no question the Court retained jurisdiction to enforce the Settlement: it contains a broad injunction and a variety of other equitable terms (to say nothing of leaving certain decisions to the Court). Nor is there any question Defendants have not performed under the Settlement — they contested none of the elements of contempt. Rather, Defendants argued that, because the Court happened to reduce a portion of the So-Ordered Settlement to a money judgment, the Court somehow lost jurisdiction to enforce the Settlement's "terms … through its contempt power." *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2017 U.S. Dist. LEXIS 221970, at *31 n.15 (S.D.N.Y. Sep. 27, 2017). That argument makes no sense, and doesn't follow: the mere act of entering a judgment does not deprive the Court of an otherwise existing inherent power.

Unfortunately, the Order Magistrate Judge Bloom entered on the motion and the Court's Order to Show Cause appears to have overlooked that the "Settlement Agreement [had] been incorporated into the Stipulated Injunction" (*id.*), placing its terms within the Court's contempt jurisdiction.[1] That Order simply does not address the issues that emerge when a Court So-Orders

---

[1] Indeed, as explained below, the reasoning seems to suggest the Order was written without access to or review of the full papers on the relevant motion — and instead, mostly from reading the papers on the motion to compel instead.

a Settlement that takes substantially the form of a consent decree — with both equitable and financial terms. Instead, the Order's brief analysis focused solely on Rule 69, glossing over both the appropriate contempt test (emerging from the un-distinguished consent decree cases Plaintiff cited) and the request (and Show Cause Order) for sanctions altogether. That failure to apply the appropriate law — and failure to resolve a squarely presented issue altogether — is both "clearly erroneous" and "contrary to law," and therefore the Court "must … modify or set aside any" relevant "part of the order." Fed. R. Civ. P. 72(a).

## **RELEVANT FACTUAL & PROCEDURAL HISTORY**

This case is in the post-judgment and post settlement phase. The Court So-Ordered a Settlement (Dkt. No. 83) that included a variety of terms. Among other things, the Court Ordered an ongoing, permanent, broad injunction (¶ 7), a finding of liability (p. 1; ¶ 3), certain individual damages (¶ 2), an equitable bond on attorneys' fees (¶ 1, incorporating the confidential Rider submitted to Chambers); and payment of attorneys' fees in an amount to be determined with certain findings made in advance (¶ 4-5). Defendants did not pay attorneys' fees, or post the bond required. So, in addition to moving forward with other remedies, Plaintiff sought to enforce the Settlement (through contempt). Defendants failed to respond, so (at Plaintiff's request) the Court issued a Show Cause Order on both sanctions and contempt:

> "Plaintiff's motion for an order to show cause is granted. Defendants have not replied to Plaintiff's motion for contempt. By December 22, 2021, Defendants shall file a letter responding to the order to show cause why they should not be (a) held in contempt and (b) sanctioned for noncompliance with the Court's Order of September 27, 2021."

Dec. 9, 2021 Minute Order. Defendants ultimately filed a response that failed to address sanctions at all, and treated the So Ordered settlement as if it were an ordinary money judgment.

For clarity, Defendants did not dispute:

2

1. That they violated the Settlement Order, as well as other orders to pay attorneys' fees;

2. That they could comply with the Order;

3. That they had no legal justification for non-compliance;

4. That they made **no** efforts at compliance, to say nothing of any claim to have "been reasonably diligent and energetic in attempting to accomplish what was ordered." *Powell v Ward*, 643 F2d 924, 931 (2d Cir. 1981).

Instead, all Defendants argued was that contempt was inappropriate, citing the line of authority about traditional money judgments. In reply, Plaintiff explained that while "if the case had been resolved by summary judgment or a trial," Defendants would be right, because "this case resolved on a consent decree-like So-Ordered Settlement," the Court's contempt power is in play. Dkt. No. 97 at 1-2 (collecting cases).

The Order (Dkt. No. 100) denied Plaintiff's motion to enforce the So-Ordered Settlement — and implicitly found Defendants had shown cause for their conceded violation of the Court's various Orders. But the Order provides no explanation why a So Ordered settlement should be treated like a traditional money judgment. Indeed, the only reference to Plaintiff's argument is a footnote saying, "Plaintiff's effort to analogize this request to the civil contempt in defendant's divorce is misplaced." Dkt. No. 100 n. 1. But Plaintiff didn't make any such analogy — in the motion papers on *this* motion, Defendant Malevitis's divorce does not appear even once. *See generally*, Dkt. Nos. 94, 95, and 97.[2] Rather, the analogy offered — and unaddressed the Order

---

[2] Plaintiff only made a passing reference in a footnote to the contempt motion in her motion to compel discovery, observing "Another note applicable to this and the pending contempt application: apparently civil contempt at least worked in part in getting Mr. Malevitis to pay his large, outstanding obligations under his divorce." *See* Dkt. No. 98 at 2 n. 2. There is no "analog[y]" — rather, the point of the aside was that a critical part of the contempt calculus is whether contempt will be effective to coerce or compel compliance. *SD Protection, Inc. v. Del Rio,* 587 F. Supp. 2d 429, 434 (E.D.N.Y. 2008) (one of the two permissible purposes of civil contempt is to "coerce the defendant into compliance with the court's order"). Thus, it is hard to see what was misplaced about the comment: contempt has previously been effective to "coerce" *this defendant* "into compliance with [a] court's order[s]," so there is every reason to believe it will have its intended coercive effect here.

And for clarity, there is no argument — or attempt at an analogy — here that the standard for contempt here is similar to the standard for contempt in an Illinois state court divorce.

— was to consent decrees. As Plaintiff explained, "this case resolved on a consent decree-like So Ordered Settlement" with "permanent, and dramatic injunctive relief." Dkt. No. 97. Or, put differently, "the district court's retention of jurisdiction in this case is not significantly different from a consent decree." *Roberson v Giuliani*, 346 F3d 75, 82 (2d Cir. 2003). And there is no question that such "consent decrees" — and orders that are "not significantly different from a consent decree" — "are directly enforceable through the contempt power of the court." *Id.* at 80. *See also, United States v. Waterbury*, No. 5:18-cv-440 (MAD/TWD), 2021 U.S. Dist. LEXIS 180652, at *24 (N.D.N.Y. Sep. 22, 2021).

Additionally, this motion was made directly to Your Honor as the District Judge, since it concerned violation of Your Honor's Orders. The Order resolved the motion, but does not appear to have had a copy of the material submitted directly to Chambers as confidential (*see* Dec. 24, 2021 email to chambers, attaching the Rider to the So-Ordered Settlement) — which the Order does not appear to have involved any evaluation of whether Defendants complied with the terms of the Rider. But the Rider was incorporated in the So Ordered Settlement— and the parties made clear they intended the two to form a unified whole. In that context, it is hard to see how the Court below could have fully evaluated whether contempt was available — as the Second Circuit has at least strongly *suggested* it is on similar facts (*see, e.g.*, *Roberson v Giuliani*, 346 F3d 75, 82 (2d Cir. 2003)).

As a final procedural note, the Order resolved two issues. *See* Dkt. No. 100. First, Plaintiff's motion — and this Court's Show Cause inquiry — on whether the Court should enforce the Settlement through its contempt power. *See* Dkt. Nos. 94 – 97; Dec. 9, 2021 Minute Order. Second, Plaintiffs' separate application to compel responses on post-judgment discovery. Dkt. Nos. 98-99. This set of Objections only concerns the first.

4

The second was appropriately resolved: Defendants have not responded to post-judgment discovery meaningfully, and the Order appropriately found their refusal to provide information about wholly owned companies was misplaced. *See* Dkt. No. 100 at 1 n. 2; *cf. also, Scholes v. Lehmann*, 56 F.3d 750, 758 (7th Cir. 1995) (reverse veil piercing "is a rarity because a simple transfer of the indebted shareholder's stock to his creditors will usually give them all they could get from seizing the assets directly" meaning "the exotic theory of reverse veil piercing is" often "simply unnecessary").

**ARGUMENT**

I. **The Order Erred as a Matter of Law in Finding Contempt Unavailable.**

The Order fails to directly address Plaintiff's argument, making review easier. Plaintiff, in fact, conceded that, if there were only a money judgment, the Order would have been right that "[e]quitable remedies, such as contempt, are seldom appropriate to aid the execution of a money judgment." Dkt. No. 100 at 1; *see also,* Dkt. No. 97 at 1 (conceding that if there "were only a traditional, free-standing money judgment," "the appropriate remedies would be provided by Fed. R. Civ. P. 69.").

In short, the Order relied on inapposite case law — correct on its own terms — and glossed over exactly what it was Plaintiff sought to enforce. That is a legal error the Court can and should correct under Rule 72.

      a. <u>A consent-decree-like So Ordered Settlement is, by design, enforced through the Court's contempt powers.</u>

The actual argument is not that any old money judgment is subject to contempt — as the Order analyzed it. Rather, the argument proceeds as follows:

1. The Court entered a So-Ordered Settlement that was "not significantly different from a consent decree" (*Roberson*, 346 F3d at 82[3]);

2. That So-Ordered Settlement retained jurisdiction to enforce its terms;

3. "In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist" (*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)); *and therefore*

4. Because "the Settlement Agreement been incorporated into the Stipulated Injunction, the Court would not only have the power to consider its terms but could enforce them through its contempt power" (*Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2017 U.S. Dist. LEXIS 221970, at *31 n.15 (S.D.N.Y. Sep. 27, 2017)).

Defendants provided no authority to the contrary. Nor could they. Rather, all parties concede that the sole question here is whether the So-Ordered Settlement can be enforced through the Court's contempt powers. And the weight of authority is unambiguous: when a "Settlement Order bears the Court's imprimatur, it is enforced like a court order rather than as an ordinary contract": through contempt. *Grand v Schwarz*, 2018 US Dist LEXIS 17541, at *16 (SDNY Feb. 2, 2018) (imposing contempt).

A consent decree is enforceable through contempt. "Consent decrees are utilized by parties 'to save themselves time, expense, and inevitable risk of litigation.'" *Scot. Air Intl. v Br. Caledonian Grp., PLC*, 867 F Supp 262, 267 (SDNY 1994) (*quoting United States v. Armour & Co.*, 402 U.S. 673, 681 (1971)). They are thus a kind of hybrid agreement and order, designed to put long-running cases fully to bed — with meaningful consequences for future shenanigans. For this reason, the Second Circuit has directly held that when a So-Ordered Settlement takes largely the form of a consent decree — or even is just "not significantly different from a consent

---

[3] *See also, Perez v Westchester Cnty. Dept. of Corr.*, 587 F3d 143, 150-153 (2d Cir. 2009) (discussing *Roberson* as holding "ongoing inherent authority made orders of dismissal in which the district court retained jurisdiction to enforce the underlying settlement agreement indistinguishable from consent decrees for the purposes of *Buckhannon*.") (*citing Buckhannon Bd. & Care Home v W. Virginia Dept. of Health & Human Resources*, 532 US 598, 601 (2001)).

decree" — courts should enforce them with the their full, inherent powers. *Roberson v Giuliani*, 346 F3d 75, 82 (2d Cir. 2003).

Like the settlement discussed in *Roberson*, when the court here retained jurisdiction to enforce the injunction and decide the fee dispute, "it necessarily made compliance with the terms of the agreement a part of its order so that a breach of the agreement would be a violation of the order." *Id.* (*citing Kokkonen*, 511 U.S. at 381).[4]

In short, there is ultimately little question that, on a So-Ordered settlement similar to a consent decree (like this one), the Court has an "inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court." *Powell v Ward*, 643 F2d 924, 931 (2d Cir. 1981). The caselaw directly addressing this issue is clear — and left unaddressed in the Order (or Defendants' opposition, for that matter). *See generally*, Dkt. No. 97 at 2 (collecting cases); *see also, Roberson*, 346 F3d at 80-82; *Juanes v Lyzwinski*, 2013 US Dist LEXIS 97417, at *17 (NDNY July 12, 2013) (finding that the party had a reasonable excuse for non-compliance, but stating, "Defendant Lyzwinski is warned however, that any further delays in

---

[4] When *Roberson* was decided, since the Circuit did not need to resolve the contempt issue, it noted in dicta that "[i]t is therefore an open question in this circuit whether a district court could enforce an agreement through its contempt power in circumstances like those facing us in this appeal." *Id.* at 83 n. 9. But while "a consent decree begins as a settlement, it is one that 'includes an injunction, or some other form of specific relief,' which may ultimately be enforceable by contempt." *Aronov v Napolitano*, 562 F3d 84, 91 (1st Cir. 2009) (*quoting* C.A. Wright & M.K. Kane, Law of Federal Courts § 98, at 702 n.2 (6th ed. 2002)). And prior decisions of the Circuit seem to say the question is closed. *See, e.g.*, *EEOC v Local 580, Intl. Assn. of Bridge, Structural & Ornamental Ironworkers, etc.*, 925 F2d 588, 595 (2d Cir. 1991) (noting "a reviewing court should not disturb remedies to enforce a consent judgment by the district court pursuant to its inherent contempt powers" and finding "[i]n continuing to conduct their affairs in violation of the Consent Judgment, Local 580 and the AJEF have compelled the findings of contempt against them"). But in any event, later discussions have clarified that consent decrees (under *Buckhannon*, see note 3 above) unambiguously enforceable by contempt. *See, for examples, CBS Broad. Inc. v FilmOn.com, Inc.*, 814 F3d 91, 103 (2d Cir. 2016); *U.S. SEC v Citigroup Glob. Mkts.*, 752 F3d 285, 291 (2d Cir. 2014). And more recent District Court decisions all begin from the premise that when a "Settlement Order bears the Court's imprimatur, it is enforced like a court order rather than as an ordinary contract": through contempt. 2018 U.S. Dist LEXIS 17541, at *16 (imposing contempt). Indeed, some Courts have essentially found that *Roberson* itself — while nominally reserving decision — logically resolves this question. *See, e.g.*, *Baker v Dorfman*, 2005 US Dist LEXIS 796, at *7 (SDNY Jan. 3, 2005) ("'In the case of … private settlement agreements over which a district court retains enforcement jurisdiction, the district court has the authority to force compliance with the terms agreed upon by the parties.'") (*quoting Roberson*, 346 F.3d at 83).

compliance with this order and the settlement agreement will expose him to possible sanctions and/or contempt findings."); *Hester Indus. v Tyson Foods*, 1994 US Dist LEXIS 21388, at *41-42 (NDNY Sep. 7, 1994) ("The Court holds that Tyson breached the settlement agreement in regard to invoices and packaging. It's also in contempt of the dismissal order incorporating the settlement agreement in regards to invoices and packaging.").

Other Circuits all reach the same result.

Put succinctly, "because the Settlement Order bears the Court's imprimatur, it is enforced like a court order rather than as an ordinary contract." *Grand v Schwarz*, 2018 US Dist LEXIS 17541, at *16 (SDNY Feb. 2, 2018) (*citing Scot. Air Intl. v Br. Caledonian Grp., PLC*, 867 F Supp 262, 267 (SDNY 1994)). *Cf. also, Baker v Dorfman*, 2005 US Dist LEXIS 796, at *7 (SDNY Jan. 3, 2005) (finding contempt available under similar, failure-to-pay circumstances, but deciding that "before Dorfman might be found in contempt, he should be provided an additional opportunity to comply with the Stipulation and Order"). And in any event, even if the Court intends to reject the theory driving cases like *Grand*, *Baker*, *Hester*, and so on, it should do so on their reasoning — rather than by stating that all that is at issue is a money judgment. That is a misreading of the record — suggesting that all that is at issue is a money judgment is "clearly erroneous" — and therefore calls for at a *minimum*, re-evaluation.

    b. <u>The Order erred in its apparent refusal to consider Defendants' violations of the equitable terms in the Rider.</u>

Defendants' prime violation of the So-Ordered Settlement was refusing to pay any attorneys' fees. But that was not the *only* violation raised. Rather, Plaintiff highlighted that "Defendants have refused to pay an agreed-upon bond" on the amount of attorneys' fees, and such a "'willful failure to post a bond' — like a failure to make disgorgements — sounds in equity and can be met by contempt." Dkt. No. 97 at 2, *quoting Bldg. Serv. 32B-J Pension Fund*

8

*v. Vanderveer Estates Holding, LLC*, 127 F. Supp. 2d 490, 496 (S.D.N.Y. 2001) (alteration adopted). As Plaintiff explained,

> "In essence, to resolve the case, given the possibility that Defendants would do exactly what they've done here (refuse to pay in any way), Plaintiff insisted on a bond of $10,000, to be held in escrow pending the motion on fees. A copy of that Rider will be emailed under separate cover to Chambers. But Defendants have willfully failed to post that bond, which is violation of an equitable order meriting contempt even on Defendants' analysis."

Dkt. No. 97 at 3. Yet, the Order never mentions the Rider — and it appears Judge Bloom's Chambers did not even have a copy of the Rider (since the Order never mentions it, and the Rider was only sent to Your Honor).

So, even if the Order's analysis were right in the main — that is, that the So-Ordered Settlement could be neatly divided into portions subject to the Court's inherent powers and portions that were not — there is undisputedly an equitable provision that *is* subject to contempt. Defendants do not make *any* suggestion they have posted that bond (because they have not). Or, put more simply, it was not just "[a] money judgment" at issue (Dkt. No. 100 at 1): it was compliance with an equitable order. Defendants violated that equitable order, and admittedly did so willfully. That merits contempt. *See Vanderveer Estates,* 127 F. Supp. 2d at 496 (contempt for violating an order that "required Vanderveer to post a $ 75,000 bond for court costs and the costs of enforcing any eventual judgment against it"); *cf. Close-Up Intl., Inc. v Berov*, 474 F App'x 790, 794 (2d Cir. 2012) (issuing contempt for failure to obey a disgorgement order).

Defendants made no argument that they had not violated the bond term of the Rider. Nor did the Order explain how she discarded that portion of the So-Ordered Settlement. Given that, the Court should enter, at a minimum, contempt as to the $10,000.00 attorneys' fee bond that Defendants refused to pay.

## II. The Order Failed to Address Sanctions at All.

The Court issued a show cause order — based on Plaintiff's motion doing the same — that framed the issue in two parts: there was an argument for contempt, and a separate argument for sanctions. The Court split its order clearly: "Defendants shall file a letter responding to the order to show cause why they should not be (a) held in contempt and **(b) *sanctioned***." Dec. 9, 2021 Minute Order. Plaintiff assumes the Court had picked up Plaintiff's alternative request in the motion:

> The Court may also construe this, in part, as a motion for sanctions, given this posture. In Defendants' most recent correspondence, they made clear they had no intention to pay attorneys' fees as ordered by the Court — and had never had that intent. Given that, Defendants' objections (ECF No. 90) to Magistrate Judge Bloom's Report and Recommendation (ECF No. 88) served no purpose: they solely objected to the *amount* of Judgment, which Defendants had no intention of paying in any event (the same may even be said for their refusal to negotiate fees at all, see ECF No. 84 at 3-4 (as paginated) (explaining how Defendants refused to even *make* a counteroffer on fees, which would have saved the Court time litigating the amount of fees when the real issue was collectability)). In that event, the objections to the R&R served no purpose but to cause unnecessary delay. And that would be sanctionable under Rule 11(b)(1*). Cf. also, Tyree Bros. Environmental Services, Inc. v. Ferguson Propeller, Inc.*, 247 A.D.2d 376, 669 N.Y.S.2d 221, 222 (2d Dep't 1998) (pursuing a "colorable claim for ***primarily*** improper purposes constitutes frivolous conduct" and requires sanctions) (emphasis added).
>
> Defendants have now had a year to potentially make it more difficult for Plaintiff to collect what is due to her — that is, the delay has worked. But to get it, Defendant Malevitis (admitted here *pro hac vice*) has needed to take positions that no reasonable attorney would take. *See also*, 28 U.S.C. § 1927 ("Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.")

Dkt. No. 94. In response, the word sanctions did not even appear in Defendants' opposition. That is a substantive concession — particularly in the face of a Show Cause Order. *See In re UBS AG Sec. Litig.*, No. 07 Civ. 11225, 2012 U.S. Dist. LEXIS 141449, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (recognizing that a party "concedes through silence" to arguments by its opponent that it fails to address); *First Cap. Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F.

Supp. 2d 369, 392-93 & n.116 (S.D.N.Y.2002) (considering an argument not addressed in opposition brief to be waived).

The Order makes no comment on sanctions. But the Court asked Defendants to address sanctions and they failed to. And at the risk of beating a dead horse, that silence conceded that Defendants objected to Judge Bloom's fee R&R, refused to negotiate attorneys' fees, and so on, for primarily improper purposes: Delay. That admission facially meets the standard for sanctions, no matter the source of authority. *See, e.g.*, 28 U.S.C. § 1927; *Tyree Bros. Env't Services, Inc. v. Ferguson Propeller, Inc.*, 247 A.D.2d 376, 669 N.Y.S.2d 221, 222 (2d Dep't 1998) (pursuing a "colorable claim for ***primarily*** improper purposes constitutes frivolous conduct" and requires sanctions) (emphasis added). Thus, in failing to address the issue, the Order made a legal error the Court should correct under Rule 72. And on correcting it, since Defendants make ***no*** argument that their scorched earth litigation strategy (involving, as it did, indefensible positions[5]) — combined with never having any intent to pay a judgment — served any proper purpose, sanctions were both appropriate and conceded.

### III. In the Alternative, the Court Below Should Have Entered an Order Enforcing the Settlement Using Lesser Inherent Powers.

The Order also erred in imposing, without authority, a requirement that Plaintiff "show[] that she has attempted to enforce the Court's judgment at ECF Nos. 92-92" — as well as the So-Ordered Settlement at Dkt. No. 83 — "through Federal Rule of Civil Procedure 69." Dkt. No. 100 at 1. That requirement appears nowhere in the Second Circuit's contempt jurisprudence. Rather, either contempt is available or it is not.

---

[5] For example, as the Court cautioned Defendants at one conference, this is not an area of law where there is an option on attorneys' fees. Yet Defendants' apparent position was that no attorneys' fees should be awarded in this case.

11

But in taking the view that Plaintiff should have taken other steps first, the Order overlooked that Plaintiff's motion broadly sought to enforce the Settlement Agreement. That is, the Court declined to use *any* of its "inherent supervisory power" to enforce a Settlement it placed its imprimatur on. *Kokkonen v Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994).

Faced with similar circumstances, on a contempt motion, the Court in *Baker* ordered one last opportunity for the contemptor under a So-Ordered Settlement to pay the amounts due — with an express warning that contempt was the next step. *Baker v Dorfman*, 2005 US Dist LEXIS 796, at *7 (SDNY Jan. 3, 2005). If the Court below was concerned that contempt was coming too soon — despite this Court's December Minute Order providing a chance to cure — the appropriate remedy would have been to follow the path charted by Judge Fox in *Baker*: offer a chance to cure non-compliance. Refusing to enforce the Court's Order — and depriving Plaintiff of a significant share of the consideration she bargained for in her settlement — should not have been on the table.

Indeed, consider the policy implications and the next steps that necessarily flow from any other result. The short version is: "this case reopens, and becomes a giant mess, which the strong policy preference for enforcing settlements favors *some* remedy."

Without what Plaintiff is seeking here, she loses a substantial share of the consideration due to her under the So-Ordered Settlement. Attorneys' fees, the bond, and the corresponding injunction were the vast majority of consideration provided to Plaintiff to settle.[6] Defendants have failed to perform under the agreement and Order. So, what happens next? One term of the

---

[6] Defendants conceded liability for the FDCPA violations at issue. *See* ECF No. 83 at 1 ("Defendants concede a violation under the FDCPA"); ECF 60 (second amended answer admitting liability); *see also*, ECF 75. So, the majority of Plaintiff's direct settlement payment is simply the statutory damages and a reasonable, but small estimate (fairly standard in cases like this) of her actual damages. *See* ECF No. 83 ¶ 2.

Order was that "the motion [for class certification] at ECF No. 81 is terminated." ECF No. 83 ¶ 13. If the Order is no longer governing, then that motion arguably should be placed back on the calendar. And what of the time Defendants have spent (presumably) complying with the no-letters-to-New York injunction? Should they get some credit for that, or should they be penalized for violating the other terms by forcing them to eat that time and otherwise unwinding the So-Ordered Settlement?

In short, the difference between this and a traditional judgment is that a traditional judgment or decision is not integrated: each term of a judgment relies on particular legal and factual findings. It stands on its own. But a So-Ordered Settlement is inexorably woven together — once ordered, its provisions cannot be separated. Each part supports the others (and the So-Ordered Settlement here *does not* have a clause allowing its provisions to stand independently). In fact, that's often *why* parties insist on a Court So Ordering a settlement. Plaintiff ultimately elected not to pursue class-wide remedies beyond an injunction because of what Defendants offered: fees, a bond, and an injunction all wrapped together, (theoretically) mitigating the risk of having to chase Defendants for judgment. But that's not what she got.

The last thing this case should have is a revival. But if Plaintiff cannot enforce the Court-Ordered terms of the Settlement, soon the Court will become embroiled in the attempt to unmix the Settlement Order's cement: the next step if Plaintiff cannot enforce the Settlement Order is for her to evaluate seeking to vacate it. But that is unnecessary. The Court signed the Settlement Order in whole, directed compliance, and Defendants admit they have not complied. That's contempt. So the Court should either enforce its terms with contempt — or any other lesser remedy within its inherent powers.

## **CONCLUSION**

For all the reasons discussed herein, Plaintiff respectfully requests that the Court overrule the Magistrate Judge's Order and enter an order holding Defendants in contempt and sanctioning them for unnecessarily multiplying the proceedings. In the alternative, Plaintiff asks the Court to revise the Order and use its inherent powers short of contempt to enforce the terms of the So-Ordered Settlement, since there is no dispute it has that authority.

Dated:      April 26, 2022
              Queens, New York

Respectfully Submitted,

/s/
_____
J. REMY GREEN
Cohen&Green P.L.L.C.
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888.9480 (telephone)
(929) 888.9457 (facsimile)
remy@femmelaw.com