IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITNEY RUDLER,<br><br>    Plaintiff,<br><br>v.<br><br>MLA LAW OFFICES, LTD., et. al.,<br><br>    Defendants. | ) <br> ) <br> ) <br> ) Cause No.: 19-cv-2170 (LB) <br> ) Honorable Judge Eric Komitee <br> ) <br> ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE APRIL 14 ORDER DENYING CONTEMPT AND SANCTIONS

John L. Malevitis
109 Symonds Drive
Unit 156
Hinsdale, Illinois 60522
312/933-1100
Atty. No.: 6184398
johnny@thepaladinlawyer.com

# TABLE OF CONTENTS

Pages

Plaintiff's Objections Should Be Overruled And Rejected Because Plaintiff Has Not Complied With FRCP 69 (a) (1) And The Time For Defendants' Compliance With The Court's Order On Post-Judgment Subpoenas Has Not Passed..................................5

The Court Should Overrule Any Objection to Magistrate Bloom's Order That Did Not Find for Contempt Against Defendants .................................................................5

The Court Should Overrule Any Objection to Magistrate Bloom's Order That Did Not Impose Any Discovery Sanctions Against Defendants .................................................8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Grand v. Schwarz,*
  2018 WL 679883 (S.D.N.Y. Feb. 2, 2018) .......................................................................... 7
*Roberson v. Giuliani,*
  346 F. 3d 75 (2d Cir 2003) ................................................................................................. 7

**Rules**

Fed. R. Civ. P. 37(b)(1) and 37(b)(2)(A)(vii) ............................................................................. 6
Federal Rule of Civil Procedure 69 .................................................................................... 5, 6, 7
FRCP 69 (a) (1) ....................................................................................................................... 3, 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BRITNEY RUDLER, )
           Plaintiff, )
)
v. ) Cause No.: 19-cv-2170 (LB)
) Honorable Judge Eric Komitee
MLA LAW OFFICES, LTD., et. al., )
           Defendants. )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE APRIL 14 ORDER DENYING CONTEMPT AND SANCTIONS

NOW COMES the Defendants MLA Law Offices, Ltd. and John L. Malevitis, Esq. and for their Response to Plaintiff's Objection to the April 14 Order Denying Contempt and Sanctions here states as follows:

## PLAINTIFF'S OBJECTIONS SHOULD BE OVERRULED AND REJECTED BECAUSE PLAINTIFF HAS NOT COMPLIED WITH FRCP 69 (a) (1) AND THE TIME FOR DEFENDANTS' COMPLIANCE WITH THE COURT'S ORDER ON POST-JUDGMENT SUBPOENAS HAS NOT PASSED

### The Court Should Overrule Any Objection to Magistrate Bloom's Order That Did Not Find for Contempt Against Defendants

Magistrate Judge Bloom's April 14, 2022 Order found that Plaintiff made "no showing that she has attempted to enforce the Court's judgment[record cite omitted] through Federal Rule of Civil Procedure 69. Accordingly, plaintiff's motion for contempt is denied." As Judge Bloom found, compliance with Federal Rule of Civil Procedure 69 ("FRCP 69") is a condition precedent to requesting any relief from the court. Judge Bloom's Order is consistent with the requirements of FRCP 69 which requires that the party seeking relief must have complied with FRCP 69 or showing that the litigant has attempted to enforce the Court's judgment through FRCP 69.

Plaintiff's Objection to Magistrate Bloom's April 14, 2022 Order goes to great lengths to restate the record in this case, but Plaintiff's restatement of the case is not accurate. The Settlement

5

Agreement of the parties contemplated three separate parts of the settlement. First, was the settlement paid to the named Plaintiff. That amount has been paid in full and that portion of the settlement is concluded. The second part of the settlement was for equitable relief that involved the future sending of any letters to consumers and the proscriptions on the content of the letters. The Defendants have complied with this portion of the Settlement. The final portion of the settlement concerned attorney's fees, a purely monetary and economic portion of the settlement. Whether to issue a contempt citation for the non-payment of these fees was the issue before Judge Bloom.

Plaintiff now asserts that "the Rider" which was provided to the Court on May 5, 2022 contains a requirement that the Defendants post a "$10,000.00 attorney's fees bond." Dkt. 101 at pp. 2 and 9. Plaintiff repeatedly makes misleading and inaccurate statements in her objection that Defendants were ordered to "post a bond". Dkt. 101 at pp. 2 and 9. The Rider contains no such requirement to post a $10,000.00 bond. See Rider Dkt 103-1. Plaintiff's arguments that there was a bond requirement that rises to the level of an equitable portion of the order rather than a purely economic or monetary portion of the Settlement Agreement is purely illusory and without any basis in law or fact. Plaintiff's suggestion of an equitable violation of the Rider by the failure to provide a bond should be disregarded summarily because there was no requirement to provide a bond.

Accordingly, Plaintiff is seeking to enforce the purely monetary portion of the settlement. Without an attempt to enforce the judgment in accordance with FRCP 69, any request for a finding of contempt or sanctions is premature and unwarranted. Moreover, Plaintiff's request for a

contempt citation or sanctions did not comply with Local Rule 83.6 of this Court's Local Rules which would have also warranted and supported Judge Bloom's April 14, 2022 Order.[1]

Plaintiff, "in fact, conceded that, if there were only a monetary judgment, the Order would have been right that '[e]quitable remedies, such as contempt, are seldom appropriate to aid the execution of a money judgment.' Dkt. 100 at 1; See also Dkt. 97 at 1 (conceding that if there 'were only a traditional, free standing money judgment,' 'the appropriate remedies would be provided by Fed. R. Civ. P. 69')". Dkt. 101 at 5. Plaintiff concedes that equitable remedies like contempt are seldom appropriate to aid the execution of a money judgment and that FRCP 69 provides the appropriate remedies. Since the attorney's fees ordered by the Court are a money judgment, Magistrate Judge Bloom's April 14, 2022 Order was correct and Plaintiff's objection should be overruled by this Court.

Plaintiff's caselaw cited in the Objection should be disregarded because Plaintiff cites to cases that are inapposite. For instance, Plaintiff cites "*Grand v. Schwarz* 2018 US Dist LEXIS 17541 at *16 (SDNY Feb. 2, 2018). (imposing contempt)" Dkt. 101 at p.6., (which is a report and recommendation from the Magistrate). In fact, Paragraph 16 of the *Grand* case states the opposite of what Plaintiff is suggesting. The *Grand* court did not find for contempt. The *Grand* court stated that the relief requested under Rule 65 requires irreparable harm and that in *Grand*, "the sanctions sought by Schwarz for Grand's contemptuous conduct—to wit, compensatory damages, punitive

---

[1] "Local Civil Rule 83.6. Contempt Proceedings in Civil Cases [formerly Local Civil Rule 83.9] (a) A proceeding to adjudicate a person in civil contempt, including a case provided for in Fed. R. Civ. P. 37(b)(1) and 37(b)(2)(A)(vii), shall be commenced by the service of a notice of motion or order to show cause. The affidavit upon which such notice of motion or order to show cause is based shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party...." *Local Rule 83.6 of the Local Rules for the U.S. District Court for the Eastern District of New York*

damages, and attorneys' fees and costs—all could be achieved through a monetary award, and thus do not justify an award of injunctive relief in favor of Schwarz." *Grand v. Schwarz*, 2018 WL 679883, at *16 (S.D.N.Y. Feb. 2, 2018), report and recommendation adopted in part, rejected in part, 2018 WL 1583314 (S.D.N.Y. Mar. 27, 2018). Like the Grand case, the other cases cited by Plaintiff do not concern the purely monetary portion of the settlement and the dismissal order did not retain jurisdiction over the enforcement of the settlement. *See Roberson v. Giuliani* 346 F. 3d 75 (2d Cir 2003)

To enforce the payment of any amounts under the settlement agreement, Magistrate Judge Bloom was correct in her analysis that to seek relief, Plaintiff was required to comply with FRCP 69 as a condition precedent to seeking relief from the Court. Having not done so, Plaintiff's request for a contempt citation was unwarranted and properly denied. As a result, Defendants request that the Court overrule Plaintiff's objections and adopt Magistrate Judge Bloom's April 14, 2022 Order.

### The Court Should Overrule Any Objection to Magistrate Bloom's Order That Did Not Impose Any Discovery Sanctions Against Defendants

Plaintiff asserts that Magistrate Judge Bloom should have imposed sanctions against Defendants for not complying with post judgment discovery. Defendants responded in writing to post judgment written discovery. Plaintiff, without any meet and confer, sought relief from the Court. Recognizing that written answers had been provided but that those answers may need to be supplemented and that Plaintiff issued additional collection discovery, Magistrate Judge Bloom ordered Defendants to "serve written responses to the information subpoena dated March 4, 2022 and amend their answers to the information subpoena dated December 3, 2021, where necessary, by May 16, 2022. **This is a Court Order and defendants shall comply.** If defendants do not serve their responses by the deadline, plaintiff may move to hold defendants in contempt by May

31, 2022." The date for Defendants' compliance with this portion of Judge Bloom's Order has not yet expired and Defendants cannot have, as a matter of law, violated this portion of Judge Bloom's Order. Any of Plaintiff's argument seeking to object to this portion of the Court's Order is specious and should be summarily rejected.

    **WHEREFORE**, Defendants respectfully requests that the Court overrule Plaintiff's Objections to Magistrate Judge Bloom's April 14, 2022 Order and to confirm her order as entered.

Respectfully submitted,

*s/ John L. Malevitis, Esq.*

John L. Malevitis
109 Symonds Drive
Unit 156
Hinsdale, Illinois 60522
312/933-1100
Atty. No.: 6184398
johnny@thepaladinlawyer.com