UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITNEY RUDLER, *on behalf of herself and all others similarly situated,*<br>　　　　　　　　*Plaintiff,*<br>　　　　v.<br><br>MLA Law Offices, LTD., and John L. Malevitis,<br>　　　　　　　　*Defendants* | **Docket No. 19-CV-2170 (EK) (LB)** |

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF HER APPEAL AND OBJECTIONS

J. Remy Green
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood (Queens), New York 11385
t : (929) 888-9480
f : (929) 888-9457
e : remy@femmelaw.com

May 9, 2022

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 5

    I.    Defendants Effectively Concede Most of the Underlying Motion. .................................... 5

    II.    Defendants' Arguments About Contempt Under the Settlement Agreement are Misguided. ............................................................................................................................. 7

        a. Defendants read the Order past what it means, or what it could sustain. ......................... 7

        b. Defendants admit they have violated the Rider's bond requirement, and admit a bond is equitable, meriting contempt standing alone. .................................................................... 8

        c. Defendants' argument about Local Rule 83.6 is misguided and waived in any event.. 10

    III.    Defendants Concede Frivolity Sanctions are Appropriate............................................ 10

    IV.    Defendants' Point II is Irrelevant. ................................................................................. 11

CONCLUSION.......................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baker v Dorfman*,
  2005 US Dist LEXIS 796 (SDNY Jan. 3, 2005) ................................................................5, 6

*Bldg. Serv. 32B-J Pension Fund v. Vanderveer Estates Holding, LLC*,
  127 F. Supp. 2d 490 (S.D.N.Y. 2001) ..............................................................................6, 9

*Gallagher v. NY State Bd. of Elections*,
  477 F. Supp. 3d 19 (S.D.N.Y. 2020) ....................................................................................6

*Grand v Schwarz*,
  2018 US Dist LEXIS 17541 (SDNY Feb. 2, 2018) ..........................................................2, 3

*Huber v Mar. Midland Bank*,
  51 F3d 5 (2d Cir. 1995) ....................................................................................................6, 8

*Ramgoolie v. Ramgoolie*,
  No. 16-CV-3345 (VEC)(SN), 2020 U.S. Dist. LEXIS 33145 (S.D.N.Y. Feb.
  25, 2020) ...............................................................................................................................7

*Roberson v Giuliani*,
  346 F3d 75 (2d Cir. 2003) .................................................................................................1, 4

*Tyree Bros. Env't Services, Inc. v. Ferguson Propeller, Inc.*,
  247 A.D.2d 376, 669 N.Y.S.2d 221 (2d Dep't 1998) ..........................................................6

under Local Rule
  83.6. Thus, the Order .........................................................................................................10

*Wood v. Duff-Gordon*,
  222 N.Y. 88, 118 N.E. 214 (1917) .......................................................................................9

*Yimby, Inc. v. Fedak*,
  2017 U.S. Dist. LEXIS 96700 (S.D.N.Y. June 22, 2017) ....................................................7

**Other Authorities**

"Bond," Merriam-Webster, *available online at* https://www.merriam-
  webster.com/dictionary/bond ...............................................................................................8

E.D.N.Y. Loc. R. 83.6 ................................................................................................................9, 10

Fed. R. Civ. P. 69 .......................................................................................................... *passim*

"Judicial Bond," Black's L. Dict. 2d Ed., *available online* at
https://thelawdictionary.org/judicial-bond/ ................................................................................8

**PRELIMINARY STATEMENT**

Defendants' opposition to the objections largely misses the point. They seem to argue any relief Plaintiff seeks related to ***anything*** in the So Ordered Settlement must go through Rule 69. But Rule 69 has nothing to do with settlement — by its terms it only concerns money judgments. And surely they wouldn't argue, if they had not obeyed the injunction contained in the So Ordered Settlement, Plaintiff would need to somehow follow Rule 69. Thus, the point of the objections — that simply gets missed in Defendants' opposition — was simple enough: while a money judgment was technically involved, what Plaintiff was actually moving on was an Order that gets classified as a consent decree under clear, controlling precedent. *See, e.g.*, *Roberson v Giuliani*, 346 F3d 75 (2d Cir. 2003).

In fact, Plaintiff set out the argument in four steps, the first of which was that the Settlement is basically a consent decree. *See* Dkt. No. 101 at 6. Yet the words "consent decree" do not even appear *once* in Defendant' papers. So, in addressing Plaintiff's objection, Defendants fall on the first stair. And in doing so, they gloss over that there are many cases saying contempt is appropriate when enforcing a So-Ordered Settlement like the one here. So their argument runs into a basic problem: that the Court happened to reduce some portion of that Settlement to a money judgment is not something that *cabins* its inherent powers — and neither Defendants nor the Order on appeal explain how it could.

More broadly, Defendants essentially refuse to engage with any of the actual arguments presented. And Defendants simply fail to take briefing these objections particularly seriously.[1] Take two examples upfront.

---

[1] The alternative would be that they are intentionally misstating things.

First, Defendants inexplicably claim "Plaintiff asserts that Magistrate Judge Bloom should have imposed sanctions against Defendants for not complying with post judgment discovery." Dkt. No. 104 at 7.[2] No. The opening memo explicitly says that the discovery issues were "appropriately resolved" by the Order, and that Plaintiff's objections "only concern[]" the contempt motion. Dkt. No. 101 at 4-5 (as paginated).

Second, Defendants pretend cases don't say what they say. In discussing *Grand*, for example, Defendants assert the "court [there] did not find for contempt." Dkt. No. 104 at 6. Again, not so. It did. In fact, the shortest glance at the decision shows as much: "As set forth below, ***I find that there are sufficient facts in the record to warrant a certification of contempt against Grand*** … I find that Grand was not excused from his obligation to comply with the Settlement Order, and that there is clear and convincing evidence that he violated Sections 8 and 9 of the Settlement Order." *Grand v Schwarz*, 2018 US Dist LEXIS 17541, at *9 (SDNY Feb. 2, 2018) (emphasis added).[3] And this is not the first time Defendants have tried to tell the Court cases say the opposite of what they do. *See* Dkt. No. 46 ("[D]efendants question several cases cited by plaintiff and claim that plaintiff did not cite to one case in this Circuit that allowed recovery of attorney's fees and costs of service prior to judgment and/or conclusion of the case. Defendants are incorrect.") (cleaned up); *compare also,* Dkt. No. 22 ¶ 6 *with* Dkt. No. 25 ¶ 6. But even taken at face value, Defendants' analysis of the decision in *Grand* is ***also*** baffling

---

[2] Plaintiff will use the ECF pagination for Defendants' opposition because the memo's internal pagination is incorrect.
[3] Defendants note that *Grand* is a Report and Recommendation as well. Dkt. No. 104 at 6. True. But the District Court ultimately "adopt[ed] the portions of the R&R recommending that Grand be held liable for contempt … because Grand repeatedly and flagrantly violated the Settlement Order," and overturned as premature the portion of the decision Defendants try to use to distinguish *Grand*. *Grand v Schwarz*, 2018 US Dist LEXIS 51923, at *15 (SDNY Mar. 27, 2018).

2

because Plaintiff here is seeking only a certification of contempt — and ***none*** of the further remedies the *Grand* court considered and rejected.[4]

In short, Defendants show abundant contempt for this Court in both the legal and colloquial sense. A certification of that fact is well in order.

## FACTUAL NOTE

A brief factual comment and correction is unfortunately also warranted. *Cf.* Dkt. No. 98-4 (another judge noting Mr. Malevitis, in a motion before an Illinois Court, made "multiple misrepresentations of facts" and "misstate[d] the content of the order he seeks be reconsidered").

Defendants claim, "Plaintiff repeatedly makes misleading and inaccurate statements in her objection that Defendants were ordered to 'post a bond.'" Dkt. No. 104 at 4. Wrong. In making this assertion, Defendants do not engage with the text of the Rider. Here it is:

> 3. In addition to the payment specified in the Settlement, Defendants shall send Plaintiff's counsel a check for $10,000.00, to be placed and held in escrow ("Escrow Amount"), at the same time, also made out to COHEN GREEN PLLC. ***Plaintiff's counsel shall hold those funds as set out below***.
>
> 4. Plaintiff's counsel shall not use the Escrow Amount for any purpose until either (1) the parties settle an amount of attorneys' fees or (2) the Court orders Defendants to pay an amount of attorneys' fees. Plaintiff's counsel shall then immediately be entitled to release the Escrow Amount as the first $10,000.00 of Plaintiff's attorneys' fees and costs.
>    a. If the Court orders attorneys' fees and costs in an amount under $10,000.00, Plaintiff's counsel will return the excess to Defendants.
>
>    b. If the Court orders attorneys' fees and costs in an amount over $10,000.00, Defendants shall be responsible for that amount within 30 days of the Order, or on such other terms as the Court shall Order.

---

[4] That is, Defendants note that the *Grand* court declined other remedies because the goals of contempt "all could be achieved through a monetary award" for contempt purposes. Dkt. No. 104 at 7, *quoting Grand* at *40. But here, Plaintiff seeks no injunctive remedies for contempt — and not even a monetary award for that matter. Rather, she only seeks certification. And there is no good-faith reading of *Grand* that it did not involve certification of contempt.

3

Dkt. No. 103-1 ¶¶ 3-4.[5]  What these terms describe is, put simply, a bond.  Or at a bare minimum, it is an equitable requirement to post a security.  There is no good-faith argument this term was a money judgment or subject to Rule 69.  And because Defendants fail to engage with the actual text of what they were ordered to do, it is hard to even understand their theory of how paragraphs 4 and 5 of the Rider aren't an equitable term.

Some context may help explain how Defendants decided to make this representation.  It appears Defendants simply disposed of the Rider after signing it.  At 10:10 a.m. the day Defendants filed their opposition, Mr. Malevitis wrote to Plaintiff's counsel and said, "I don't[] have a copy [of the Rider]."  Obviously, Mr. Malevitis's signature is on the document.  *Compare, e.g.*, Dkt. No. 103-1 at 4 *with* Dkt. No. 83 at 6.  So at some point he *did* have it.  But he has it no longer.  Mr. Malevitis filed his opposition shortly after he asked and Plaintiff provided him a copy of the Rider.  Given that the text of the Rider is structured as a judicial bond, it may simply be that Mr. Malevitis never reviewed the Rider when he asserted "there was no requirement to provide a bond."  Dkt. No. 104 at 5.  And so, (to quote Defendants), that "suggestion … should be disregarded summarily."  *Id.*

So too with Defendants' bald claim the Court "did not retain jurisdiction over the enforcement of the settlement."  Dkt. No. 104 at 7.  As the case Defendants cite in that sentence explains, a Court retains jurisdiction when "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal--***either*** by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) ***or by incorporating the terms of the settlement agreement in the order***."  *Roberson v Giuliani*, 346 F3d 75, 82 (2d Cir. 2003) (emphasis altered).  Defendants do not explain how they conclude that

---

[5] The Rider also contains requirements for a demand and cure period.  *Id.* ¶ 5.  Plaintiff took those steps more than a year ago and fulfillment of those conditions is not in dispute.

4

the Settlement does ***not*** "incorporate the terms of the settlement agreement in the [dismissal] order" — and they could not ***because it does***. *See generally,* Dkt. No. 83; *see also,* Dkt. No. 103-1 at 1 (the Rider and the Settlement with dismissal Order are a unified whole). Indeed, Defendants concede the Settlement contains an injunction and "equitable relief." Dkt. No. 104 at 5; Dkt. No. 83 ¶¶ 7-8. How that could even work *without* a retention of jurisdiction is a mystery. And nothing in the Settlement Order specifies that the Court's retention of jurisdiction was ***limited*** to that injunction. Here too, Defendants' refusal to engage with the reality of the record waives any factual dispute.

## ARGUMENT

I. **Defendants Effectively Concede Most of the Underlying Motion.**

Plaintiff's Objections made several significant arguments that Defendants leave untouched, thus conceding the point.

- That the Court has inherent powers short of contempt that it may — and should — use to enforce the Settlement Order. *See* Dkt. No. 101 at 11-13 (all of Point III, not addressed anywhere in Dkt. No. 104), *citing Baker v Dorfman,* 2005 US Dist LEXIS 796, at *7 (SDNY Jan. 3, 2005) ("before Dorfman might be found in contempt, he should be provided an additional opportunity to comply with the Stipulation and Order").[6]

- That So-Ordered Settlements *generally* (at least, when some portion of the Settlement is not reduced to a money judgment) can be enforced by contempt.

- That frivolity sanctions are appropriate for Defendants' (seemingly conceded to be) intentional efforts to delay this case — refusing to negotiate fees, imposing objections to the fee R&R despite having no intention to pay a dime, taking unsupportable positions, and so on — that served no legitimate purpose. *See* Dkt. No. 101 at 10-11 (all of Point II, not addressed anywhere in Dkt. No. 104).

---

[6] Perhaps for obvious reasons, the *Baker* court did not see — as Defendants apparently do — any requirement to follow Rule 69 to enforce a So-Ordered Settlement.

These concessions leave very little to Defendants' argument — particularly because their entire second point (Dkt. No. 104 at 8-9) argues against something Plaintiff is not seeking (that is, any further discovery relief beyond what the Order granted).

It is also well-settled that when a party makes arguments that rely heavily on a particular case or cases, a "failure to respond to [a] substantial argument" on the case "can be taken as a concession of the case's applicability." *Gallagher v. NY State Bd. of Elections*, 477 F. Supp. 3d 19, 48 n.4 (S.D.N.Y. 2020) (taking a point as conceded because the defendants "d[id] not cite— much less distinguish—" a key case). On this, Defendants fail to "cite—much less distinguish—" these cases (and therefore, the points they stand for):

- *Bldg. Serv. 32B-J Pension Fund v. Vanderveer Estates Holding, LLC*, 127 F. Supp. 2d 490, 496 (S.D.N.Y. 2001) ("willful failure to post a bond" constitutes contempt).

- *Baker v Dorfman*, 2005 US Dist LEXIS 796, at *7 (SDNY Jan. 3, 2005) (the Court has inherent authority to enforce a settlement with orders short of contempt, that in turn can support contempt).

- *Tyree Bros. Env't Services, Inc. v. Ferguson Propeller, Inc.*, 247 A.D.2d 376, 669 N.Y.S.2d 221, 222 (2d Dep't 1998) (pursuing a "colorable claim for primarily improper purposes constitutes frivolous conduct" and requires sanctions).

With these concessions, *some* modification of the Order on appeal is necessary: Defendants do not even mount an argument against three major points (1) frivolity sanctions are appropriate, (2) the Court should issue Orders short of contempt enforcing the Settlement using its inherent powers, and (3) if the Court finds that the Rider contains an equitable order to post $10,000.00 to escrow, the Court should enter a contempt finding.

Finally, Defendants once again do not contest any of the basic elements of contempt, or the relevant defenses. *See e.g.*, Dkt. No. 101 at 1 (noting Defendants "contested none of the elements of contempt"); Dkt. No. 97 ("Defendants make no bones about the fact that they are willfully not paying Plaintiff."); Dkt. No. 94 (setting out elements). "In order to hold the alleged

contemnor in contempt, the court **need only** (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." *Huber v Mar. Midland Bank*, 51 F3d 5, 10 (2d Cir. 1995) (emphasis added). On this third go-round, Defendants still do not argue (1) that the order was ambiguous, (2) that they complied with the order, (3) or even that there was any *difficulty* they faced in complying (let alone that compliance would be "impossible" (*id.*)). So: Defendants also concede that if contempt is available, it is appropriate.

II.  **Defendants' Arguments About Contempt Under the Settlement Agreement are Misguided.**

        a.  Defendants read the Order past what it means, or what it could sustain.

Defendants push the Order past what its logic can sustain. They say, "Judge Bloom found compliance with federal Rule of Civil Procedure 69 is a condition precedent to requesting ***any*** relief from the court." Dkt. No. 104 at 4 (emphasis added, cleaned up). But that's not what the Order found. Rather, the Order was framed (seemingly at least in part because Judge Bloom did not have the Rider — *see* Dkt. No. 101 at 1 n. 1; 3-4; 3 n. 2) around the uncontroversial principle that a pure money judgment does not generally get enforced through contempt. Indeed, in that sense, the Order may have even understated it: contrary to the Order's seeming suggestion ("Plaintiff makes no showing that she has attempted to enforce the Court's" Order "through Federal Rule of Civil Procedure 69" (Dkt. No. 100 at 1)) an ordinary money judgment cannot suddenly become enforceable through contempt just because a party **has** exhausted what is available under Rule 69.

But Defendants seem to read this as a broader rule: **no** relief of any kind (perhaps limited to money) is available unless a party tries to obtain relief under Rule 69. That is simply not

7

right.  Of course, a Court can enforce money orders of any variety.  For example, as Defendants conceded elsewhere (*see* Dkt. No. 96 at 3), sanction-related money orders are subject to the Court's contempt powers.  *See, for examples, Yimby, Inc. v. Fedak*, 2017 U.S. Dist. LEXIS 96700, at *9 (S.D.N.Y. June 22, 2017) (contempt for failure to pay $30,000.00 in attorneys' fees); *Ramgoolie v. Ramgoolie*, No. 16-CV-3345 (VEC)(SN), 2020 U.S. Dist. LEXIS 33145, at *7 (S.D.N.Y. Feb. 25, 2020) (similar).  And while Defendants' analysis, such as it is, would suggest that Rule 69 would require some effort to collect those attorneys' fee sanctions through contempt, no court has ever found such a requirement.

Rather, what Defendants miss is this:  the Order seems to have assumed, for whatever reason, that all that was at issue was a traditional money judgment — and nothing else.  If that were true, no matter **how** many remedies Plaintiff used under Rule 69, contempt would never become available directly.[7]  But **if** contempt is available, there is — and can be — no Rule 69 hurdle.  The Second Circuit has made clear "[i]n order to hold the alleged contemnor in contempt, the court **need only**" find three elements:  (1) a clear order, (2) that is violated, and (3) compliance is not impossible.  *Huber*, 51 F3d at 10 (emphasis added).  Grafting a Rule 69 requirement on top of that as Defendants urge would be to reject clear, binding precedent.

> b.  <u>Defendants admit they have violated the Rider's bond requirement, and admit a bond is equitable, meriting contempt standing alone.</u>

As far as what Plaintiff calls a "bond" — and Defendants do not seem to have a word for[8] — Defendants admit they have violated the Court's Order.  The terms of that provision (Rider ¶¶

---

[7] But it could, as the Order suggests, become available in more traditional ways — for example, if a party disobeys a discovery order.

[8] That is probably because the word **is** "bond."  Black's Law Dictionary defines a judicial bond by explaining:  "To protect opposing judicial or governmental entities from loss out of delay or depravation from legal proceedings, a surety is deposited / posted by a party to a lawsuit.  All bonds required in judicial proceedings are commonly known as judicial bonds."  *See* "Judicial Bond," Black's L. Dict. 2d Ed., *available online* at https://thelawdictionary.org/judicial-bond/.  Merriam-Webster is similar:  "an obligation made binding by a forfeit of money."  "Bond," Merriam-Webster, *available online at* https://www.merriam-webster.com/dictionary/bond.  Just

8

4-5) are completely equitable: Plaintiff had no right to any of the funds that Defendants were ordered to place in escrow until she obtained either an agreement or a Court allocation of funds. Even then, she would have been legally required to return any funds in excess of an agreement or fee award (and indeed, Defendants argued Plaintiff should get less than $10,000.00 in fees). Nothing in that part of the Rider — which the parties agreed would "form one, unified agreement to settle this case" together with the Settlement (*id.* at 1) and was specifically Ordered by the Court (Dkt. No. 83 ¶ 1 ("[a]ll amounts owing in this Settlement shall be paid as set out in [the Rider]")) — was a money judgment, or even a monetary settlement payment. Rather, like any other bond "for court costs," it sounds in equity. That means a "failure to comply" supports a finding of "willful contempt." *Bldg. Serv. 32B-J Pension Fund v Vanderveer Estates Holding, LLC*, 127 F Supp 2d 490, 496 (SDNY 2001).

As discussed above, Defendants do not argue contempt is somehow not available for violating a bond or equitable surety order. *See, e.g.*, *Vanderveer Estates*, 127 F. Supp. 2d at 496 (contempt for failure to post a bond). Nor do they not try to meet any of the burdens they face if contempt *is* available. And the only seeming argument Defendants seem to have is that the Rider doesn't spell out at length "this is a bond" — it just has bond-type terms. But "[t]he law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal." *Wood v. Duff-Gordon*, 222 N.Y. 88, 91, 118 N.E. 214 (1917). What matters is that the structure of the Rider is, unequivocally, that of an equitable bond. So, ultimately, Defendants cede that contempt is proper at least as far as the bond provision in the Rider.

---

so here. Defendants had to forfeit (temporarily) $10,000.00 to make their "obligation" to pay fees under the settlement "binding." By failing to make that payment, as this dispute more than illustrates, that obligation became fleeting.

9

        c.    <u>Defendants' argument about Local Rule 83.6 is misguided and waived in any event.</u>

Defendants argue the initial motion did not comply with Local Rule 83.6. Dkt. No. 104 at 6. The theory seems to be that Plaintiff should have moved by notice of motion because the Local Rule requires that a motion "shall be commenced by the service of a notice of motion or order to show cause." L.R. 83.6. But Defendants ignore the second clause of the sentence. And the Court ***did*** issue an Order to Show Cause. *See* Dec. 9, 2021 Minute Order. Similarly, Plaintiff's opening motion included a request that "the Court Order Defendants to show cause for their non-compliance" with the Settlement Order. Dkt. No. 94 at 1. That tracks the Local Rule: it explicitly contemplates a motion by order to show cause and the order to show cause sets out quite clearly the conduct on which the contempt proceeding was based.

But this argument is also waived: as the Court likely recalls, Defendants failed to respond to Plaintiff's motion at all initially. *See* Dec. 9, 2021 Minute Order; *cf. also,* Dkt. No. 85 (the Court noting a default on another motion). Then, when Ordered to Show Cause, Defendants did not make ***any*** objections under Local Rule 83.6. Thus, the Order on appeal makes no comment on Local Rule 83.6 — and at this stage, that objection is waived and cannot be raised for the first time on appeal.[9]

### III.    <u>Defendants Concede Frivolity Sanctions are Appropriate.</u>

As discussed above, Defendants say nothing about frivolity sanctions: they do not contest the law and they do not suggest that they had any good-faith basis to seek the many

---

[9] With that said, if that is the only thing blocking the relief sought, the issue is easily cured — and Plaintiff would ask that the Court set a very short briefing schedule for a renewed motion if it believes there is something in Local Rule 83.6 that is wanting.

10

delays they've imposed — or for their scorched earth approach to the *amount* of fees given their total refusal to pay (among other things). With that, they concede some sanction is appropriate.

### IV.     Defendants' Point II is Irrelevant.

As noted in passing above, Defendants are simply wrong to claim Plaintiff sought any relief related to the discovery motion. *See* Dkt. No. 104 at 7-8. Rather, Defendants were ordered to comply with post-judgment discovery requests they refused to answer — and Plaintiff is, having received all the relief she sought, now waiting for those answers.

### CONCLUSION

For all these reasons, and those discussed in the opening memorandum, Plaintiff respectfully requests that the Court overrule the Magistrate Judge's Order and enter an order holding Defendants in contempt and sanctioning them for unnecessarily multiplying the proceedings.

In the alternative, Plaintiff asks the Court to revise the Order and use its inherent powers short of contempt to enforce the terms of the So-Ordered Settlement, since there is no dispute it has that authority — and that Defendants have not complied with the Settlement.

Dated:      May 9, 2022
            Queens, New York

                                    Respectfully Submitted,

                                         /s/
                                    _____
                                    J. REMY GREEN
                                    Cohen&Green P.L.L.C.
                                    1639 Centre Street, Suite 216
                                    Ridgewood, NY 11385
                                    (929) 888.9480 (telephone)
                                    (929) 888.9457 (facsimile)
                                    remy@femmelaw.com

11