**MLA LAW OFFICES, LTD.**
**109 SYMONDS DRIVE**
**UNIT 156**
**HINSDALE, ILLINOIS 60522**
312/933-1100
johnny@thepaladinlawyer.com

June 3, 2022

Honorable Magistrate Lois Bloom
United States District Court
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, New York 11201

Re: Rudler v. MLA Law Offices, Ltd., et. al.
Court No.: 19-cv-2170

Dear Magistrate Bloom:

## DEFENDANTS' LETTER MOTION FOR EXTENSION AND TO SCHEDULE SETTLEMENT CONFERENCE

On April 14, 2022, this Court entered an Order providing that the defendants amend their previous answers to the plaintiff's information subpoena by May 16, 2022. (Dkt. #100). Prior to May 16, 2022, the Defendant MLA Law Offices, Ltd. and counsel herein, (John L. Malevitis) tendered an offer of settlement to the plaintiff. As a result, a series of communications and settlement discussions commenced between the parties which ultimately lead to plaintiff's counsel submitting to the defendants a proposed stipulation of settlement and proposed order.

Although it appears that the parties have agreed to a significant portion of the proposed stipulation of settlement, there remains one major term of the proposed settlement that the defendants and plaintiff could not come to terms on. Specifically, plaintiff's counsel insists upon inclusion of language that if any term of the stipulation of settlement is violated by the defendants, then the defendants shall automatically be held in contempt of this Court. The defendants have offered an alternative to what is believed to be an unreasonable and unconscionable request by the plaintiff's counsel and believes that a settlement conference with the Court will avoid further and unnecessary motion practice and use of the Court's valuable time and resources, as well as will prevent the parties from incurring further attorney's fees.

As the parties continue to work diligently towards a settlement, the defendants request that this Court extend the time of the defendants to amend their previous answers to the plaintiff's information subpoena to a date certain following a settlement conference should a settlement not be concluded, and further request that this Court schedule a settlement conference at the earliest date convenient with the Court.

The defendants have not previously made application to this Court requesting an extension of time to amend their previous answers to the plaintiff's information subpoena, and although the

plaintiff's attorney has agreed to participate in a settlement conference with the defendants and the Court, plaintiff's counsel gave the defendants until today, June 3, 2022 to either sign the proposed settlement agreement as written with the disputed and objected to language of contempt, or file an amended answer to the plaintiff's information subpoena on this same date of June 3, 2022.

Moreover, the plaintiff's attorney, J. Remy Green, has requested that counsel herein include the following language verbatim in this letter motion as her position, which has been copied from attorney Green's email verbatim and included herein at the attorney's request:

"Plaintiff has no objection to the request for a conference. Plaintiff objects to Defendants' after-the-fact attempt to seek an extension, after violating an unambiguous Court Order, over Plaintiff's objections-and pursuant to Local Rule 83.6, since Defendants have affirmatively stated they violated the Court's Order by failing to serve any answer to the March 4, 2022 subpoena, the Court should issue an Order to Show Cause on why Defendants should not be held in contempt. See. Dkt. No. 100 at 2. Plaintiff has been very clear she does not consent to any extension of the May 31, 2022 deadline set in the Court's Order at Dkt. No. 100. Defendants called Plaintiff's counsel on May 16—the day their responses were due—to discuss a purported 'settlement.' While the parties have discussed that 'settlement' and made some progress (notwithstanding that this case was already supposedly settled), Plaintiff has repeatedly stated she would agree to 'no [extension] for the backstop contempt date' of May 31 (May 20, 2022 email). Even after that, to allow Defendants some time to try to sort this out Plaintiff offered two solutions: agree to a version of a settlement that allowed contempt as a remedy by name for failure to make payments, or agree to that Plaintiff would 'informally move the production date to Thursday [e.g., June 2] next week, and agree not to move for any relief until Friday [e.g., June 3].' May 26, 2022 email. That is, I explained that 'we have an informal agreement that if this is done on Thursday—or you produce in full the documents requested on Thursday—we won't move until Defendants essentially seek a stay of post-judgment discovery, and this is unacceptable some two years after Plaintiff should have been paid."

Thank you for your courtesy and consideration, as it is much appreciated by the defendants and counsel herein.

Respectfully submitted,

s/ John L. Malevitis, Esq.

JLM/pg
cc: Parties of record via ECF