

June 3, 2022

Hon. Lois Bloom, United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>By Electronic Filing.</u>

    Re:    Case No. 1:19-cv-02170-EK-LB, <u>Rudler v. MLA Law Offices, LTD et al.</u>

Dear Judge Bloom:

    As the Court may recall, my firm represents the Plaintiff in the case above.  I write because Defendants edited the position I asked them to include in their motion, and have refused to correct it.  Unfortunately, the changes resulted in a change in meaning, so I write to provide Plaintiff's position[1] unaltered (Defendants' deletion in bold, altered formatting reverted):

    Plaintiff has no objection to the request for a conference.

    Plaintiff objects to Defendants' after-the-fact attempt to seek an extension, after violating an unambiguous Court Order, over Plaintiff's objections -- and pursuant to Local Rule 83.6, since Defendants have affirmatively stated they violated the Court's Order by failing to serve any answer to the March 4, 2022 subpoena, the Court should issue an Order to Show Cause on why Defendants should not be held in contempt.  *See* Dkt. No. 100 at 2.

    Plaintiff has been very clear she does not consent to any extension of the May 31, 2022 deadline set in the Court's Order at Dkt. No. 100.  Defendants called Plaintiff's counsel on May 16 -- the *day* their responses were due -- to discuss a purported "settlement."  While the parties have discussed that "settlement" and made some progress (notwithstanding that this case was already supposedly settled), Plaintiff has repeatedly stated she would agree to "no [extension] for the backstop contempt date" of May 31 (May 20, 2022 email).  Even after that, to allow Defendants some time to try to sort this out Plaintiff offered two solutions:  agree to a version of a settlement that allowed contempt as a remedy by name for failure to make payments, or agree to that Plaintiff would "informally move the production date to Thursday [e.g., June 2] next week, and agree not to move for any relief until Friday [e.g., June 3]."  May 26, 2022 email.  That is, I explained that "we have an informal agreement that if this is done on Thursday -- or you produce in full the documents requested on Thursday -- we won't move

---

[1] Defendants also misgender me.  *See* Dkt. No. 92 at 5 n.1 (the Court noting the correct way to refer to me).  Whether intentional or careless, the fact of it is unfortunate.  And Mr. Malevitis's response to a request for a correction on both this front and the other — "If you deem a correction is warrant, please correct it yourself Remy. I am not your secretary" — is particularly unfortunate.



until **Friday."**  June 1, 2022 email.

Defendants essentially seek a stay of post-judgment discovery, and that is unacceptable some two years after Plaintiff should have been paid.

In particular, that deletion is important because as altered, it implies a promise not to "move [for contempt] until Defendants [move for an extension]."  But unaltered, it directly refutes Defendants' incorrect claim that Plaintiff "gave [Defendants] until today to … [respond to her] information subpoena [dated March 4]."  And for clarity, like the Court's Order (Dkt. No. 100), Plaintiff separated out the deadline to comply (agreeing to an extension until May 27) and the deadline to move for contempt (which Plaintiff never agreed to move — and repeatedly stated she would not agree to move).  It was only as a courtesy that Plaintiff also agreed, essentially, not to draft a motion if she got the Court-Ordered discovery on or before June 2 — and to file a motion, at the earliest, today.

Given the Court's preference, I will not file the many written communications showing as much, but suffice to say, there is no ambiguity:  Plaintiff agreed to no modification of the backstop date and only agreed to hold off filing the contempt motion the Court invited.  It is telling Defendants have only moved for more time on the day that Plaintiff indicated she would be filing her contempt motion — and well after (1) the Court-Ordered deadline; (2) the extension Plaintiff in fact agreed to; (3) the unmoved contempt deadline; and (4) Plaintiff's informal promise not to seek contempt if Defendants produced by June 2.

I thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All parties by ECF.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com