**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

Britney Rudler,
*individually, and on behalf of all others similarly
situated,*

                                    Plaintiffs,

v.

MLA Law Offices, LTD, et al.
                                    Defendants.

Docket No. 19-cv-2170-EK-LB

**STIPULATION OF SETTLEMENT AND
[PROPOSED] ORDER**

**WHEREAS**, Plaintiff brought this suit alleging violations of the Fair Debt

Collection Practices Act ("FDCPA") and New York General Business Law § 349

("GBL");

**WHEREAS**, Defendants conceded a violation under the FDCPA for its

failure to include a dollar amount in the letter to the Plaintiff;

**WHEREAS**, the parties entered a Settlement with a Rider, which the Court

So-Ordered on November 5, 2020 (Dkt. No. 83);

**WHEREAS**, the Court entered two decisions on attorneys' fees under that

Settlement, and ultimately Ordered that Defendants shall pay Plaintiff's counsel

$48,606.38 in attorneys' fees and $1,612.00 in costs;

**WHEREAS**, the Rider contained a surety requirement of $10,000.00 which

remains unfulfilled;

**WHEREAS**, Defendants have not paid any of the attorneys' fees or costs;

**WHEREAS**, Plaintiff's counsel has spent approximately 23.8 hours since the

Court's Order at Dkt. No. 92 on various matters in this case up to and through May

16, 2022;

**WHEREAS,** Plaintiff's lead counsel, Remy Green's current hourly rate in

cases in the Southern District of New York is $450 per hour;

1

**WHEREAS**, Defendants acknowledge that it has taken extraordinary efforts to enforce the judgment and orders in this case; and

**WHEREAS**, because of the history of non-payment in this case, in order to provide for enforceability of this Settlement and Order, the Parties intend each term herein to be enforceable in equity, and through the Court's contempt powers;

**NOW, THEREFORE**, Plaintiff Britney Rudler, by and through her counsel, Cohen&Green P.L.L.C., and Defendant John Malevitis for himself, and Defendant MLA Law Offices, LTD ("MLA"), by and through its counsel, John Malevitis, in order to fully and finally resolve this case, stipulate and agree that:

1. This settlement order (the "Second Settlement") is intended to be equitable in nature.

2. The Court retains jurisdiction over this Order in order to enforce its terms.

3. If Defendants violate the terms of this Order, contempt shall be among the available remedies, and the Court shall enforce this Order with contempt where appropriate.

> a. For the avoidance of doubt, that means, among other things, that an intentional violation of this Order shall constitute contempt of Court; while Defendants may raise a defense that compliance is "factually impossible" to any contempt proceeding. *See generally, Yimby, Inc. v. Fedak*, 2017 U.S. Dist. LEXIS 96700, at *9-10 (S.D.N.Y. June 22, 2017) ("a party may defend against a contempt by showing that compliance is factually impossible, but that party

2

bears the burden of production in raising the defense") (cleaned up);

*Ramgoolie v. Ramgoolie*, 2020 U.S. Dist. LEXIS 33145, at *7

(S.D.N.Y. Feb. 25, 2020) (similar).

4.     The amount of costs as such[1] ($1,612.00) due to Plaintiff shall be paid within 10 days of the Court So-Ordering this Second Settlement.

5.     The amount of attorneys' fees due under Dkt. 83 and the Court's subsequent Orders is reduced, subject to the provisions herein, to $35,000.00.

6.     Defendants shall pay Plaintiff $2,000.00 per month until all amounts owing under this Order are paid, beginning on or before July 15.

7.     The principle of money and any continuing balance due to Plaintiff shall accrue interest at a rate of 5% per annum, compounding monthly, counting from January 1, 2022 (making the current interest due $791.10 as of June 14, 2022).

8.     Those monthly payments shall be due on the 15th of each month, and if the 15th falls on a weekend or holiday, the first business day following that day.

9.     If Defendants miss a payment, Plaintiff may send a notice by email to Defendants' counsel. If Defendants do not cure within 5 business days of receiving that notice, Defendants shall be in Default.

10.    Upon a Default, Plaintiff may make a motion for contempt or any other appropriate remedy. Plaintiff may not make such a motion until Defendants are in Default.

---

[1] For the avoidance of doubt, the parties and the Court use the word "costs" as distinct from attorneys' fees in this context, rather than in the sense — for example in 42 USC § 1988 — that includes attorneys' fees.

11.    On any such motion, it shall be Defendants' burden to show, by clear and convincing evidence, that they have complied with this Order.

12.    Additionally, upon a Default, Plaintiff shall be entitled immediately to payment the full amount of her attorneys' fees previously calculated, plus any subsequent time.

13.    For the avoidance of doubt, in addition to the $35,000.00 above, a Default shall add the following to the amount due:

    a. $13,606.38, as the agreed-upon reduction set out above;

    b. $10,710.00, for 23.8 hours at $450 per hour for time incurred after the Court's Order at Dkt. No. 92, and prior May 16, 2022;

    c. Any further attorney time accrued after May 16, 2022, at $450 per hour (or such higher rate as is specified below); and

    d. Interest on all of the above, at 5% per annum, compounding monthly, calculated from the date of the So-Ordered Settlement.

14.    For the further avoidance of doubt, failure to immediately pay the full sum set out in Paragraph 11 upon a Default shall also constitute a freestanding violation of this Order, subject to appropriate remedies.

15.    The parties stipulate, and the Court therefore finds, that given the extraordinary efforts required to collect in this case, Plaintiff's counsel, Remy Green, is entitled to their out-of-forum, ordinary rate of $450.00 per hour for all work after Dkt. No. 92, should it be recovered or recoverable.

4

16.     The parties further stipulate that this rate, reflecting the ordinary increases of rates over time, shall increase (consistent with Plaintiff's counsel's practice) $25 per hour each January 1, starting on January 1, 2023.

17.     Any other counsel shall be entitled to rates appropriate for the Southern District of New York, as of the time of any further order.

18.     The parties stipulate that, should a Default take place, Plaintiff shall be entitled to seek recovery from any and all entities wholly owned by any Defendant, Defendants in combination, or traceable through corporate ownership to Defendants.

## [SIGNATURES ON FOLLOWING PAGE]

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement and accept and agree to the provisions contained herein, and have each executed this Settlement to be effective on the day and date indicated below.

Dated:     Brooklyn, New York
           June 14, 2022

                                   COHEN&GREEN P.L.L.C.
                                   *Counsel for Plaintiff*

                              By:  J/Remy Green
                                   1639 Centre Street, Suite 216
                                   Ridgewood, NY 11385

Dated:     Hinsdale, Illinois
           June 14, 2022

                                   MLA Law Offices, Ltd.
                                   *Pro Se and Counsel for Defendant*
                                   MLA

                              By:  John L. Malevitis
                                   109 Symonds Drive
                                   P.O. Box 156
                                   Hinsdale, Illinois 60522

SO ORDERED, this ___ day of June, 2022.

_____
THE HONORABLE ERIC KOMITEE
UNITED STATES DISTRICT JUDGE