**MLA LAW OFFICES, LTD.**
**109 SYMONDS DRIVE**
**UNIT 156**
**HINSDALE, ILLINOIS 60522**
**312/933-1100**
**johnny@thepaladinlawyer.com**

August 9, 2022

Honorable Magistrate Judge Lois Bloom
United States District Court
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, New York 11201

Re:   Rudler v. MLA Law Offices, Ltd., et. al.
Court No.: 19-cv-2170

Dear Judge Bloom:

**DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER OF AUGUST 7, 2022**

I represent Defendant MLA Law Offices, Ltd. and appear as its attorney and also Pro Se in the above-captioned matter. I write to correct the misrepresentations and falsehoods made by attorney Green, ("Green") in the letter to this Court dated August 7, 2022, at Dkt No. 113. Initially, I direct your honor to Dkt. No. 112 which is labeled and titled as a "Consent" Letter Motion to Adjourn, unequivocally indicating that attorney Green consented to the request for adjournment to hold further collection discovery in abeyance. This consent by Green was made after receiving a check in the amount of $20,000.00 from the defendants toward the settlement previously reached between the parties. (Exhibit "A" and Exhibit "B," respectively).

In fact, counsel for the defendant at all times openly shared his letter motion with Green without any agreement and/or obligation to do so, but as a courtesy to attorney Green. Attorney Green acknowledged the final version of counsel's letter motion prior to filing by responding in an email, "Thanks, John. This looks fine." (Group Exhibit C, 3 pgs.). Equally significant, attorney Green's input into the filed consent letter motion acknowledged and admitted that a settlement had been entered into between the parties. Dkt. No. 113.

Additionally, attorney Green wrote counsel an email which stated, "If you want to send a draft of the motion you want to make, please feel free. As we discussed, contingent on your continuing to make 2,000/month in payments, we will consent to an agreement to hold the discovery deadline in abeyance/adjourn it sine die." (Exhibit D). Accordingly, as attorney Green consented to the proposed letter motion seeking adjournment, the current claim that there should be no agreement to adjourn by Green is meaningless, as the current objection to the adjournment was waived when the consent was made by Green on August 5, 2022.

Attorney Green further contends that Judge Komitee voided the Stipulation of Settlement and Proposed Order signed by attorney Green and the defendants on June 14, 2022. Dkt. No. 108.

This is an erroneous and false statement by attorney Green, as Judge Komitee steadfastly held, despite repetitious argument by attorney Green that the district court should monitor post-collection proceedings, that state court provided adequate collection remedies available to the plaintiff for further collection proceedings. Judge Komitee further intimated that he was not inclined to serve as the plaintiff's collection agency and/or be required to monitor the settlement agreement reached between the parties. At no time did Judge Komitee state that the executed settlement agreement between the plaintiff and defendants was void as attorney Green erroneously represents to this Court.

Attorney Green also failed to share a copy of the settlement check which was accepted, received, negotiated and cashed by Green, which clearly and boldly states on the face of the check, "Rudler v. MLA, et. al., Settlement Proceeds." This is yet further evidence that a settlement was reached and that the $20,000.00 was "Settlement Proceeds." (See Exhibit "B"). Despite Green's misleading statements to this Court in the letter of August 7, 2022, there is not one piece of evidence that suggests that the defendants ever agreed at any time to a settlement in the amount of $50,000.00 with monthly payments in the amount of $2,000.00. The only settlement agreement signed by both parties in this case is the agreement for $35,000.00 which was presented as a stipulation of settlement and proposed order to Judge Komitee and signed by attorney Green. Dkt. No. 108.

To fully understand the underhanded ploy by attorney Green to extract more fees from defendant when no more than the settlement amount of $35,000.00 was ever discussed or contemplated by the parties, almost immediately after the letter motion was filed on August 5, 2022, attorney Green sent an email to counsel ostensibly laying the groundwork to extract future legal fees from the defendants that was never discussed, contemplated or agreed upon at any time.. (Group Exhibit E, 10 pgs.). In essence, Green was attempting to unilaterally amend the terms of the previous settlement to add more exorbitant legal fees never discussed and/or agreed to by the defendants.

The parties agreed and consented to adjourn the deadlines in the July 21, 2022, minute order sine die, with the plaintiff entitled to revisit the discovery issues if the defendants failed to make payments as provided in the settlement agreement. Since attorney Green has now reneged on the previous consent and agreement to adjourn and hold further discovery in abeyance, this Court should nevertheless grant the parties' (attorney Green included) consent letter motion to adjourn deadlines and hold discovery in abeyance pending further settlement payments pursuant to the terms of the settlement agreement herein.

Thank you for your courtesy and consideration.

Respectfully submitted,

John L. Malevitis, Esq.

JLM/pg
cc: Parties of record via ECF