

August 23, 2022

Honorable Eric R. Komitee, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

    Re:    <u>Rudler v. MLA Law Offices, LTD et al.</u>, No. 1:19-cv-02170-ERK-LB

Dear Judge Komitee:

    My firm represents Plaintiff in the matter above. I write to ask for a pre-motion conference — albeit, somewhat outside of the Court's Individual Practices[1] — as well as a status conference to address how to the Court would prefer to address two issues related to the judgment in this case: (1) attorneys' fees required by the FDCPA for time spent on collections and (2) how to adjust the fees to account for the continuing delays in payment. Defendants have indicated they do not object to a pre-motion conference. In keeping with the Court's Practices, this letter sets out the basis for the proposed motion.

    Plaintiff respectfully requests a conference to discuss her proposed motion to bring the judgment total up to date and adjust the underlying judgment to account for the delays in payment. As set out below, she believes a conference is appropriate because (1) there are a number of ways to raise this issue, and if the Court has a preference, she would appreciate guidance and (2) Defendant's position here appears to be supported by no authority at all,[2] so informal briefing might be better than full-blown formal briefing. *Cf.* Jan. 30. 2020 Minute Order (after directing Defendants to review authority rejecting their position at a conference, directing much less formal briefing).

    As the Court likely recalls, this case is an FDCPA case that theoretically ended in a global settlement and Court-Ordered injunction in November 2020 (along with a payment rider). *See* Dkt. Nos. 83 (the settlement) and 103-1 (the rider, which is by its terms, part of the settlement). Pursuant to that settlement, the Court ultimately entered an order — and then a judgment — for about $50,000.00 in attorneys' fees and costs. Since then, the Court has entertained a number of post-

---

[1] This motion is not one of the motions specified in the Court's Practice III(B)(1). But the Court's Practices technically say that "Parties are *generally* not required to request a pre-motion conference before making any other type of motion" and then provides one circumstance where such letters might be appropriate. As set out above, the parties believe a pre-motion conference may save the Court (and the parties) substantial time here.

[2] I have repeatedly asked Mr. Malevitis to cite a case supporting his position that post-judgment fees are not recoverable when a party prevails under a fee statute like the FDCPA or 42 USC § 1983. While Mr. Malevitis has stated, "[f]or each case you have cited, there are cases that distinguish and state otherwise," he has thus far been unable to cite a single case. As far as I am aware, no such case exists.



judgment discovery and enforcement motions — as well as a motion to approve a second settlement. *See* Dkt. Nos. 94-115.

### I. The Court Should Grant Fees for Post-Judgment Attorney Work.

When a fee statute applies to a case, "it is well-settled that a plaintiff may recover fees in connection with enforcement of a judgment." *Diaz v. Paragon Motors of Woodside, Inc.*, No. CV-03-6466(CPS)(RML), 2008 U.S. Dist. LEXIS 37440, at *25 (E.D.N.Y. May 6, 2008) (*citing Balark v. Curtin*, 655 F.2d 798, 803 (7th Cir. 1981)); *see also, e.g., Legrand v. N.Y. Rest. Sch./Education Mgmt. Corp.*, 2005 U.S. Dist. LEXIS 12080, at *10 (S.D.N.Y. June 13, 2005) ("In a civil rights action, a prevailing plaintiff is not barred from recovering attorney fees simply because they were incurred after the entry of judgment").[3]  Indeed, as New York's high court explained long ago, if it were otherwise, "the purpose of the statute would be frustrated."  *Fresh Meadows Med. Assocs. v. Liberty Mut. Ins. Co.*, 49 N.Y.2d 93, 99 (1979).[4]  So Defendants should pay for fees post-judgment.[5]

Plaintiff would like to file such a motion — but would also appreciate guidance from the Court as to how best to handle the fact that fees continue to accrue in this case because Defendants have failed to pay what they owe — and work out a way to seek those fees without burdening the Court with multiple motions.  Thus, and given Defendants' history of backing off of unreasonable positions when confronted by the Court, Plaintiff believes a conference will likely avoid multiple rounds of briefing.

### II. The Court Should Adjust the Underlying Judgment — and Counsel's Hourly Rates — to Account for the Delay in Payment.

In the normal course, attorneys' fee awards represent significantly delayed compensation. That is, because of the ordinary give and take of litigation, attorneys' fees are often awarded many years after the work was done.  That is obviously the case here:  much of the work in this case was done in 2019 and 2020, yet some two years later, Plaintiff *just* received the first attorneys' fee payment.[6] Fee statutes represent a judgment by Congress that the rights protected by the statute are something "that Congress considered of the highest priority."  *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400,

---

[3] *See also, Restivo v. Nassau Cty.*, No. 06-CV-6720(JS)(SIL), 2019 U.S. Dist. LEXIS 1827, at *6 (E.D.N.Y. Jan. 4, 2019); *Manhattan Review LLC v. Yun*, 2019 U.S. Dist. LEXIS 110866, at *11 (S.D.N.Y. July 1, 2019) (arguments against post-judgment fees "should [] not be condoned"); *Small v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 12-CV-1236S, 2021 U.S. Dist. LEXIS 47915, at *4 (W.D.N.Y. Mar. 15, 2021); *Hines v. City of Albany*, No. 1:06-CV-1517 (GTS/RFT), 2015 U.S. Dist. LEXIS 188227, at *3 (N.D.N.Y. May 13, 2015).
[4] "Although *Fresh Meadows* has been overruled by regulatory authority in the no-fault insurance context of that case, its rationale in other contexts remains undiminished."  *Diaz*, 2008 U.S. Dist. LEXIS 37440, at *25 n.26.
[5] Plaintiff initially proposed cutting off fees as of May 16, 2022, since the parties had reached a factual agreement that 23.8 hours were appropriately spent "since the Court's Order at Dkt. No. 92 … and through May 16."  Dkt. No. 108 at 1; *cf. also, Cent. Petro. Corp. v Kyriakoudes*, 121 AD2d 165, 165 (1st Dept 1986).
[6] That is, a few weeks ago, Defendants delivered their ***first*** payment — in the amount of $20,000.00 — towards the approximately $50,000.00 (plus additional fees, as explained above) they owe, after the Court cautioned them that it expected them to be paying what they could.

COHEN&GREEN        Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



402 (1968) (per curiam) (discussing the fee entitlement under §§ 1983 and 1988). Thus, in that normal course, it is well settled that attorneys are entitled to recover "current rates, rather than historical rates … in order to compensate for the delay in payment." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

The Supreme Court has even endorsed a broad way of thinking about bringing services to present value:

> "compensation received several years after the services were rendered -- as it frequently is in complex civil rights litigation -- is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings. We agree, therefore, that **an appropriate adjustment for delay in payment -- whether by the application of current rather than historic hourly rates or otherwise -- is within the contemplation of the statute.**"

*Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989) (emphasis added). And for that matter, drawing on similar thinking, some Courts have even used *sanctions* as a way to deter delays in payment by FDCPA defendants on essentially identical facts to this case. *See, e.g.*, *Lundsted v. JRV Holdings, LLC*, No. 14-cv-13981, 2017 U.S. Dist. LEXIS 112115, at *17 (E.D. Mich. July 19, 2017) (imposing sanctions above and beyond "compensatory sanctions for the time spent collecting the attorney fees" and noting "[w]ere defendants in FDCPA cases permitted to delay payment of attorney fees awards by a year and a half, as occurred in this case, without consequence, future FDCPA actions would be chilled").

The Court awarded both attorneys who worked on this case an hourly rate of $275 on a late 2020 record. *See* Dkt. No. 92. January 1 has passed two times since then, and "annual hourly fee increases of $ 25 to $ 50 at the top levels have been common throughout the past decade." *In re AOL Time Warner S'holder Derivative Litig.*, 2009 U.S. Dist. LEXIS 124372, at *59 (S.D.N.Y. Nov. 9, 2009); *cf. also*, Dkt. No. 108 ¶ 16 (as to a default provision in the rejected Court-supervised payment scheme, after stipulating to a current rate of $450, the parties also stipulating that "this rate, reflecting the ordinary increases of rates over time, shall increase …. $25 per hour each January 1").

Thus, an adjustment of *all* time to present value — reflecting the delays to date, as well as the delays still ongoing, makes sense.[7] It has been just under a year since the Court entered judgment — and multiple years since counsel conducted the bulk of the work in this case. Defendants have not even paid half of the judgment without the additional hours. Thus, "an appropriate adjustment for delay in payment -- whether by the application of current rather than historic hourly rates or otherwise – is" called for. *Jenkins*, 491 U.S. at 283-84. And Plaintiff would appreciate the Court's guidance on how best to raise that issue.

As always, we thank the Court for its time and attention.

---

[7] After meeting and conferring for a significant time on the phone, Defendants made clear they oppose even a single year's (e.g., $25/hr) adjustment.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com





    Respectfully submitted,

    /s/
    _____

    J. Remy Green
        *Honorific/Pronouns: Mx., they/their/them*
    **COHEN&GREEN P.L.L.C.**
    *Attorneys for Plaintiff*
    1639 Centre St., Suite 216
    Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com