

August 31, 2022

Hon. Lois Bloom, U.S.M.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

      Re:    Case No. 1:19-cv-02170-EK-LB, <u>Rudler v. MLA Law Offices, LTD et al.</u>

Dear Judge Bloom:

      As the Court may recall, my firm represents the Plaintiff in the case above. I write to ask that the Court only grant in part the motion at ECF No. 117.[1] Once again (*see, e.g.,* ECF No. 113), Defendants have mischaracterized the parties' agreement. Plaintiff only consented to extend the date for production of two limited categories of documents, all constituting bank records Defendants claim their banks are taking a long time to produce. Otherwise, Plaintiff has not consented to any extension. And the Court's deadline for production came and went yesterday without production, so, particularly given the history of Defendants moving the goalposts here, Plaintiff will be submitting a brief motion seeking contempt as to all documents outside those two categories.

      As for the parties' agreement, it was luckily commemorated in writing. The parties only agreed to an extension as to the first two document requests in the second subpoena—everything else remained due when the Court ordered it. The exchange confirms this. Plaintiff wrote after the meet and confer:

> This also confirms that we agreed to an extension of two weeks for the first two document requests in the *second* subpoena -- and potentially more, based on what your bank says.[2] We also agreed that a handful of the document requests could be interpreted as limited in time to documents that began starting a year before the case was filed.

Aug. 19, 2022 Email from Remy Green (emphasis in original). Defendants then responded:

---

[1] I apologize for this delayed response. I only saw the content of Defendants' letter this morning — I was on trail as *pro bono* trial counsel in *Sloley v. VanBramer* (13-cv-339, NDNY) in front of Judge Hummel in the Northern District. Because that involved travel, though the jury returned around the close of business yesterday, I did not get back to my desk until this morning. I had informed Defendants of this fact, but they did not file their motion until I was on trial — and did not provide a copy of the motion before filing. I had to remind Defendants they needed to make an application, and repeatedly asked them to do so before I was consumed with trial matters.

[2] Plaintiff indicated she was open to agreeing to more time, if Defendants' banks gave a reason they needed more time to collect responsive records.



> As to our meet and confer, I confirm as you have that we agreed to an extension of 2 weeks *for the first 2 document requests in the 2nd subpoena, and possibly more depending on my bank who upon first blush with my request did not respond too positively*. I am still going to do what I can with what I have to work with to comply of course.

Aug. 22, 2022 Email from John Malevitis (emphasis added). That is, Defendants stated directly that they understood the extension Plaintiff consented to was *only* "for the first 2 document requests in the 2nd subpoena." *Id.* Everything else the Court ordered produced was discussed and Defendants promised production. That production did not come yesterday — indicated Defendants intended to ask for an extension, without following the Court's rules or Plaintiff's consent, for ***all*** responses to the two subpoenas.

Additionally, Defendants' position may be bad faith. Notably, the initial subpoena had nothing to do with bank records — and Defendants committed to making all the amendments the Court ordered. Yet, compare:

> **Defendants' Email:** "I confirm as you have that we agreed to an extension of 2 weeks for the first 2 document requests in the 2nd subpoena." *Id.*
>
> **Defendants' Application**: "[C]ounsel for plaintiff has consented to an extension of fourteen (14) days … to comply with [P]laintiff's Supplemental Information Subpoena…"
>
> "[P]laintiff's] counsel consents to an extension of fourteen (14) days … [for] defendants to amend their previous answers to plaintiff's information subpoena."

ECF No. 117 at 1. It is unclear whether this elision is intentional. But the earlier correspondence makes clear that the second representation as to consent is simply untrue, while the first is very much overstating things and omitting the limitations of the agreement. And particularly given the timing of the application (*see* Note 1, above), that elision seems like it may have been strategic.

Thus, Plaintiff asks the Court to deny the motion except as to the Requests 1 and 2 in ECF No. 98-3 (to which Plaintiff has no objection to a 14-day extension). As ever, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:

Page 2 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



All parties by ECF.

COHEN&GREEN

Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com