UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Britney Rudler,<br>*individually, and on behalf of all others similarly situated,*<br>                    Plaintiffs,<br>    v.<br>MLA Law Offices, LTD, et al.<br>                    Defendants. | Docket No. 19-cv-2170<br><br>**DECLARATION OF<br>J. REMY GREEN** |

STATE OF NEW YORK        )
                                           ) ss.:
COUNTY OF KINGS         )

I, Remy Green, being duly sworn, depose and say:

1.    I am a partner at Cohen&Green P.L.L.C., the attorneys of record for Plaintiff Britney Rudler.

2.    I make this Declaration to file on May 16, 2022 — anticipating it will likely need to be filed — to record my contemporaneous memory of a phone call I had with Defendant John L. Malevitis.

3.    I completed a call with Mr. Malevitis approximately an hour and fifteen minutes ago — and needed to end that call because I had to repeatedly note I had a 12:15 p.m. call I could not postpone.

4.    I drafted and executed this declaration while on that call, so that the conversation was fresh in my mind.

5.    Mr. Malevitis called me to discuss the Court's Order that post-judgment discovery was due today.

6.    During that discussion, he expressed confusion about how the Court could order him to disclose information about his wholly owned corporations consistent with its decision not to allow reverse veil-piercing.

1

7. I attempted to explain (as we did in our papers) how veil piercing is not *necessary* to seize the assets (or the corporation itself) of a wholly owned corporation.

8. I basically said, "look, we will seize the corporation itself — whether through involuntary bankruptcy or directly."

9. In response, Mr. Malevitis said — and I have tried to record this as close to verbatim as possible — "That's ridiculous. I'll have moved any money out of the accounts long before you're able to seize anything, and I'll just move it somewhere else."

10. That is, and I am absolutely certain no other meaning was possible, Mr. Malevitis said that if Plaintiff is ever able to access any of the assets he is shuffling between his various corporations, he intends to shift those assets to avoid ever having to pay this judgment.

11. Given the shocking nature of just how directly he was willing to say that, I make this Declaration to file to commemorate those facts with my immediate sense impression and memory of the statement.

12. I also note the following for posterity:

   a. During the call, Mr. Malevitis appeared unaware that Plaintiff had served a second Information Subpoena at all.

   b. Similarly, he seemed unaware until I mentioned it that the second Information Subpoena had a set of document requests attached to it.

13. Given that, I anticipate this declaration and the immediate, fresh memory it captures will also be necessary in a potential motion about the scope of Defendants' document response — since the set of documents requested are not something that could be reasonably gathered in a single day, but Defendants appear to have only learned that documents were even *at issue* today.

I declare, under penalty of perjury, that the statements above are true and correct.

Executed On: May 16, 2022

/s/
_____
J. Remy Green

3