MLA LAW OFFICES, LTD.
109 SYMONDS DRIVE
UNIT 156
HINSDALE, ILLINOIS 60522
312/933-1100
johnny@thepaladinlawyer.com

September 6, 2022

Honorable Magistrate Judge Lois Bloom
United States District Court
225 Cadman Plaza East
Courtroom 6G North
Brooklyn, New York 11201

Re: Rudler v. MLA Law Offices, Ltd., et. al.
Court No.: 19-cv-2170

Dear Judge Bloom:

**DEFENDANTS' LETTER RESPONSE TO PLAINTIFF'S LETTER MOTION FOR POST- JUDGMENT ATTORNEY'S FEES**

    I am responding on behalf of myself pro se, and on behalf of my law firm MLA to plaintiff's letter motion to Judge Komitee dated August 23, 2022. ECF No. [116]. Counsel for the plaintiff is doing exactly what Judge Komitee stressed that he would not engage in, i.e., have his busy court calendar burdened by a collection case in which the plaintiff repeatedly attempts collection agency tactics to get the Court involved in collection. In fact, when both attorneys appeared before Judge Komitee on July 20, 2022, the Court with no uncertainty indicated that his courtroom was not going to act as a collection agency to enforce a partially paid judgment.

    Since the plaintiff's attorney has opened the door for a response to the amount of money the defendants have paid in the letter motion before this Court, it is only fair for this Court to understand and be provided the entire picture and not little snippets the plaintiff's attorney wants to highlight. At the present, the defendants have paid the plaintiff's attorney the sum of $20,000.00 and when this payment was made recently on August 2, 2022, the plaintiff's attorney told defendants that she would accept $15,000.00 more in a lump sum for a total settlement of $35,000.00. When the defendants indicated that they did not have access to the lump amount of $35,000.00 at that time, the sum of $20,000.00 was tendered, received and accepted by the plaintiff's attorney. By way of a proposed stipulation between the parties, the defendant offered to make additional installment payments over time. However, this scenario did not occur because Judge Komitee indicated that he was not going to serve as the plaintiff's collection agency in this case. Since late June and early July of 2022, the plaintiff has again filed meaningless cut and paste collection pleadings in a further effort to trump up additional attorney's fees.

    On September 5, 2022, defendants' attorney called the plaintiff's attorney and offered the previously demanded amount of $15,000.00 in one lump sum on top of the $20,000.00 already paid to the plaintiff's attorney. Instead of recognizing the defendants' good faith settlement offer

1

and attempt to end this case by accepting the lump payment of $15,000.00, the plaintiff's attorney responded to defendants by stating that the $15,000.00 previous demand to settle was no longer on the table, and in order to settle the case the defendants would have to tender a one-time additional payment of $25,000.00. However, it should be noted that counsel for each side has continued discussions to settle this case up to the time of writing this response and as such, both sides will advise the Court accordingly.

All of the cases cited by the plaintiff's attorney in support of the claim that attorney's fees should be awarded for post-judgment work are clearly distinguishable. Specifically, for the proposition that this Court should grant attorney's fees for post judgment attorney work, the plaintiff' attorney cites **Diaz v. Paragon Motors of Woodside, Inc.,** No. CV-03-6466 (CPS) (RML), 2008 U.S. Dist. LEXIS 37440 at *25. (pg. 2 of plaintiff's letter motion). In **Diaz, supra,** the issue was not about granting attorney's fees for post-judgment attorney work but instead centered on a motion for summary judgment in a used car lemon law case. The Court in Diaz did not resolve the question of whether an attorney can be awarded for post-judgment attorney's fees when those fees were self-perpetuated and self-generated by the attorney, as is the case at bar.

Similarly, the plaintiff's reliance is misguided and misplaced in **Legend v. New York, Rest. Sch./Education Mgmt. Corp.**, 2005 U.S. Dist. LEXIS 12080, at *10 which has nothing to do with the Court granting fees for post-judgment attorney work as suggested by plaintiff's attorney. Another case cited by plaintiff's attorney is **Missouri v. Jenkins,** 491 U.S. 274, 283-84 (1989) again having nothing to do with an award of attorney's fees for post-judgment attorney work.

Likewise, **LeBlanc-Sternberg v. Fletcher,** 143 F.3d7 64 (2d Cir. 1998). is another case cited by the plaintiff's attorney with the same attempted misdirection of the issues before this Court. In **LeBlanc, supra,** the issue was whether the court erred in granting nominal attorney's fees to the plaintiff following a jury trial. The Court in **LeBlanc-Sternberg, supra,** did not however have occasion to hold that the attorney was entitled to post judgment attorney's fees as this plaintiff claims in the case at bar.

In **Farrar v. Hobby,** 506 U.S. at 114-15, the Court held that a plaintiff that has prevailed in a trial only has established his eligibility to attorney's fees, not an entitlement to an award of attorney's fees. In **Farrar, supra,** the plaintiffs had sought the award of millions of dollars in attorney's fees but only received the nominal amount of $1.00. The Court noted that in a civil rights suit for damages a fee will rarely be justified when a plaintiff fails to prove an essential element of his claim for monetary relief. **Id. at 115.** Despite the plaintiff's attorney's claim that attorney's fees are ad infinitum in a post-judgment collection case, this attorney has not cited one case for this lofty and wishful proposition.

Additionally, the plaintiff's attorney cites two more cases having nothing to do with the issues before this Court. Specifically, **In Re AOL Time Warner Shareholders Derivative Litigation,** 2009 U.S. Dist. LEXIS 124372, at *59, the case involved a derivative shareholders suit, and the Court did not have occasion to discuss an award of post-judgment attorney's fees that the plaintiff proclaims at bar. The Court did discuss the attorney's time records, however, and made recommended reductions for services that were "duplicative, avoidable, inadequately

documented, unnecessary or otherwise excessive in terms of staffing or time spent," just as in the present case before this Court.

Lastly, in **Lunsted v. JRV Holdings, LLC,** No. 14-cv-13981, 2017 U.S. Dist. LEXIS 112115, at *17 (E.D. Mich. July 19, 2017) another inapposite case cited by the plaintiff's attorney, the case involved an award of sanctions to the plaintiff after it was established that the defendant's attorney had knowingly and intentionally used trickery and deceit on the plaintiff to go around and circumvent a previous Court Order and dupe the plaintiff into an unfair result. Despite plaintiff's attorney's claim at bar, it has nothing to do with an award of sanctions because the payment of attorney's fees was delayed, but instead held that sanctions were appropriate where the defendant's attorney engaged in unethical conduct to fleece the plaintiff. There is absolutely no justification for another mega-increase award of attorney's fees when there is no authority to establish that the plaintiff's attorney is entitled to unlimited and ad infinitum post-judgment attorney's fees for collection in this case at the expense of the defendants.

Thank you for your courtesy and consideration, as it is much appreciated by the defendants and counsel herein.

Respectfully submitted,

s/ John L. Malevitis, Esq.

JLM/pg
cc: Parties of record via ECF